UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11456-RWZ

| | |
|---|---|
| GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION,<br><br>Plaintiff,<br>Judgment Creditor,<br><br>v.<br><br>CHI CHEN<br>A/K/A CHI CHEN HU,<br>A/K/A TRACY CHEN,<br><br>Defendant<br>Judgment Debtor. | MOTION TO SERVE SUMMONS PURSUANT TO FED. R. CIV. P. 4(f)(3) and<br>**REQUEST FOR ORAL ARGUMENT** |

**MOTION TO SERVE SUMMONS UPON DEFENDANT
PURSUANT TO FED. R. CIV. P. 4(f)(3)
AND REQUEST FOR ORAL ARGUMENT**

In this action, General Electric Mortgage Insurance Corporation ("GEMIC") seeks to satisfy a Massachusetts judgment against defendant Chi Chen a/k/a Chi Chen Hu a/k/a Tracy Chen ("Tracy Chen") arising from a Massachusetts lawsuit, civil action number 94-1901-L, Middlesex County Superior Court. Upon information and belief, Tracy Chen currently resides in Taipei, Taiwan and is employed by an entity known as Avxing, Inc. also located in Taipei, Taiwan.

GEMIC requests that the Court allow GEMIC to serve the summons and complaint upon Tracy Chen via international mail, pursuant to Fed. R. Civ. P. 4(f)(3). In support of its motion, GEMIC states as follows:

1. Taiwan is not a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters pursuant to 20 U.S.T. 1361, 658 U.N.T.S. 163 (1977). See Affidavit of George Georgountzos, Esq., attached hereto as Exhibit "A"; Service of Legal Documents Abroad, United States Department of State, Bureau of Consular Affairs, <http://www.travel.state.gov/service_general.html>, attached hereto as Exhibit "B."

2. According to Linda P. McFadyen, a person who identified herself as the Taiwan Desk Officer at the United States Department of State, service of a summons under the typical manner upon a resident of Taiwan will require no less than six months, and will likely require over one year. See Affidavit of George Georgountzos, Esq.

3. GEMIC must serve Tracy Chen within 120 days from the date of filing of the within action. See Fed. R. Civ. P. 4(m). This action was commenced on June 25, 2004.

4. If GEMIC were to serve Tracy Chen by the methodology suggested by the United States State Department, GEMIC would not be in noncompliance with the 120-day time period mandated by Fed. R. Civ. P. 4(m).

5. Tracy Chen is actually aware of the $202,783.17 monetary judgment entered against her on October 5, 2000 by the Middlesex County Superior Court of the Commonwealth of Massachusetts, C.A. No. MICV1994-01901, arising from various financial obligations arising from her ownership of certain real property in the Commonwealth of Massachusetts.

6. During the pendency of the Middlesex action, Tracy Chen filed for protection under Chapter 7 of the United States Bankruptcy Code. See U.S. Bank. Ct., D. Mass., No. 95-

43246-HJB (Worcester). Chen listed GEMIC as a creditor and had her attorney file a suggestion of bankruptcy in the Middlesex Superior Court action.

7. Based upon her actions in the Bankruptcy Court, Tracy Chen subjected herself to the jurisdiction of the United States Bankruptcy Court, a unit of the United States District Court for the District of Massachusetts.

8. Her discharge was denied in an adversary proceeding on GEMIC's summary judgment motion on the count under 11 U.S.C. 727(a)(5) (unexplained loss of assets), after notice, hearing, and argument in open court with counsel for GEMIC and Tracy Chen present.

9. Said judgment remains unsatisfied in whole or in part. Tracy Chen is indebted to GEMIC in the sum of $202,783.17 plus costs, interest and attorney fees.

10. GEMIC's proposal to serve the summons via mail constitutes a reasonable method of notifying Tracy Chen of this suit, especially where this is a suit on a judgment that she has acknowledged in a proceeding in a unit of this court. GEMIC will be prejudiced if it is forced to utilize the laborious method outlined by the United States Department of State. Moreover, allowance of GEMIC's motion does not offend public policy where Tracy Chen has availed herself to the jurisdiction of this Court when she sought bankruptcy protection.

11. In the alternative, if the Court is disinclined to allow the within motion, GEMIC requests that the Court extend the time to serve the Defendant through and including December 31, 2005.

## RELIEF SOUGHT

The Plaintiff, General Electric Mortgage Insurance Corporation requests the following relief:

1. That the Court allow GEMIC to perfect service upon Tracy Chen in Taipei, Taiwan via International Mail sent to her place of employment, Avxing, Inc.; or in the alternative,

2. That the Court extend the time available to service the summons upon Tracy Chen through and including December 31, 2005; and further

3. Any other relief the Court deems just and proper.

General Electric Mortgage Insurance Corporation,
Plaintiff,
Judgment Creditor,
By its attorney,

*/s/ Richard W. Gannett*

Richard W. Gannett, Esquire
BBO #184430
Gannett & Associates
165 Friend Street, Suite 200
Boston, MA 02114-2025
(617) 367-0606

Dated: July 20, 2004