UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11456-RWZ

|  |  |
|---|---|
| GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION, | ) ) ) ) |
| Plaintiff, Judgment Creditor, | ) ) ) |
| v. | ) ) |
| CHI CHEN A/K/A CHI CHEN HU, A/K/A TRACY CHEN, | ) ) ) ) |
| Defendant Judgment Debtor. | ) ) ) ) |

**MOTION TO SERVE A SUBPOENA *DUCES TECUM*
FOR DEPOSITION UPON CHING YEE M. TSUI
VIA INTERNATIONAL MAIL**

**Oral Argument Requested**

In this action, General Electric Mortgage Insurance Corporation ("GEMIC") seeks to satisfy a Massachusetts judgment against defendant Chi Chen a/k/a Chi Chen Hu a/k/a Tracy Chen ("Tracy Chen") arising from a Massachusetts lawsuit, civil action number 94-1901-L, Middlesex County Superior Court. GEMIC seeks to depose one Ching Yee M. Tsui  According to her attorney, Ching Yee M. Tsui resides in Hong Kong.  Her most recent verifiable residence was in Westford, Massachusetts for some five years. In support of its motion, GEMIC states as follows:

1.      In 2003, the Plaintiff judgment creditor herein, GEMIC, filed an action in the Middlesex County Superior Court ("the 2003 action") to enforce a judgment against Michael Hu.

2.    Michael Hu's first wife is Chi Chen, a/k/a Chi Chen Hu, a/k/a Tracy Chen, the defendant in this action.

3.    Ching Yee M. Tsui ("Tsui"), is Michael Hu's second wife.

4.    Amongst other remedies sought in the 2003 action (including trustee process and a reach and apply count), GEMIC sought a special real estate attachment pursuant to G.L. c. 223, sec. 67 (real estate standing in another person's name) for the property commonly known as 36 Russell's Way, Westford, Mass. ("the Westford property"). GEMIC contends that the real property titled in Tsui's name is in fact Michael Hu's real property, and upon information and belief, was funded by the sale of 10 Autumn Lane, in Chelmsford, owned by Michael Hu and Tracy Chen.[1]

5.    On February 4, 2003 GEMIC filed an ex parte motion seeking the attachment of the Westford property. Said motion was allowed and an attachment was recorded in Middlesex County Registry of Deeds in the amount of $210,000.00.

6.    Thereafter, GEMIC was contacted by an attorney, Eric L. Levine, who identified himself as representing Tsui.

7.    Tsui, through Eric L. Levine, filed a motion to dissolve the attachment supported by an affidavit of Tsui. By doing so, Tsui has submitted herself to the jurisdiction of the Massachusetts Superior Court.

8.    After a hearing before the Middlesex Superior Court with Richard W. Gannett representing GEMIC and Eric L. Levine representing Tsui, the Court suggested that because the Westford property was under agreement for sale to a third party for valuable consideration, that the

---

[1] There exist voluminous records, much of which is already in the public record, to support GEMIC's contentions which can be supplied if desired by the Court.

sale proceed to closing and that the proceeds of said sale be disbursed up to the attachment amount be placed in Citizens Bank.

9.    The Court ordered the sale of the Westford property to proceed, with the attached property transformed to cash. Although the hearing on the motion to dissolve was scheduled on July 24, 2003, the merits of the argument were never reached at the suggestion of the Court.

10.    On that date, the parties filed a stipulation whereby they agreed that "any depositions scheduled by the Plaintiff will be held in the Commonwealth of Massachusetts." See Stipulation attached hereto as Exhibit "A."

11.    An account was created to deposit the attached property. A true and correct copy of the account as of September 30, 2003 is attached hereto at Exhibit "B."

12.    Thereafter, GEMIC attempted to conduct discovery on the factual contentions contained in the Tsui affidavit because GEMIC is entitled to a trial on the motion to dissolve under the doctrine enunciated in Long v. George, 290 Mass. 316, 320 (1935) (where a third party has brought, but hasn't prosecuted, a motion to dissolve an attachment, the plaintiff possesses the right to a full hearing on the merits of the questions involved).

13.    In order to frustrate GEMIC's legitimate attempts to schedule discovery, Eric Levine argued that GEMIC failed to serve a subpoena on Tsui in Hong Kong. This latest contention is yet another unmeritorious delay tactic that has gone on for over ten years. GEMIC's contacts with Eric L. Levine to schedule Tsui's deposition when she lived in the United States remain unanswered.

14.    GEMIC has attempted to depose Tsui in the 2003 action. Tsui did not appear at a duly noticed deposition. See Transcript of Deposition dated September 23, 2003 attached hereto as Exhibit "C."

15.   Because Tsui did not appear, GEMIC has been hampered in its efforts to complete discovery where she has repeatedly claimed to have fled to Hong Kong and her counsel has refused all efforts to schedule her deposition.

16.   GEMIC seeks to inquire about Tsui's source of funds for her property. This subject matter is equally relevant in this matter where Hu and Tracy Chen are both judgment debtors.

17.   Deposing Tsui in this action will enable GEMIC to determine the location of funds to satisfy the judgment. Moreover, Tsui has relevant information to enable GEMIC to satisfy its judgment and the Court may consider the within request to be under Fed. R. Civ. P. 69.

18.   Even though Tsui contends that she resides in Hong Kong, she has submitted herself to the jurisdiction of the Massachusetts Superior court. Firstly, she appointed Eric L. Levine her attorney-in-fact by executing a Limited Power of Attorney for Real Estate. A copy of the Limited Power of Attorney is attached hereto as Exhibit "D." Said power of attorney granted her attorney-in-fact "full power and authority to say, do, act, transact, determine, accomplish, and finish all matters and things whatsoever, relating to the premises . . ." GEMIC contends that this includes accepting service of a deposition subpoena for inquiries into the source of funds used to purchase the subject property.

19.   Moreover, in open court and on the record, Attorney Levine stated that if GEMIC were to file "an amended complaint by which [GEMIC] brings [Tsui] in, [or if GEMIC were to file] a new complaint, [or file] any complaint, I'll accept service on behalf of my client." See Transcript of hearing of August 13, 2003 before Judge Saunders, at p. 13, attached hereto as Exhibit "E". In addition to this statement, Levine said on page 11, "I actually have power of attorney, separate from my role as counsel to her, I have power of attorney to act on her behalf on behalf of the real estate

-4-

that exists beyond my ability to practice in this state.  I still have it today, it hasn't been revoked."

Id.

20      While GEMIC acknowledges that a non-party typically is not required to present

herself for a deposition where the deponent is required to travel more than 100 miles, Fed. R. Civ.

P. 45(c)(3)(B)(iii) provides an exception that is relevant here.  That rule states:

> If a subpoena requires a person who is not a party or an officer of a party to incur
> substantial expense to travel more than 100 miles to attend trial, the court may, to
> protect a person subject to or affected by the subpoena, quash or modify the
> subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial
> need for the testimony or material that cannot be otherwise met without undue
> hardship and assures that the person to whom the subpoena is addressed will be
> reasonably compensated, the court may order appearance of production only upon
> specified conditions.

GEMIC believes that Tsui should come to Massachusetts on her own expense because she

was physically in Massachusetts when GEMIC first sought to depose her, and where she resisted

making herself available for deposition as she prepared to move abroad.  Had she made herself

available for deposition in the 2003 action, GEMIC and Tsui would be saved the resources now

likely necessary.

In the alternative, GEMIC contends that while its subpoena is not a trial subpoena, Tsui's

deposition subpoena merits the analogous application of Fed. R. Civ. P. 45(c)(3)(B)(iii) where the

information to be garnered from her deposition will be dispositive to much of the controversy.

21.     Where Tsui is aware of the underlying and affiliated litigation concerning this matter,

where the proceeds from the sale of the Westford property are being held in a joint account in the

Commonwealth, and has availed herself to the Massachusetts Superior court, this Court should

enforce her assent in the July 24, 2003 stipulation (attached hereto at Exhibit "A") that her deposition occur in Massachusetts notwithstanding her averment that she resides in Hong Kong.

## RELIEF SOUGHT

The Plaintiff, General Electric Mortgage Insurance Corporation requests the following relief:

1.  That the Court allow GEMIC to serve Ching Yee M. Tsui with a subpoena *duces tecum* for deposition in Hong Kong, China via International Mail sent to the address where she claims to reside and that this be considered in-hand service in full compliance with Fed. R. Civ. P. 45; and further

2.  That the Court enforce the July 24, 2003 stipulation whereby Ching Yee M. Tsui present herself for deposition in the Commonwealth of Massachusetts; and further

3.  That Ching Yee M. Tsui be compelled to produce any and all documents requested in any rider to the GEMIC subpoena to be served after allowance of the within motion; and further

4.  That Ching Yee M. Tsui's deposition be held no later than thirty (30) days of allowance of this order; and

5.    Any other relief the Court deems just and proper.

                                    General Electric Mortgage Insurance Corporation,
                                    Plaintiff,
                                    Judgment Creditor,
                                    By its attorney,


                                    _____
                                    Richard W. Gannett, Esquire
                                    BBO #184430
                                    Gannett & Associates
                                    165 Friend Street, Suite 200
                                    Boston, MA 02114-2025
                                    (617) 367-0606

Dated: August 6, 2004


## CERTIFICATE OF SERVICE

I, Richard W. Gannett, hereby certify that on August 6, 2004, I served a copy of the within Motion to Serve a Subpoena *Duces Tecum* for Deposition upon Ching Yee M. Tsui via International Mail upon the following individual, by U.S. Mail, postage prepaid:

Michael R. Levin, Esq.
1500 Providence Highway
Suite 37
Norwood, MA 02062


                                    _____
                                    Richard W. Gannett


-7-