UNITED STATES DISTRICT COURT
FOR THE DSITRCIT OF MASSACHUSETTS

Civil Action No.4-114456-RWZ

GENERAL ELECTRIC MORTGAGE
INSURANCE COMPANY,

Plaintiff,

V.
CHI CHEN
A/K/A/ CHI CHEN HU
A/K/A TRACY CHEN

## MOTION OF CHING-YEE M. TSUI (A NON PARTY) TO QUASH A SUBPOENA ISSUED BY GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION AND FOR SANCTIONS AND/OR COSTS IN CONNECTION WITH DEPOSITION OF CHING YEE M. TSUI

COMES NOW Ching-Yee Tsui, a non party to the above referenced action, and moves that this Honorable Court reconsider the motion to serve a subpoena duces tecum upon Ching Yee M. Tsui via international mail, and to quash the subpoena issued for the deposition of Ching Yee M. Tsui. With the Plaintiff's Motion to Serve the Subpoena Duces Tecum for Deposition Upon Ching Yee M. Tsui Via International mail, the Plaintiff has engaged in the type of forum shopping frowned upon by the court, and then had committed fraud upon the Court by failing in the motion to set out the complete procedural history of the case. This was clearly done to take advantage of the lack of the knowledge the federal court had concerning the previously filed state court action, which addressed the very same issues. By filing a new federal court action to deal with the exact same issues that had already been addressed before Judge Haggerty of the Massachusetts Superior Court sitting in Lowell, the Plaintiff clearly intended to mislead the federal court in an effort to obtain an unfair advantage.

Paragraphs 1 through 19 of the Plaintiffs motion is simply copied from prior motions filed by the Plaintiff in the state court case of General Electric Mortgage Company v. Hu. Middlesex County Superior Court No. 2003-00451. In the past several months, the Plaintiff has repeatedly argued at the Superior Court level that prior Counsel for Ching-Yee Tsui, a non-party, accepted service of a notice of deposition/ subpoena for her appearance in the United States for deposition. On each occasion the court has ruled against the Plaintiff on this issue. By failing to provide the federal court with the docket sheet for the superior court case, and by failing to explain tot the federal court that the issue sub judice had already be adjudicated by Judge Haggerty at the state Superior Court level, the Plaintiff has committed fraud upon the federal court.

In fact, beginning with paragraph 21 of the motion, the Plaintiff fails to explain that this exact issue was argued before Judge Haggerty in March 2004, see paper 22 on the Docket sheet for the case of General Electric Mortgage Company v. Hu. Middlesex County Superior Court No. 2003-00451, a copy of the docket is attached hereto as Exhibit A. In the motion heard by Judge Haggerty, the judge decided that counsel for Ching-Yee Tsui had not accepted service of process, and that based upon the facts of the case, a motion to dismiss the real estate attachment should be filed on behalf of Ching-Yee Tsui. The non-party, Ching-Yee Tsui, is presently preparing such a motion.

Had the federal court been aware that the issues before the federal court had already been decided by Judge Haggerty, it is doubtful that the motion sought by the Plaintiff would have been granted. The Plaintiff had an ethical responsibility to continue past paragraph 21 and explain the continued procedural history of the case. To intentionally file a motion with

an incomplete procedural history, excluding relevant and important information, is simply wrong and cannot be allowed.

Further, despite knowledge that counsel undersigned also represents Ching-Yee Tsui, and that I am in fact the lead counsel having filed the responsive pleadings in the state court action, and having argued the state court motions before Judge Haggerty, Plaintiffs counsel did not serve the motion to serve the subpoena upon me. He chose instead to serve the motion upon co-counsel Michael Levin. Clearly Plaintiffs counsel did not want me to know of the motion for fear that I would respond and expose the truth to the federal court. It was only recently that Attorney Levin informed me of the motion hence my delay in responding.

At this time, Ching-Yee Tsui, a non party, asks the court to stay the order improperly obtained by the Plaintiff form service upon Ching-Yee Tsui by international mail, and that a hearing be convened to reconsider the granting of the motion in the first instance.

Respectfully submitted this 31st day of August, 2004

        Ching Yee M. Tsui,
        By and through Counsel,

        _____
        Kenneth M. Levine, BBO# 296850
        Kenneth M. Levine & Associates
        370 Washington Street
        Brookline, Massachusetts 02445
        (617)-566-2700

        Michael R. Levin, BBO #296160
        1500 Providence Highway - Suite 37
        Norwood, Massachusetts 02062
        (781) 440-0785



# Trial Court Information Center

Home » County Inquiry » Civil Docket Search » Docket Details

## General Electric Mortgage Insurance Corporation v Hu

Details for Docket: MICV2003-00451

### Case Information

| | | | |
|---|---|---|---|
| Docket Number: | MICV2003-00451 | Caption: | General Electric Mortgage Insurance Corporation v Hu |
| Filing Date: | 01/31/2003 | Case Status: | Needs discovery |
| Status Date: | 07/24/2003 | Session: | Cv time-stan 2 (Lowell) |
| Lead Case: | NA | Case Type: | Complex |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| TRK: | F | Discovery: | 02/28/2004 |
| Service Date: | 05/01/2003 | Disposition: | 06/28/2004 |
| Rule 15: | 06/30/2003 | Rule 12/19/20: | 06/30/2003 |
| Final PTC: | 04/28/2004 | Rule 56: | 03/28/2004 |
| Answer Date: | 06/30/2003 | Jury Trial: | NO |

### Case Information

| | | | |
|---|---|---|---|
| Docket Number: | MICV2003-00451 | Caption: | General Electric Mortgage Insurance Corporation v Hu |
| Filing Date: | 01/31/2003 | Case Status: | Needs discovery |
| Status Date: | 07/24/2003 | Session: | Cv time-stan 2 (Lowell) |
| Lead Case: | NA | Case Type: | Reach & apply (214.003) |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| TRK: | F | Discovery: | 02/28/2004 |
| Service Date: | 05/01/2003 | Disposition: | 06/28/2004 |
| Rule 15: | 06/30/2003 | Rule 12/19/20: | 06/30/2003 |
| Final PTC: | 04/28/2004 | Rule 56: | 03/28/2004 |
| Answer Date: | 06/30/2003 | Jury Trial: | NO |

**Docket Details:**   **Parties**   **Attorneys**   **Docket Entries**   **Calendar Events**

**Print Docket**

Massachusetts Administrative Office of the Trial Court
© Copyright, 2000-2001
» Logout

Terms of Use
System data reflects current activity.

http://www.ma-trialcourts.org/tcic/fc/

Page 1 of 1



# Trial Court Information Center

Home » County Inquiry » Civil Docket Search » Docket Details » Docket Entries

## General Electric Mortgage Insurance Corporation v Hu

**34 Docket Entries for Docket: MICV2003-00451**   |   Click docket entry to view full text

| No. | Entry Date: | Paper No: | Docket Entry: |
|---|---|---|---|
| 1 | 01/31/2003 | 1 | Complaint & civil action cover sheet filed |
| 2 | 01/31/2003 |  | Origin 1, Type D02, Track F. |
| 3 | 01/31/2003 | 2 | Plff's Motion for Attachment on Trustee Process upon any goods, |
| 4 | 02/11/2003 |  | MOTION (P#2) Allowed as to Prayer VI of the Complaint, as to the |
| 5 | 02/11/2003 | 2 | SERVICE RETURNED: Cheng-Yih Hu(Defendant) I & u on 02/03/03. Filed |
| 6 | 02/14/2003 | 3 | General Electric Mortgage Insurance Corporation's Ex-Parte Motion for |
| 7 | 02/14/2003 |  | Motion (P#3) ALLOWED (Elizabeth Butler, Justice) Notices mailed |
| 8 | 02/25/2003 | 4 | SERVICE RETURNED (trustee summons): System Communications, Inc. Last |
| 9 | 02/25/2003 | 5 | SERVICE RETURNED (summons): System Communications, Inc, service made |
| 10 | 03/04/2003 | 6 | Plaintiff, General Electric Mortgage Insurance Corporation's Ex Parte |

**Scroll Results:**   « First   ‹ Previous   Next ›   Last »

| Docket Details: | Parties | Attorneys | Docket Entries | Calendar Events |
|---|---|---|---|---|
|  |  |  |  | Print Docket |

Massachusetts Administrative Office of the Trial Court
© Copyright, 2000-2001
» Logout

Terms of Use
System data reflects current activity.


# Trial Court Information Center

Home » County Inquiry » Civil Docket Search » Docket Details » Docket Entries

## General Electric Mortgage Insurance Corporation v Hu

**34 Docket Entries for Docket: MICV2003-00451** | Click docket entry to view full text

| No. | Entry Date: | Paper No: | Docket Entry: |
|---|---|---|---|
| 11 | 03/04/2003 | 7 | Affidavit of Richard W. Gannett in Support of Motion for Ex Parte |
| 12 | 03/04/2003 |   | Motion (P#6) ALLOWED, Ex parte attachment to issue in the amount of |
| 13 | 04/04/2003 | 8 | Request for default (55a) for failure to answer re: Cheng-Yih Hu |
| 14 | 04/04/2003 | 9 | Default (55a) as to defendant(s) Cheng-Yih Hu. Copies mailed April |
| 15 | 04/04/2003 | 10 | Request for default (55a) for failure to answer re: System |
| 16 | 04/04/2003 | 11 | Default (55a) as to reach and apply defendant, Systems Communications |
| 17 | 04/18/2003 | 12 | Plaintiff, General Electric Mortgage Insurance Corporation's Ex Parte |
| 18 | 04/18/2003 |   | Motion (P#12) ALLOWED. The expedited deposition of the listing broker |
| 19 | 07/22/2003 | 13 | Motion of Ching-Yee M. Tsui for Short Order of Notice pursuant to |
| 20 | 07/22/2003 |   | Notice sent to appear on July 24, 2003 for a hearing on Motion to |

**Scroll Results:**   « First    ‹ Previous    Next ›    Last »

| Docket Details: | Parties | Attorneys | Docket Entries | Calendar Events |
|---|---|---|---|---|
|  |  |  |  | Print Docket |

Massachusetts Administrative Office of the Trial Court
© Copyright, 2000-2001
» Logout

Terms of Use
System data reflects current activity.

 **Trial Court Information Center**

Home » County Inquiry » Civil Docket Search » Docket Details » Docket Entries

# General Electric Mortgage Insurance Corporation v Hu

**34 Docket Entries for Docket: MICV2003-00451**   |   Click docket entry to view full text

| No. | Entry Date: | Paper No: | Docket Entry: |
|---|---|---|---|
| 31 | 01/30/2004 | 22 | Plaintiff Judgment-Creditor, General Electric Mortgage Insurance |
| 32 | 03/08/2004 | | Notice sent: to all counsel to appear for Motion hearing Paper #22 on |
| 33 | 03/10/2004 | | Hearing on (P#Paper #22) held, matter taken under advisement. (Jane |
| 34 | 03/11/2004 | | MOTION (P#22). After hearing, the Motion is DENIED. If ethically |

**Scroll Results:**     « First     ‹ Previous    Next ›    Last »

| Docket Details: | Parties | Attorneys | Docket Entries | Calendar Events |
|---|---|---|---|---|
| | | | | Print Docket |

Massachusetts Administrative Office of the Trial Court
© Copyright, 2000-2001
» Logout

Terms of Use
System data reflects current activity.

B

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    C.A. NO. 03-451-L2

GENERAL ELECTRIC MORTGAGE
INSURANCE COMPANY,

Plaintiff,

V.

CHENG-YIIH HU, Individually,

Defendant,

And

SYSTEM COMMUNICATIONS, INC.
Reach and Apply

Defendant,

### OBJECTION OF CHING-YEE M. TSUI (A NON PARTY) TO GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION'S MOTION TO COMPEL DEPOSITION TESTIMONY AND FOR SANCTIONS AND/OR COSTS IN CONNECTION WITH DEPOSITION OF CHING YEE M. TSUI

Now comes Ching Yee M. Tsui and objects to the Motion of General Electric to Compel Deposition Testimony and for Sanction and/or costs.

The case sub judice concerns a default judgment obtained by the Plaintiff against the defendant Chen-Yiih Hu, individually. Following the receipt of the default judgment, the Plaintiff has made every effort to reach the funds of the defendant's wife. Ching Yee M. Tsui a non-party to this action. Some time ago, the Plaintiff learned that Ching Yee M. Tsui, the non party was selling a piece of property owned by her alone, and not in then name of, or involved with, her husband. The defendant applied for an ex parte attachment, without notice to Ching Yee M. Tsui, to hold the proceeds of the sale to satisfy the judgment

1

against the husband defendant Cheng-Yiih Hu. The plaintiff was able to obtain the attachment despite the wife, Ching Yee M. Tsui not being a party to the case, and without a showing that the funds had any relationship with or genesis from the husband defendant.

Following the receipt of the attachment, Ching Yee M. Tsui's prior Counsel agreed to place the funds of the sale in escrow, pending a determination of the wife's involvement in the matter. That agreement was entered into July 24, 2003.

After the entry of the agreement, Ching Yee M. Tsui returned to live in China. Ching Yee M. Tsui no longer lives with the defendant, nor has any meaningful contact with him.

On September 11, 2004 plaintiff's counsel wrote to Michael Levin, who along with Kenneth M. Levine, became counsel for Ching Yee M. Tsui following the withdrawal of prior counsel, Eric Levine, asking that Ching Yee M. Tsui be produced for deposition. Attorney Levin and Attorney Levine both wrote to plaintiff's counsel explaining that Ching Yee M. Tsui was not a party to the action, and therefore had to be served with a subpoena to compel her attendance. Plaintiff's counsel had sent a notice of deposition that was not effective for a non-party deponent.

In reply, plaintiff's counsel stated that prior counsel had offered to produce his client Ching Yee M. Tsui for deposition. Prior counsel Attorney Levine denies making such an offer, nor is there any reason that he would. Further, plaintiff's counsel cannot produce any evidence of such an agreement.

2

As part of the July 24th agreement, Ching Yee M. Tsui's counsel did agree to provide to plaintiff's counsel a current address. On September 16th, 2003, Attorney Levin did supply plaintiff's counsel with a current address in China.

Subsequently, despite being told that Ching Yee M. Tsui would not appear for deposition without the service of a proper subpoena, the plaintiff sent a deposition notice to Ching Yee M. Tsui's counsel for September 23, 2003. Again, despite being aware that Ching Yee M. Tsui would not appear without the service of a proper subpoena, plaintiff's counsel went ahead and convened a deposition in order to create a transcript. In his motion, plaintiff's counsel states that he "confirmed" the September 23rd deposition with Attorney Kenneth Levine's secretary, and that Attorney Levine's secretary confirmed that Ching Yee M. Tsui would appear. In fact, that is untrue. The plaintiff's counsel merely called Attorney Kenneth Levine's office and found someone unfamiliar with the present case and asked if Ching Yee M. Tsui would be present for the deposition. The secretary, assuming that plaintiff's counsel was truthful and honest simply said yes, not understanding the issues involved. Plaintiff's counsel was dishonestly attempting to circumvent the clear statement of Ching Yee M. Tsui's counsel that she would not appear without a subpoena. Following the date of the telephone call to "confirm" the deposition, and the "confirmatory" letter, Attorney Levine's' office called plaintiff's counsel to inform him that consistent with the prior position, Cheng-Yogh Hu would not appear for the deposition without being served with a proper subpoena.

Recently, the plaintiff filed a motion requesting that a special process server be appointed to serve Ching Yee M. Tsui with a subpoena in China. Counsel for Ching Yee M. Tsui did not oppose the motion. To date, there has not been effective service of a subpoena upon Ching Yee M. Tsui in China.

Now, without proof of effective service upon Ching Yee M. Tsui, the plaintiff is asking that $15,000.00 be taken from the escrow account to fund a trip to China to depose Ching Yee M. Tsui, and that all of the escrow funds be turned over to his client.

Despite the passage of time, the plaintiff has yet established to the court any basis for the attachment of the funds. The plaintiff has been, and remains unable to show that the escrow funds have any relationship to the defaulted defendant. There has been no allegation of a fraudulent conveyance, nor has the plaintiff moved to reach and apply the funds. Further the plaintiff has not moved for trustee process concerning the property.

Presently, there is real question whether the court has jurisdiction over the property or the funds.

In his pleadings, the plaintiff's counsel continually attached information from the Board of Bar Overseers concerning Ching Yee M. Tsui's prior counsel, Eric Levine. Seemingly, the plaintiff is asking the court to punish or prejudice Ching Yee M. Tsui because of the actions of her prior attorney in an unrelated case. It should certainly be a concern in the present matter that the plaintiffs counsel, not Ching Yee M. Tsui's prior counsel, has acted improperly. Plaintiff's counsel has ignored the rules of civil procedure, made clandestine telephone calls to uninformed secretary's to "confirm" a deposition that he knew would not go forward, and generally made every effort to pad his pleadings with irrelevant and questionable "confirming" letters in an effort to give the court an unfair and incorrect impression of the events.

The position of Ching Yee M. Tsui is very clear. She is not a party to the action and therefore will not appear for deposition without the service of a

4

proper subpoena. Despite being provided the address of Ching Yee M. Tsui, the plaintiff has yet to produce evidence of service of the subpoena in China. Further, the plaintiff has yet to make any good faith showing as to why the personal funds of Ching Yee M. Tsui should be held in escrow to pay a judgment against her husband, the actual defendant.

Without a basis to believe that the funds being held in escrow have some connection to the defendant, it would be wrong to allow the plaintiff to waste Ching Yee M. Tsui's money being held in escrow to pay for the plaintiff's fishing expedition.

The court should deny the plaintiff's motion to expend the funds, and should schedule this matter for a hearing on whether or not the escrow should be dissolved and the money being held returned to Ching Yee M. Tsui.

The plaintiff has pursued an action without any requirement of proof for far too long depriving Ching Yee M. Tsui of funds that are rightfully hers. The plaintiff's continued effort to mislead the court, along with his refusal to follow the simple rules of civil procedure should be an indication to the court, that there is no basis for the funds to be held in escrow. In fact, the plaintiff has failed to observe Rule 9(c) which requires that the parties discuss discovery issues such as these prior to the filing of a motion in an effort to resolve the issues. It is required by the Rules of the Superior Court that the plaintiff submit a Rule 9(c) certification along with the filing a motion. As the plaintiffs' counsel has never contacted counsel for Ching Yee M. Tsui, in an effort to come to an agreement concerning this deposition, he cannot in good faith submit a Rule 9(c) certification. This is just one more example of the failure of the plaintiff's counsel to act in accordance with the rules of civil procedure and the rules of the superior court.

Therefore, Ching Yee M. Tsui, a non-party in interest, requests that this honorable court deny the plaintiffs motion, and set a date for a hearing to dissolve the escrow.

Respectfully submitted this _14th_ day of January, 2004

Ching Yee M. Tsui,
By and through Counsel,

_____
Kenneth M. Levine, BBO# 296850
Kenneth M. Levine & Associates
370 Washington Street
Brookline, Massachusetts 02445
(617)-566-2700

Michael R. Levin, BBO #296160
1500 Providence Highway - Suite 37
Norwood, Massachusetst 02062
(781) 440-0785

Certificate of Service

I, Kenneth M. Levine do state that on this 14th day of January, 2004 I did send the above document to counsel for the Plaintiff via fax and first class mail.

_____
Kenneth M. Levine

6

C

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

Civil Docket **MICV2003-00451**

RE: General Electric Mortgage Insurance Corporation v Hu

TO: Kenneth M. Levine
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA 02445



RECEIVED
MAR 15 2004

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **03/11/2004**:

*RE: Plaintiff Judgment-Creditor, General Electric Mortgage Insurance Corporation's Motion to Compel Deposition Testimony of Ching Yee M. Tsui, for Sanctions and/or for Costs in Connection with Deposition of Ching Yee M. Tsui; Rule 9A Affidavit WITH OPPOSITION by (Non-Party) Ching Yee M. Tsui; Memorandum in Support of Reply Concerning Opposition*

is as follows:

**MOTION (P#22).** After hearing, the Motion is DENIED. If ethically appropriate, Counsel for Yee M. Tsui shall file a Motion to Dissolve the Attachment in compliance with Superior Court Rule 9A and the matter shall be scheduled for a hearing in June 2004. (S.Jane Haggerty,Justice). Notices mailed March 12, 2004.

Dated at Lowell, Massachusetts this 12th day of March, 2004.

Edward J. Sullivan,
Clerk of the Courts

BY:

Martha Fulham
Assistant Clerk

Telephone: 978-453-0201 EXT 231

Copies mailed 03/12/2004

cvdresult_2.wpd 2529366 mottext erricoc

*(handwritten margin note, left side:)* 3/11/04 After hearing the Motion is DENIED. It is initially appropriate [illegible] Counsel for Yee M. Tsui shall file a Motion to dissolve the attachment in compliance with Superior Court Rule 9A and the matter shall be scheduled for a hearing in June 2004. /s/ Jane [Haggerty?]

*(handwritten at top center:)* 22

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                    MIDDLESEX COUNTY SUPERIOR COURT
                                  CIVIL ACTION NO. 03-451-L2

```
GENERAL ELECTRIC MORTGAGE        )
INSURANCE CORPORATION,           )
                                 )
            Plaintiff,           )
                                 )
     v.                          )
                                 )
CHENG-YIH HU,                    )
     Individually,               )
                                 )
            Defendant,           )
                                 )
     and                         )
                                 )
SYSTEM COMMUNICATIONS, INC.,     )
                                 )
            Reach and Apply      )
            Defendant.           )
                                 )
```

*(stamp:)* FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX — JAN 30 2004

**PLAINTIFF JUDGMENT-CREDITOR, GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION'S MOTION TO COMPEL DEPOSITION TESTIMONY OF CHING YEE M. TSUI, FOR SANCTIONS AND/OR FOR COSTS IN CONNECTION WITH <u>DEPOSITION OF CHING YEE M. TSUI</u>**

<u>**HEARING REQUESTED UNDER
SUPERIOR COURT RULE 9A(C)(2) AND 9A(C)(3)**</u>

Plaintiff Judgment-Creditor, General Electric Mortgage Insurance Corporation,

("GEMIC"), hereby files the within motion under Superior Court Rule 9A, as amended, to

compel the deposition of Ching Yee M. Tsui, a non-party, whom her attorneys allege resides in

1

Case 1:04-cv-11456-RWZ   Document 7   Filed 08/31/2004   Page 18 of 20

### KENNETH M. LEVINE & ASSOCIATES

ATTORNEYS AT LAW
370 WASHINGTON STREET
BROOKLINE, MASSACHUSETTS 02445
(617) 566-2700
Fax (617) 566-6144

March 18, 2004

Richard W. Gannett, Esq.
Gannett & Associates
11 Beacon Street
Boston, Massachusetts

    Re : General Electric  v. Cheng-Yiih Hu

Dear Attorney Gannett,

    I am in receipt of your March 17th letter. Your letter is incorrect and improperly states my position before Judge Haggerty. Frankly, your letter is dishonest and a complete fabrication. Your Match 18th letter, following your veiled attempt at improper ex-parte communication with Judge Haggerty, makes it clear that you will not follow accepted rules of conduct, nor will you be faithful to truth.

    To be completely clear, and avoid any further issues, in front of Judge Haggerty I informed you that I would not accept service of process on behalf of my client. I stated that if a hearing was scheduled to dissolve the attachment, and if I intended to have my client testify at the hearing, I would then, and only then produce her for a deposition a day or so before the hearing. If I decide to go forward and move to dissolve the attachment without my clients live testimony at the hearing, I would not then produce her for deposition.

    I have never agreed to accept service on behalf of my client and do not expect I will ever do so in the future. If you want to depose my client in China, you must first serve her with process properly, and them travel to China at your own expense.

    Pursuant to the Order of Judge Haggerty, I do intend to move to dissolve the attachment. I have not yet decided if I will have my client appear at the hearing. If I do decide to have my client testify at the hearing, I will inform you and we can arrange to have her deposition taken prior to the hearing. If she does not travel to Massachusetts for the hearing, she will not be produced for her deposition and in order to depose her you will have to effectuate service upon her personally and depose her in China at your expense.

KENNETH M. LEVINE & ASSOCIATES

Attorney Gannett
Page two
March 18, 2004


      My position should now be clear. Any further attempt by you to dishonestly and incorrectly state facts or information will be answered immediately, in writing.

                                             Very truly yours,

                                             Kenneth M. Levine

KML/aaa
Via fax and mail