UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11456-RWZ

| | |
|---|---|
| GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION,<br><br>  Plaintiff,<br>  Judgment Creditor,<br><br>v.<br><br>CHI CHEN<br>A/K/A CHI CHEN HU,<br>A/K/A TRACY CHEN,<br><br>  Defendant<br>  Judgment Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION TO "MOTION OF CHING YEE M. TSUI (A NON PARTY) TO QUASH A SUBPOENA ISSUED BY GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION AND FOR COSTS IN CONNECTION WITH DEPOSITION OF CHING YEE M. TSUI" DATED AUGUST 31, 2004**

**Oral Argument Requested**

General Electric Mortgage Insurance Corporation ("GEMIC") opposes a motion of Ching Yee M. Tsui ("Tsui") to quash a subpoena duces tecum allowed by this Court on August 17, 2004 and served upon her on August 20, 2004. GEMIC drafted a letter to the Clerk of Court dated September 1, 2004 indicating that Tsui has failed to follow Local Rule 7.1(A)(2) that require consultations prior to the filing of any motion. A copy of the letter is attached hereto as Exhibit "A." In response to the September 1, 2004 letter, Tsui on September 7, 2004 filed an unsigned document claiming that such a conference was held. Contrary to the statements in the certificate, no such conference was held concerning the August 31, 2004 motion despite the unsigned 7.1(A)(2)

certificate. Logic, alone, would suggest that the time suggested by Tsui in the September 7, 2004 certificate would be impossible inasmuch as the Federal lawsuit was not even filed when the certificate claims the conference was held. GEMIC suggests the certificate was filed solely because of the inquiry to the Clerk by GEMIC. In typical motion practice the 7.1(A)(2) certificate is filed at the same time of the substantive motion, not one week later and certainly not on the heels of a letter to the Clerk. In addition, the certificate does not recite the time or place of the conference because when the supposed conference was held, this suit had not yet been filed. There was no conference at the Superior Court as the certificate implies; the attorneys did not speak to one another before or after the oral argument at the Courthouse. For this reason alone, this Court should deny Tsui's motion. Notwithstanding the lack of the required conference or the filing of a valid certificate that such a conference was held, nothing in Tsui's motion warrants reconsideration of the Court's allowance of the motion for leave to serve to serve Ching Yee M. Tsui with a deposition subpoena in Hong Kong, China, even if a timely opposition was held. As noted above, GEMIC has requested oral argument.

Tsui is essentially filing a motion to reconsider this Court's ruling of August 17, 2004 allowing GEMIC's motion dated August 6, 2004. In fact, Tsui states as much on page 3 of her three-page motion. More importantly, Tsui seeks reconsideration of an allowed motion of this Court without having filed an opposition to the motion in question and without an explanation as to why her principal attorney, Michael R. Levin, ("Levin") filed no opposition. As noted in its 7.1(A)(2) certificate, GEMIC attempted to conference the substance of the motion with Tsui's attorney, Levin. Levin refused to discuss the anticipated motion with GEMIC nor any of the surrounding circumstances that could have avoided the current motion practice. Levin filed no opposition,

although it is undisputed he was served with the motion and is the principal Tsui attorney. Levin is the co-signatory of the attached monies deposited in a Citizens bank account and was thoroughly informed of the entire eleven-year history of the litigation during an in-person conference at the Citizens Bank office located at 73 Tremont Street Boston, MA 02108 on the day in 2003 that the account was opened, the signature cards executed, and the associated forms prepared. During this lengthy conference, Levin was informed by GEMIC that six figure attorneys fees were incurred to date concerning the related Chi Chen/Cheng Yih Hu litigation. Levin was also informed that a state court attorney for Chi Chen was administered his *Miranda* warnings by Associate Justice Charles M. Grabau of the Middlesex County Superior Court during the Superior Court trial against Chi Chen's straw, Gloria M. Shiao, due in part to the fact that said state court attorney drafted, notarized and recorded a deed from Chi Chen and her husband to Gloria Shiao containing a stated monetary consideration that he knew was never paid and was knowingly false. Said attorney admitted the falsity on the witness stand during his sworn testimony. During this lengthy conference at Citizens Bank, Levin indicated he was taking the file over from Eric L. Levine who was suspended from the practice of law and he, Levin, was successor counsel.

By way of background, GEMIC has for some eleven years attempted to resolve this matter with Chi Chen, the defendant in this action. Chi Chen has utilized numerous unmeritorious tactics and methodologies to block the legitimate efforts to satisfy the business debt and judgment entered against her:

1. She placed her money in the name of straws in Massachusetts;

2. She placed her money in different straw names in a New Hampshire bank during the time she was a defendant in a Massachusetts action to thwart GEMIC's attachment;

3. Chi Chen recruited a willing confederate, Gloria Shiao, to be the straw seller of her Chelmsford, MA house;

4. Chi Chen told the listing broker of said house that it was in fact hers;

5. When Gloria Shiao "sold" the house to a *bona fide* purchaser for value, Chi Chen insisted on being at the closing table despite the fact she had already "sold" her house to her confederate Gloria Shiao months before. Chi Chen then pressed for the proceeds to be deposited into an account controlled by a Massachusetts attorney, Domenic S. Terranova, who had a long standing attorney-client relationship with Chi Chen and her husband Cheng Yih Hu. Said funds were in fact deposited. Thereafter, Terranova delivered the proceeds to Chi Chen, even though the funds represented the proceeds of Gloria Shiao's real property.

When Chi Chen filed for bankruptcy in the United States Bankruptcy Court for the District of Massachusetts and was confronted by the Trustee and her creditors, she was unable to explain what became of the sale proceeds. Her attempt to garner a bankruptcy discharge was denied on summary judgment for unexplained loss of assets. Chi Chen was represented at the summary judgment hearing by an experienced bankruptcy attorney. GEMIC contends the attached money deposited in Citizens Bank (for which Levin and Gannett are the signatories) is the source of money Chi Chen hid from the Federal Bankruptcy Trustee and secreted from Federal Bankruptcy Estate. Ms. Tsui's repeated evasive tactics and obstinate behavior to arrange for deposition to explain her affidavit dated in this Federal proceeding is highly suspect. If Tsui could truly claim the attached money to be rightfully hers, she would not avoid deposition as assiduously as she does now. Tsui's current motion to reconsider is nothing more than another unmeritorious delay tactic by Tsui and her husband Cheng Yih Hu to avoid resolution and payment of a long standing judgment.

While Tsui's claims in her motion to reconsider are bellicose, they should be taken with a grain of salt. In March 2004, GEMIC offered in writing to Tsui that it would travel to Hong Kong, China at is own expense if it could be assured that Tsui would appear without a further fanfare. In furtherance of this, GEMIC delivered a letter to Tsui extending this attractive offer. The expected return signature evidencing the agreement was not returned in the mail indicating that even when GEMIC offered to travel to China at its own expense, Tsui and her attorneys refused. this practical solution. *See* GEMIC letter of March 17, 2004 to Tsui's counsel attached hereto as Exhibit "B." Tsui's counsel acknowledged receipt of the March 17, 2004 and insisted that GEMIC serve Tsui with a subpoena in China, which GEMIC has done in this action in conjunction with its claims against Chi Chen.

More importantly, Kenneth M. Levine insisted in a letter dated March 18, 2004 and appended to Tsui's August 31, 2004 motion that he would never make Tsui available and demanded that she be "served with a subpoena" in response to this Levine letter. GEMIC did exactly what Tsui vociferously demanded. A federal court is empowered to issue a subpoena to a witness residing in a foreign country. 28 U.S.C. § 1783. GEMIC's motion of August 6, 2004 merely utilized 28 U.S.C. § 1783 at the request of the witness in question. GEMIC knows of no such analog applicable to Massachusetts state court practice. In conjunction with its postjudgment claims against Chi Chen (and the likelihood of a Fed R. Civ. P. 69 examination of Axving, Inc., Ms. Chen's employer) GEMIC sought to utilize 28 U.S.C. § 1783, especially when Tsui through Eric L. Levine, her attorney-in-fact, stipulated and agreed that all depositions would take place in the Commonwealth of Massachusetts. The mere fact that the Middlesex County Superior Court may have denied use of the attached money for travel expenses to conduct Tsui's deposition in Hong Kong in no way

hampers or restricts this Court from adjudicating utilization of a federal statute, especially when the state court substantive law imposes the burden of proof on Tsui as enunciated in *Long v. George* 290 Mass. 316, 320 (1935). If Tsui were truly interested in resolving the matter, she would have agreed to be deposed in Hong Kong in March 2004 and Tsui would have assented to this extremely practical and natural solution to this discovery issue without intervention by any judge.

Contrary to Tsui's attempts to hide and conceal her position, GEMIC has made numerous efforts to schedule Tsui's deposition. During the state court proceeding in the 2003 suit against Cheng Yih Hu, GEMIC asked a constable to serve Tsui. Once Cheng Yih Hu was notified of the pendency of the lawsuit (after her husband was served with process at the same address), Tsui fled to parts unknown. When GEMIC served her attorney-in-fact with a subpoena, Tsui failed to appear. It was logical to do this because Tsui gave the attorney-in-fact power to sell her Westford property as pointed out in the August 6, 2004 motion that was unopposed by Tsui. In the Superior Court, GEMIC merely asked the Superior Court to modify the attached money for the purposes of utilizing a portion of said monies to conduct Tsui's deposition in Hong Kong, China in an effort to conclude the case and avoid another ten years of litigation.

Levin, on behalf of Tsui, argued the opposition against modification of the attached money during the Lowell, MA hearing on March 10, 2004. Even though GEMIC's request to modify the attachment to use the attached funds to travel to Hong Kong was ultimately denied by the Superior Court, the Court, nevertheless ordered Tsui to file a motion to dissolve the attachment "if ethically appropriate" with a hearing to be held in June 2004. Naturally, this order meant Tsui would have had to draft and deliver her motion by May 2004 to give GEMIC the time to respond and for the Court to set a hearing date. No such motion has ever been filed by Tsui and the Court never set a

hearing in light of the absence of the ordered motion. This Court may conclude it was not "ethically appropriate" for Tsui to file such a motion because she knows the attached money belongs to her husband Cheng Yih Hu. Nothing argued in the Superior Court would preclude GEMIC from using any other post-judgment remedies available to it. In this action, GEMIC is merely attempting to conduct discovery of Tsui to satisfy its judgment, a perfectly proper endeavor.

In the instant lawsuit, GEMIC made yet another effort to schedule Ms. Tsui's deposition: GEMIC initiated contact with her attorney, Michael R. Levin, by telephone at his Norwood, MA office. Initially, GEMIC left a message on Levin's answering machine. Levin is Tsui's principal attorney based upon information he asserted and a co-signatory with Richard W. Gannett on attached money at Citizens Bank of Massachusetts. Levin did not return the telephone call from GEMIC to discuss the deposition. Levin had an obligation to discuss the matter under Local Rule 7.1(A)(2) to avoid further motion practice. Hearing no response from Levin, GEMIC telephoned Levin a second time. On this occasion Levin answered the telephone himself. GEMIC disclosed to Levin the reasons for the telephone call, the fact that GEMIC filed the within action, the docket number, and then inquired into the status of the motion to dissolve that was to be filed by June 2004 according to a ruling of the Middlesex County Superior Court, so long as it was "ethically permissible" according to the order. GEMIC also advised Levin 28 U.S.C. § 1783 would be used to seek Tsui's deposition to the United States. After being informed of the anticipated motion practice, Levin did not indicate that Tsui would file a motion to dissolve in the near future. The Levin telephone conference under Local Rule 7.1(A)(2) included a discussion that a motion for leave to serve Tsui would be filed imminently if an agreement on the particulars of Tsui's deposition could not be reached. Levin gave GEMIC every indication that he would call back by July 2, 2004. He said: "Can

you give me 'til Friday [July 2, 2004]?" GEMIC complied and waited an additional four weeks in the hopes that no further court activity would be required to coordinate a simple deposition. Levin never called back; no attorney called back. Having heard no response to its legitimate discovery inquiries, GEMIC filed the motion and the Local Rule Rule 7.1(A)(2) certificate and served Levin. Levin never filed an opposition, never called GEMIC for more time to respond, never filed a motion to enlarge the time for a response with the United State District Court. On August 17, 2004, this Court allowed the motion citing the stipulation filed by Eric L. Levine, a former attorney of Tsui, who has been suspended from the practice of law by the Massachusetts Supreme Judicial Court. Levine insisted that even though he was suspended his attorney in fact status, as granted by his written power of attorney, authorized him to act for Tsui in the Commonwealth of Massachusetts. GEMIC contends that Levine's attorney in fact status when he closed the loan for Tsui allowed this Court to conclude and rule that mailing the subpoena duces tecum to Tsui's address in Hong Kong, China would not offend any notion of fair play, especially when she ran a business, System Communications, Inc., organized under the laws of the Commonwealth of Massachusetts in Westford, MA with her husband, the judgment debtor Cheng Yi Hu.

For these reasons and those offered at the time of oral argument GEMIC asks this Court to deny any relief sought in Tsui's motion of August 31, 2004 including sanctions, costs and the quashing of the subpoena.

### RELIEF SOUGHT

The Plaintiff, General Electric Mortgage Insurance Corporation requests the following relief:

1. That the Court deny the motion of Ching Yee M. Tsui to quash the subpoena *duces tecum,* previously served and noticed for deposition on September 22, 2004 in Boston, MA;

2. That the Court deny any requests for costs and sanctions; and further

3. That Ching Yee M. Tsui is compelled to produce any and all documents requested in any rider to the GEMIC served subpoena; and further

4. That Ching Yee M. Tsui's deposition be conducted on September 22, 2004 in Boston, MA; and

5. Any other relief the Court deems just and proper.

General Electric Mortgage Insurance Corporation,
Plaintiff,
Judgment Creditor,
By its attorney,

_____
Richard W. Gannett, Esquire
BBO #184430
Gannett & Associates
165 Friend Street, Suite 200
Boston, MA 02114-2025
(617) 367-0606

Dated: September 7, 2004

## CERTIFICATE OF SERVICE

I, Richard W. Gannett, hereby certify that on September 7, 2004, I served a copy of the within Opposition of General Electric Mortgage Insurance Corporation to Motion of Ching Yee M. Tsui to Quash a Subpoena Issued by General Electric Mortgage Insurance Corporation and for Costs in Connection with Deposition of Ching Yee M. Tsui dated August 31, 2004, by U.S. Mail, postage prepaid upon the following person:

Kenneth M. Levine, Esq.
370 Washington Street
Brookline, MA 02445

_____
Richard W. Gannett

# Appendix "A"

GANNETT & ASSOCIATES
ATTORNEYS AT LAW
165 FRIEND STREET, SUITE 200
BOSTON, MA 02114-2025

(617) 367-0606
FAX (617) 367-2121



September 1, 2004

Clerk Tony Anastas
United States District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

    Re:    General Electric Mortgage Insurance Corporation v. Chi Chen
            United States District Court for the District of Massachusetts
            <u>Civil Action No. 04-11456-RWZ</u>

Dear Mr. Anastas:

    I have received a pleading from Ms. Tsui's attorney entitled "Motion of Ching Yee M. Tsui (a non-party) to quash a subpoena issued by General Electric Mortgage Insurance Corproation and for Sanctions and/or costs in connection with deposition of Ching Yee M. Tsui."

    Please advise if you have been served with a certificate under Local Rule 7.1(A)(2) of the United States District Court filed on behalf of Ms. Tsui. I have not received such a certificate. For your information, I received no telephone call from any attorney on behalf of Ms. Tsui prior to the filing of the motion noted above dated August 31, 2004. My client requests that the motion be returned undocketed, or denied for failure to conduct the required conference under Local Rule 7.1(A)(2) prior to filing the motion at hand.

                                            Very truly yours,

                                            Richard W. Gannett

c: Kenneth M Levine, Esquire

# Appendix "B"

**GANNETT & ASSOCIATES**
ATTORNEYS AT LAW
ELEVEN BEACON STREET
BOSTON, MA 02108-3011

(617) 367-0606
FAX (617) 367-2121

March 17, 2004

Kenneth M. Levine, Esquire
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA 02445

      Re:    General Electric Mortgage Ins. Corp. v. Cheng-Yih Hu, Defendant, and System Communications, Inc., Reach and Apply Defendant
<u>Middlesex County Superior Court C.A. #03-451-L2</u>

Dear Mr. Levine:

    At the March 10, 2004 hearing, before Judge Haggerty, at the Middlesex County Superior Court in Lowell, you stated that if the funds held at Citizens Bank are deemed held by attachment then you would produce Ching Yee M. Tsui for deposition prior to a hearing on the merits of any motion to dissolve that attachment. You represented to the court that you did not know when and if she might be arriving for such a hearing and therefore did not know when you would be able to produce her.

    Without waiving any rights under the stipulation and order dated July 24, 2003, which states that any deposition of Ms. Tsui will take place within the Commonwealth of Massachusetts and/or any other remedies available to my client, we propose the following in the interest of pursuing a resolution to this matter: I am willing to conduct her deposition in Hong Kong, China, where Attorney Levin states that she now lives according to correspondence dated August 19, 2003 (if you have any information that this is not her current residence please provide it to me consistent with prior orders of the Superior Court). This may relieve Ms. Tsui of the burden of traveling to the Commonwealth of Massachusetts. Therefore, in accordance with your statements made in court to produce Ms. Tsui prior to a hearing, I would ask that you make Ms. Tsui available to be deposed at a convenient place and time, near her place of residence in Hong Kong. I agree to serve a subpoena upon the address disclosed by Attorney Levin.

    If you agree, please sign in the space provided below and return.

Very truly yours,

Richard W. Gannett

_____
Kenneth M. Levine, Esq.