UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 FEB 10  P 1:41
U.S. DISTRICT COURT
DISTRICT OF MASS

GENERAL ELECTRIC MORTGAGE )
INSURANCE CORPORATION, )
 )
 )
Plaintiff, )
Judgment Creditor, )
v. )
 )
 )
CHI CHEN )  Civil Action Number 04-11456-RWZ
A/K/A CHI CHEN HU, )
A/K/A TRACY CHEN, )
 )
 )
Defendant )
Judgment Debtor. )
 )

MOTION OF JUDGMENT CREDITOR, GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION FOR ATTACHMENT ON TRUSTEE PROCESS UNDER FED R.CIV. P. 64, OR IN THE ALTERNATIVE, FOR A TEMPORARY RESTRAINING ORDER UNDER FED. R. CIV. P. 65(b) AND FOR A TURNOVER OF THE FUNDS ATTACHED AND DEPOSITED IN CITIZENS BANK OF MASSACHUSETTS
ACCOUNT NUMBER 1165-857514

REQUEST FOR ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(D)

This action and motion seeks to satisfy a Massachusetts money judgment in the amount of $202,783.17 against defendant Chi Chen a/k/a Chi Chen Hu a/k/a Tracy Chen (hereinafter "Tracy Chen") and her former husband Cheng-Yih Hu a/k/a Michael Hu (hereinafter "Michael Hu") arising from a Massachusetts lawsuit, Middlesex County Superior Court, Civil Action No. 94-1901-L, entered more than ten years ago and arising from a mortgage and note executed almost twenty years ago.

There is lengthy and extensive litigation among the parties, including discharge litigation in the United States Bankruptcy Court for the District of Massachusetts, where Tracy Chen's discharge was denied on summary judgment. In a related lawsuit, after a hearing in the Middlesex County Superior Court and based upon the findings of the Middlesex County Superior Court some $202,783.17 along with interest is being held under attachment at Citizens Bank of Massachusetts based upon GEMIC's motion plead under G. L. c. 223, sec. 67. During July 2003 Ching Yee M. Tsui, Michael Hu's second wife, (hereinafter "Tsui") moved to dissolve the attachment principally supported by an affidavit ("the Tsui affidavit"). Immediately after receiving the Tsui affidavit GEMIC communicated a request to conduct a deposition of Tsui concerning her asserted claims in the affidavit and other facts. Tsui never agreed to a deposition and has conducted a concerted litigation strategy to avoid deposition at all cost. To add to the morass, Tsui has changed lawyers four times in two years.

I. *The time is ripe for a turnover of the attached money*

As part of her concerted litigation strategy, one lawyer insisted that Tsui be served with a subpoena *duces tecum* in Hong Kong, China where Tsui claims she resides; GEMIC undertook this task and properly served Tsui with a subpoena *duces tecum*. Notwithstanding Tsui's insistence and GEMIC's compliance, Tsui never honored the subpoena, never appeared to be examined about her contentions, and never produced any documents. Thereafter, Tsui undertook the unusual step of seeking to quash the subpoena, though she never filed an objection to its issuance; this Court denied the motion to quash on November 10, 2004. Despite the proper service of a subpoena upon her, denial of a motion to quash and the passage of close to three months, Tsui has refused and failed to appear for her deposition. Tsui has exhausted her options;

Tsui is obligated to appear as this Court denied her motion to quash the subpoena after hearing and argument.

Because Tsui brought a motion to quash the subpoena, including an unmeritorious claim for monetary sanctions against GEMIC and its counsel, this Court should conclude this long standing and enter a turnover order of the attached funds in favor of GEMIC. This order is warranted based upon: the findings of the Middlesex County Superior Court, and the fact that her affidavit filed in the Middlesex County Superior Court is entitled to no weight and must be stricken based upon her refusal to honor the federal subpoena. Moreover, it is implicit that when an interested party, like Tsui, seeks relief before this Court and said interested party fails to comply with the process she sought to avoid, (after invoking this Court's power to quash the process), said interested party has submitted herself to the Court's jurisdiction and is subject to the Court's powers in determining disposition of attached monies.

On November 12, 2004, some nine days after the November 3, 2004 hearing in the United States District Court and just two days after the Court notified all interested parties on November 10, 2004 electronically that the motion to quash was denied, Tsui filed a motion in the Middlesex County Superior Court seeking turnover of the attached funds in her favor. In the November 12, 2004 motion Tsui never disclosed her deposition was properly noticed and that she had not prevailed on her motion to quash as a result of the November 10, 2004 ruling. Tsui's motion never disclosed the November 10, 2004 ruling (and her assiduous non-compliance) and the timing of the motion indicates there is an element of forum shopping. By way of procedural background, no hearing has been scheduled and no ruling has been held surrounding the November 12, 2004 pleadings which includes a cross-motion by GEMIC.

3

In light of the crowded docket and dearth of trial judges assigned to the Middlesex County Superior Court at Lowell, MA — there is little likelihood that this motion will be reached for hearing anytime soon. In fact, according to the Middlesex County Civil Clerk's office at Lowell, MA because the session rarely has a judge assigned to it, the cases languish for years and no action is taken on a number of pending matters. GEMIC desires a disposition and does not wish to drag this matter out further. Tsui has failed to appear and GEMIC believes it is appropriate that the funds be turned over to it and that the Court strike the affidavit and the associated pleadings for not appearing at the properly noticed deposition.

II. *Attachment of money market funds described in the tax returns of Tsui and Hu is warranted*

As part of the discovery conducted by GEMIC in the 2003 lawsuit, GEMIC conducted a non-party deposition of the Asian-American Bank ("Asian-American") Harrison Avenue Boston, MA. Asian American is located in the heart of Boston's Chinatown community. Asian-American was the first mortgagee of improved real property located in Westford, MA GEMIC contends is owned by Michael Hu. The Massachusetts Superior Court agreed by allowing an attachment under G. L. c. 223 sec. 67 on said improved real property.

In the course of said non-party deposition, Asian American produced the joint tax returns of Hu and Tsui. Said tax returns reveal Michael Hu's ownership in several dividend producing mutual funds and/or money market funds. Based upon the history of the litigation, the nature of the transfers that have already occurred, GEMIC requests that the Court permit an attachment of any funds of Michael Hu (or his straws) in said funds or money markets as disclosed in the joint tax returns produced to Asian-American Bank of Boston, MA. A true and correct copy of the list is attached.

4

Pursuant to Local Rule 7.1(A)(2) counsel for GEMIC certifies that he has conferred with Tsui's counsel on January 24, 2005 and on January 28, 2005 and has attempted in good faith to resolve or narrow the issues presented in this motion.

### RELIEF SOUGHT

I. That the Court enter a turnover order concerning the attached monies and proceeds thereon to General Electric Mortgage Insurance Corporation; on deposit in Citizens Bank of Massachusetts 1165-857514 as described in the statement dated December 31, 2004;

II. That the Court attach or enter a temporary restraining order over the described money market funds and/or mutual funds enumerated by Hu and Tsui as contained in a tax returns filed with the Internal Revenue Service and submitted to the Asian-American Bank;

III. For further relief the Court deems just and proper.

General Electric Mortgage Insurance Corporation,
Plaintiff-Judgment Creditor,
By its attorney,

Richard W. Gannett, Esquire
BBO #184430
Gannett & Associates
165 Friend Street, Suite 200
Boston, MA 02114-2025
(617) 367-0606

Dated: February 9, 2005

## CERTIFICATE OF SERVICE

    I, Richard W. Gannett, certify that I have served a true and correct copy of the within motion of judgment creditor, General Electric Mortgage Insurance Corporation for Attachment on Trustee Process Under Fed. R. Civ. P. 64 or in the alternative for a temporary restraining order under Fed R. Civ. P. 65(b) and for a turnover of the funds attached and deposited in Citizens Bank of Massachusetts account number 1165-857514 upon the following person by U. S. Mail, postage prepaid, on February 9, 2005.

        Michael B. Feinman, Esq.
        23 Main Street
        Andover, MA 01801

        _____
        Richard W. Gannett

**CITIZENS BANK**

Savings Account Statement

**1-800-922-9999**
Call Citizens' PhoneBank anytime for account information, current rates and answers to your questions.

**1** OF 1

Beginning October 01, 2004
through December 31, 2004

US002 BR611

RICHARD W. GANNETT ESQ. & MICHAEL R. LEVIN
165 FRIEND ST SUITE 200
BOSTON MA  02114

RECEIVED
JAN 10 '05
GANNETT & ASSOCIATES

## Savings

### SUMMARY

| Balance Calculation | | Balance | |
|---|---|---|---|
| Previous Balance | 212,088.60 | Average Daily Balance | 212,133.02 |
| Withdrawals | .00 - | | |
| Deposits & Additions | .00 + | Interest | |
| Interest Paid | 133.31 + | Current Interest Rate | .25% |
| **Current Balance** | 212,221.91 = | Annual Percentage Yield Earned | .25% |
| | | Number of Days Interest Earned | 92 |
| | | Interest Earned | 133.32 |
| | | Interest Paid this Year | 568.31 |

RICHARD W. GANNETT ESQ. & MICHA
ESQ. ESCROW AGENTS FOR G.E.M.I
Statement Savings
1165-857514

Previous Balance
212,088.60

### TRANSACTION DETAILS

**Interest**

| Date | Amount | Description |
|---|---|---|
| 10/29 | 44.91 | Interest |
| 11/30 | 43.47 | Interest |
| 12/31 | 44.93 | Interest |

(+) Total Interest Paid
133.31

(=) Current Balance
212,221.91

**Daily Balance**

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 10/29 | 212,133.51 | 11/30 | 212,176.98 | 12/31 | 212,221.91 |

### NEWS FROM CITIZENS

-- Citizens Bank of Massachusetts makes available checking and savings accounts free of monthly maintenance fees and other service charges to our Massachusetts customers who are either 62 years of age or older or 18 years of age or younger, upon bank notification of customer eligibility.
If you meet either of these conditions, please visit your branch or call 1-800-922-9999 for details and enrollment.

# DIVIDEND INCOME WORKSHEET 1997

Cheng-Yih Hu

SSN: 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

| Name of Broker or Corp. | Amt Gross Div Box 1a | Cap Gn Dist'n Box 1c | 28% Gain In 1c | 25% Gain In 1c | Nontax Dist'n Box 1d | US | Adj |
|---|---|---|---|---|---|---|---|
| Vanguard Wellington | 40.76 | 0.00 | | | | | |
| Vanguard Prime | 3,535.87 | 0.00 | | | | ☒ | |
| Vanguard HealthCare | 283.56 | 192.13 | 113.20 | | | | |
| Vanguard Primecap | 435.96 | 247.26 | 50.76 | | | | |
| Van Wagner MMKT | 29.01 | 0.00 | | | | | |
| Robertson Stephens | 9.33 | 0.00 | | | | | |
| Mutual Shares | 425.98 | 222.15 | 97.74 | | | ☒ | |
| Mutual Qualified | 177.90 | 86.08 | 34.43 | | | ☒ | |
| PBHG Cash Reserve | 409.47 | 0.00 | | | | ☒ | |
| PBHG Tech & Comm | 151.87 | 0.00 | | | | | |
| Oakmark Select | 20.68 | 0.00 | | | | | |
| Kaufmann | 414.31 | 414.31 | 276.01 | | | ☒ | |
| Fidelity Electronic | 617.53 | 4.44 | 3.69 | | | | |
| Dodge & Cox Stock | 408.43 | 323.90 | 116.60 | | | | |
| Babson Value | 7.32 | 0.00 | | | | ☒ | |
| Babson Enterprise | 710.40 | 656.27 | 127.38 | | | | |

Note: On copy 1, the line below carries from the K-1 Worksheet.

31 From K-1                                                                 0.00

**32 TOTALS:**
Total capital gain distributions .......... 2,146.54
  20% Rate Gain   1,326.73   28% Rate Gain   819.81   25% Rate Gain   0.00
  Nontax ....   0.00
  Treas .....   441.62
  1-Nominee .   0.00   2-Restricted ...   0.00
  Total......   7,678.38

KIA

# SCHEDULE D (Form 1040) — Capital Gains and Losses — 1997

Department of the Treasury — Internal Revenue Service
▶ Attach to Form 1040.   ▶ See Instructions for Schedule D (Form 1040).
▶ Use Schedule D-1 for more space to list transactions for lines 1 and 8.
Attachment Sequence No. 12

Name(s) shown on Form 1040: Cheng-Yih Hu
Your social security number: 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

## Part I — Short-Term Capital Gains and Losses—Assets Held One Year or Less

| (a) Description of property (Example: 100 sh. XYZ Co.) | (b) Date acquired (Mo., day, yr.) | (c) Date sold (Mo., day, yr.) | (d) Sales price (see instructions) | (e) Cost or other basis (see instructions) | (f) GAIN or (LOSS) FOR ENTIRE YEAR Subtract (e) from (d) |
|---|---|---|---|---|---|
| **1** Babson Value | 3/27/97 | 9/2/97 | 5,480.17 | 5,000.00 | 480.17 |
| Oakmark Fund | 9/24/97 | 10/14/97 | 2,048.30 | 2,000.00 | 48.30 |
| Robertson Info | 1/16/97 | 6/13/97 | 4,451.70 | 4,621.58 | -169.88 |
| Robertson Contr | 8/2/96 | 1/16/97 | 4,621.58 | 4,281.88 | 339.70 |
| **2** Enter your short-term totals, if any, from Schedule D-1, line 2 | | 2 | 80,539.00 | | 546.75 |
| **3** Total short-term sales price amounts. Add column (d) of lines 1 and 2 | | 3 | 97,140.75 | | |

| | | |
|---|---|---|
| **4** Short-term gain from Forms 2119 and 6252, and short-term gain or (loss) from Forms 4684, 6781, and 8824 | 4 | 0 |
| **5** Net short-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | 5 | |
| **6** Short-term capital loss carryover. Enter the amount, if any, from line 9 of your 1996 Capital Loss Carryover Worksheet | 6 | ( 0 ) |
| **7** Net short-term capital gain or (loss). Combine lines 1 through 6 in column (f) ▶ | 7 | 1,245 |

## Part II — Long-Term Capital Gains and Losses—Assets Held More Than One Year

| (a) Description of property (Example: 100 sh. XYZ Co.) | (b) Date acquired (Mo., day, yr.) | (c) Date sold (Mo., day, yr.) | (d) Sales price (see instructions) | (e) Cost or other basis (see instructions) | (f) GAIN OR (LOSS) FOR ENTIRE YEAR Subtract (e) from (d) | (g) 28% RATE GAIN or (LOSS) *(see instr. below) |
|---|---|---|---|---|---|---|
| **8** Mutual Qualifie | 3/28/96 | 10/30/97 | 12,241.77 | 10,000.00 | 2,241.77 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **9** Enter your long-term totals, if any, from Schedule D-1, line 9 | | 9 | 0.00 | | 0.00 | 0.00 |
| **10** Total long-term sales price amounts. Add column (d) of lines 8 and 9 | | 10 | 12,241.77 | | | |

| | | | |
|---|---|---|---|
| **11** Gain from Form 4797, Part I; long-term gain from Forms 2119, 2439, and 6252; and long-term gain or (loss) from Forms 4684, 6781, and 8824 | 11 | 0 | 0 |
| **12** Net long-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | 12 | | |
| **13** Capital gain distributions | 13 | 2,147 | 820 |
| **14** Long-term capital loss carryover. Enter in both columns (f) and (g) the amount, if any, from line 14 of your 1996 Capital Loss Carryover Worksheet | 14 | ( -137,697 ) | ( -137,697 ) |
| **15** Combine lines 8 through 14 in column (g) | 15 | | -136,877 |
| **16** Net long-term capital gain or (loss). Combine lines 8 through 14 in column (f) ▶ | 16 | -133,308 | |

*28% Rate Gain or Loss includes all gains and losses in Part II, column (f) from sales, exchanges, or conversions (including installment payments received) **either:** • Before May 7, 1997, **or**
• After July 28, 1997, for assets held more than 1 year but **not** more than 18 months.
It also includes ALL "collectibles gains and losses" (as defined in the instructions).

KIA                                                                                 Schedule D (Form 1040) 1997

Schedule D (Form 1040) 1996 — Page 2

Name(s) Shown on Form 1040. Do Not Enter Name and Social Security Number if Shown on Page 1.
Cheng-Yih Hu & Ching Yee M Tsui

Your Social Security Number: 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

### Part IV — Short-Term Capital Gains and Losses — Assets Held One Year or Less (Continuation of Part I)

| (a) Description of property (Example: 100 shares 'XYZ' Co) | (b) Date acquired (Mo, day, yr) | (c) Date sold (Mo, day, yr) | (d) Sales price | (e) Cost or other basis | (f) LOSS If (e) is more than (d), subtract (d) from (e) | (g) GAIN If (d) is more than (e), subtract (e) from (d) |
|---|---|---|---|---|---|---|
| 20 Robertson Low Price 348.687 shares | 07/08/96 | 08/02/96 | 4,281.88 | 4,616.62 | 334.74 | |
| Robertson Contrarian 311.721 shares | 05/29/96 | 06/11/96 | 5,000.00 | 5,165.21 | 165.21 | |
| PBHG Emerging Growth 166.558 shares | 05/08/96 | 08/07/96 | 4,007.39 | 4,473.36 | 465.97 | |
| PBHG Growth 91.844 shares | 04/25/96 | 05/08/96 | 2,473.36 | 2,500.00 | 26.64 | |
| Vanguard/Wellington 197.006 shares | 01/09/96 | 09/04/96 | 5,000.00 | 4,954.60 | | 45.40 |
| Vanguard/Wellington 155.642 shares | 05/02/96 | 09/12/96 | 4,000.00 | 3,914.33 | | 85.67 |
| Vanguard/Wellington 191.498 shares | 05/20/96 | 09/16/96 | 5,000.00 | 4,816.10 | | 183.90 |
| Vanguard/Explorer 127.183 shares | 05/20/96 | 08/02/96 | 6,750.87 | 7,500.00 | 749.13 | |
| 21 Short-term totals. Add columns (d), (f), and (g) of line 20. Enter here and on line 2 ... 21 | | | 36,513.50 | | 1,741.69 | 314.97 |

### Part V — Long-Term Capital Gains and Losses — Assets Held More Than One Year (Continuation of Part II)

22.

23 Long-term totals. Add columns (d), (f), and (g) of line 22. Enter here and on line 10 ... 23

FDIA0612  09/18/96

**SCHEDULE D** (Form 1040)
Department of the Treasury
Internal Revenue Service (99)

**Capital Gains and Losses**

► Attach to Form 1040.  ► See instructions for Schedule D (Form 1040).
► Use lines 20 and 22 for more space to list transactions for lines 1 and 9.

OMB No. 1545-0074

**1996**

Attachment Sequence No. 12

Name(s) Shown on Form 1040: Cheng-Yih Hu & Ching Yee M Tsui

Your Social Security Number: 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

### Part I  Short-Term Capital Gains and Losses — Assets Held One Year or Less

| (a) Description of property (Example: 100 shares 'XYZ' Co) | (b) Date acquired (Mo, day, yr) | (c) Date sold (Mo, day, yr) | (d) Sales price | (e) Cost or other basis | (f) LOSS If (e) is more than (d), subtract (d) from (e) | (g) GAIN If (d) is more than (e), subtract (e) from (d) |
|---|---|---|---|---|---|---|
| Bramwell Fund 552.769 shares | 10/30/95 | 04/23/96 | 7,998.57 | 7,500.00 | | 498.57 |
| Robertson Emerging Fund 425.369 | 05/13/96 | 05/29/96 | 9,898.96 | 9,733.07 | | 165.89 |
| Robertson Value+ 387.04 shares | 09/15/96 | 02/26/96 | 9,311.09 | 10,000.00 | 688.91 | |
| 2 Enter your short-term totals, if any, from line 21 | | 2 | 36,513.50 | | 1,741.69 | 314.97 |
| 3 Total short-term sales price amounts. Add column (d) of lines 1 and 2 | | 3 | 63,722.12 | | | |

4  Short-term gain from Forms 2119 and 6252, and short-term gain or loss from Forms 4684, 6781, and 8824 ...... 4

5  Net short-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 ...... 5

6  Short-term capital loss carryover. Enter the amount, if any, from line 9 of your 1995 Capital Loss Carryover Worksheet ...... 6

7  Add lines 1 through 6 in columns (f) and (g) ...... 7   2,431.   979.

8  **Net short-term capital gain or (loss).** Combine columns (f) and (g) of line 7 ► 8   -1,452.

### Part II  Long-Term Capital Gains and Losses — Assets Held More Than One Year

9 

10  Enter your long-term totals, if any, from line 23 ...... 10

11  Total long-term sales price amounts. Add column (d) of lines 9 and 10 ...... 11

12  Gain from Form 4797; long-term gain from Forms 2119, 2439, and 6252; and long-term gain or loss from Forms 4684, 6781, and 8824 ...... 12

13  Net long-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 ...... 13

14  Capital gain distributions ...... 14   957.

15  Long-term capital loss carryover. Enter the amount, if any, from line 14 of your 1995 Capital Loss Carryover Worksheet ...... 15   140,202.

16  Add lines 9 through 15 in columns (f) and (g) ...... 16   140,202.   957.

17  **Net long-term capital gain or (loss).** Combine columns (f) and (g) of line 16 ► 17   -139,245.

### Part III  Summary of Parts I and II

18  Combine lines 8 and 17. If a loss, go to line 19. If a gain, enter the gain on Form 1040, line 13.
**Note:** If both lines 17 and 18 are gains, see the **Capital Gain Tax Worksheet** in the instructions ...... 18   -140,697.

19  If line 18 is a loss, enter here and as a (loss) on Form 1040, line 13, the **smaller** of these losses:
 a  The loss on line 18; **or**
 b  ($3,000) or, if married filing separately, ($1,500) ...... 19   -3,000.

**Note:** See the **Capital Loss Carryover Worksheet** in the instructions if the loss on line 19 or if Form 1040, line 35, is a loss.

BAA  For Paperwork Reduction Act Notice, see Form 1040 instructions.

FDIA0612  09/18/96

Schedule D (Form 1040) 1996