UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11456-RWZ

GENERAL ELECTRIC MORTGAGE
INSURANCE CORPORATION,
        Plaintiff,
         Judgment Creditor
V.

CHI CHEN A/K/A CHEN HU,
A/K/A TRACY CHEN,
        Defendant,
        Judgment Debtor

**OPPOSITION OF CHING YEE M. TSUI, A PARTY IN
INTEREST, TO PLAINTIFF'S MOTION FOR
ATTACHMENT AND FOR TURNOVER OF FUNDS**

NOW COMES Ching Yee M. Tsui ("Tsui"), a party in interest in the above-captioned matter, and hereby submits, through counsel, her opposition to the Plaintiff General Electric Mortgage Insurance Corporation's ("GEMIC") motion for attachment on trustee process under Fed.R.Civ.P. 64, or in the alternative, for a temporary restraining order under Fed.R.Civ.P. 65(b), and for a turnover of funds attached and deposited in Citizens Bank of Massachusetts Account Number 1165-857514.

*Facts & Procedural History*

1.     GEMIC commenced litigation in the Commonwealth of Massachusetts, Middlesex County Superior Court, on January 31, 2003, Docket No. 2003-451-L2, by the filing of a complaint against Chen-Yih Hu, Tsui's

estranged husband ("Hu"), for the collection of a money judgment against Hu in the amount of $202,783.17 (the "State Court Suit").[1]

2. After commencement of the State Court Suit, on March 4, 2003, the Plaintiff brought an ex-parte motion for attachment of real estate standing in the name of Tsui, or otherwise seeking a restraining order for relief regarding property located at 36 Russell's Way, Westford, Massachusetts ("the Property"). The motion was allowed ex parte by the Court on March 4, 2003.

3. Tsui then caused to be filed a motion to dissolve or modify the real estate attachment that was scheduled for hearing on July 24, 2003.

4. The State Court conducted a hearing on July 24, 2003, with opposition provided by GEMIC. At the urging of the Court, the parties reached a stipulation filed with the Court. The attachment, in relevant part, states as follows:

> The attachment of the Property located at 36 Russell's Way, Westford is discharged and dissolved, *subject to the provisions and language in this stipulation.*
>
> * * *
>
> Net proceeds from the sale after deduction of all sale expenses including broker's fees, attorney's fees, tax stamps and adjustments with the Buyers will be paid into a joint escrow account to be set up by counsel for the parties and held in interest bearing Citizens Bank pending a final judgment filed or to be filed concerning 36 Russell's Way.

(Emphasis is added)[2]

---

[1] Tsui was never made a party to the State Court Suit, nor is she a party to the present case.

[2] Within the public records, as set forth in the Registry of Deeds, Tsui acquired the Property in her own name, individually, by deed dated August 27, 1998, recorded at Middlesex County (Northern District) Registry of Deeds at Book 9521, Page 152. The financing of the purchase price of $279,900.00 of the Property was accomplished by Tsui obtaining a mortgage in her own name in the amount of $209,900.00 dated August 28, 1998, which mortgage is recorded with the Middlesex

5.      Subsequently, in the course of the State Court Suit, when seeking to conduct discovery of Tsui, GEMIC caused to be filed a motion to compel deposition testimony of Tsui, which was heard with opposition on March 11, 2004.

6.      On that date, the Court denied GEMIC's motion to compel deposition testimony and for sanctions, and specifically ordered as follows:

> If ethically appropriate, counsel for Yee M. Tsui shall file a Motion to Dissolve the Attachment in compliance with Superior Court Rule 9A and the matter shall be scheduled for a hearing . . .[3]

7.      As of the present date, in the State Court Suit, the Plaintiff GEMIC, the same Plaintiff in this present matter, has never filed any claim or cause of action against Tsui, or against the Property, or against the proceeds therefrom.

8.      Subsequent to the denial of the motion by the State Court seeking to compel deposition testimony, on June 25, 2004, counsel for GEMIC caused to be filed this present action in the United States District Court for the District of Massachusetts (the "Federal Court Suit"). This present action was commenced against Hu's first wife, Chi Chen aka Tracy Chen ("Chen") for collection of a money judgment held by GEMIC against Chen.[4]

9.      In the Federal Court Suit, GEMIC has once again sought to conduct discovery of Tsui, but again without setting forth any claims against Tsui, the

---

County (Northern District) Registry of Deeds at Book 9521, Page 155. Finally, pursuant to the terms and provisions of the stipulation in the State Court matter allowing the Property to be sold, Tsui sold the Property for $486,000.00 to an unrelated third party. The deed evidencing the transfer of the Property is recorded in the Middlesex County (Northern District) Registry of Deeds at Book 15854, Page 52.

[3] In its order, the Court was referring to the attachment allowed ex parte as referred to in Paragraphs 2-4 above.

[4] The Plaintiff alleges that Chen is obligated to the Plaintiff under the same claims held by the Plaintiff against Hu in the State Court Suit.

Property, or the proceeds therefrom, until the filing of its pending motion seeking the turnover of funds from Tsui, a non-party. In addition, after having been denied discovery of Tsui in the State Court Suit, in the Federal Court Suit, GEMIC sought to subpoena Tsui for the same discovery purposes.

10. On November 12, 2004, given the lack of any cause of action against her, Tsui, through her new counsel, pursuant to the State Court order of March 11, 2004, caused to be filed a Motion for Dissolution of Attachment and Turnover of Property (the "Dissolution Motion"). The Plaintiff filed a timely opposition. No hearing has been scheduled by the Superior Court as of this present date.

11. With the Dissolution Motion pending in the State Court Suit, GEMIC has now filed a motion for attachment and turnover of the escrowed funds in the Federal Court Suit, without setting forth claims against Tsui.

### *Argument*

As Tsui is not named in either the underlying State Court Suit or the Federal Court Suit, the federal district court lacks authority to subject her and the escrowed funds to the terms of the state court stipulation, and thus this court lacks jurisdiction over the nonparty to turnover funds.

Notwithstanding the state court's specific direction to Tsui to file a motion for turnover, and litigate the rights and responsibilities of the parties, and the nonparty, Tsui, in state court, GEMIC chose instead to pursue the same claim in federal court. This is unacceptable under the federal rules. *See* Fed.R.Civ.P. 65(d) (injunction "binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service

or otherwise"); *G. & C. Merriam Co. v. Webster Dictionary Co.,* 639 F.2d 29, 35 (1st Cir.1980) ("[t]o hold a nonparty bound by an injunction it is thus essential to prove either that the nonparty participated in the contumacious act of a party or that the nonparty was subject to the injunction because legally identified with a party").

But the issues involving Tsui, and the actions of GEMIC, both in the State Court Suit and the Federal Court Suit, involve much more than this –

- It is duplicative forum shopping, with the same identical relief sought in two courts at the same time.

- It is conduct that runs the risk of potentially inconsistent decisions based upon the identical set of facts between two separate courts pending at the same time, all without the need for parallel actions pending.

- Last, and most importantly, it is a conscious course of conduct pursued by GEMIC that, if permitted to proceed, is a distortion of the system in such a way as to deny procedural and substantive due process to Tsui.

While not seeking to re-argue an earlier filed motion to quash a subpoena, Tsui points out to this court that the actions of GEMIC in this case are clearly forum shopping.  GEMIC has commenced the Federal Court Suit and sought discovery of Tsui *after* such relief was denied in the State Court Suit.[5]  Further, GEMIC now brings a motion to turnover property of Tsui, a non-party to this action, *after* the court in the State Court Suit suggested bringing a motion to dissolve the funds attached and *after* the Dissolution Motion had been brought. The court should not allow such a blatant manipulation of the court system.

Also, Tsui is placed in the awkward position of being required to protect her property interests in two courts at the same time, as to the same issues, and

emanating from the same adversary, GEMIC.  Aside from the attendant legal fees that are being incurred in dealing with the same issue in two separate courts, there is a serious possibility of contrary results being obtained in each of the courts – a direct product of the forum shopping of GEMIC.  Along with this risk are the ever-confusing issues that may arise as a result of issues of waiver and res judicata, perhaps even preventing appellate review.  Clearly, this process belongs in a single court – the court initially selected by GEMIC until it began receiving unfavorable decisions from that court.  *Roy v. City of Augusta, Maine*, 712 F.2d 1517 (1st Cir. Me. 1983)(denial of locally issued permits subject to review by the state judiciary could not be litigated in federal court when the state provided adequate procedures as "any meaningful separation between federal and state jurisdiction would cease to hold and forum shopping would become the order of the day").

Last, and most importantly, is the lack of procedural and substantive due process to Tsui.  She has been denied unfettered access to her property without ever having been named as party to either the State Court Suit or the Federal Court Suit.  As a result, there is no motion that she can file – other than one to dissolve the attachment – in order to get to the merits of GEMIC's case.  She can file no motion for summary judgment – or even go to trial – in order to dispose of the litigation once and for all, as there are no allegations made against her before the court to be litigated.  At the mercy of GEMIC or this court, Tsui is destined to sit and wait … but for what?  The answer is clear, that her property cannot be attached without due process.  This argument is raised by her in the Dissolution

---

[5] Interestingly, GEMIC seeks discovery from Tsui in the Federal Court Suit in connection with claims against Tsui's estranged husband's prior spouse.  The idea that Tsui could be of any assistance in such collection efforts strains the imagination, as well as credibility.

-6-

Motion filed in the State Court Suit, a copy of which, with exhibits attached, is attached hereto as Exhibit "A".[6]

### *Conclusion*

As set forth herein, Tsui requests that this Court deny the Plaintiff's motion as to all relief requested in said motion, along with such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: February 23, 2005

/s/ Michael B. Feinman
Michael B. Feinman
BBO#545935
Feinman Law Offices
23 Main Street
Andover, MA  01810
Tel:  978-475-0080
Fax: 978-475-0852
Email:mbf@feinmanlaw.com

04x3791\usdcoppositionturnover.doc

---

[6] The exhibits attached to the Dissolution Motion, attached hereto as Exhibit "1", are as follows: (1) State Court Suit stipulation to escrow proceeds of sale of Tsui residence; (2) Deed dated August 27, 1998 with Tsui as grantee; (3) Mortgage dated August 27, 1998 listing Tsui as mortgagor; and (4) Deed dated July 22, 2003 with Tsui as grantor.