UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11456-RWZ

|  |  |
|---|---|
| GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION,<br><br>    Plaintiff,<br>    Judgment Creditor,<br>v.<br><br>CHI CHEN<br>A/K/A CHI CHEN HU,<br>A/K/A TRACY CHEN,<br><br>    Defendant<br>    Judgment Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE/REPLY TO "RESPONSE OF CHING YEE M. TSUI TO MOTION TO ORDER TO SHOW CAUSE"**

On April 13, 2005 at 4:30 p.m., General Electric Mortgage Insurance Corporation ("GEMIC") received a document from interested party Ching Yee M. Tsui ("Tsui") by facsimile entitled "response to order to show cause." Immediately after receipt of the document GEMIC's attorney telephoned Tsui's attorney in an effort to schedule the court ordered deposition. GEMIC suggested Friday April 15, 2005. This was unacceptable to Tsui. No further dates were offered prior to the April 21, 2005 hearing. A true and correct copy of the April 13, 2005 letter is attached hereto as Exhibit A and the pleading is attached hereto as Exhibit B.

Tsui's response should be disregarded or ignored as Tsui failed to adhere to United States District Court Local Rule 7.1(A)(2) which requires prior consultation between counsel in

advance of the service of a motion. It is undisputed no consultation occurred. In essence this April 13, 2005 pleading is a half-baked motion to reconsider — given the agreements reached on March 29, 2005.

Like much of the Tsui litigation, this latest motion is an attempt to improperly circumvent prior rulings and agreements reached. On March 29, 2005, an extensive hearing was held in this Court and before this Judge. Procedural and substantive matters were agreed upon. Deadlines were established. Nevertheless, Tsui has once again improperly filed papers which are contradictory and inconsistent with the agreement solidified some four weeks ago.

By way of example only, some ten days after the March 29, 2005 hearing concluded in this Court, Tsui filed an extensive interlocutory appeal under G. L. c. 231 sec. 118, first para. before a single justice of the Massachusetts Appeals Court seeking to overturn Associate Justice Paul A. Chernoff's March 9, 2005 ruling and by implication this Court's order as well. Tsui never discussed nor disclosed the extensive Federal proceedings to the Massachusetts Appeals Court. In this interlocutory appeal, Tsui sought a turnover of the attached funds without submitting to examination as this Court has ordered.

Like her husband (and her host of confederates) Tsui is conducting a "shell game" with the Massachusetts Superior Court, the Massachusetts Appeals Court and the United States District Court for the District of Massachusetts.

The interlocutory appeal was assigned to Associate Justice Raya Dreben of the Massachusetts Appeals Court. Justice Dreben dismissed the interlocutory appeal, citing, in part, the March 29, 2005 proceedings. A true and correct copy of the ruling is attached hereto as Exhibit C.

Another example of Tsui's reneging on agreements solidified at the March 29, 2005 hearing are her attempts to:

* Force GEMIC to travel to New Jersey where she claims she "temporarily resides" to conduct the deposition on an unnamed date — see Exhibit A- letter of April 13, 2005;

* Seek to cancel the April 21, 2005 at 2:00 p.m. hearing without first appearing at deposition-see Exhibit B;

* Falsely claim that she did not receive the subpoena along with Rider A.

The unauthorized April 13, 2005 pleading is essentially another Tsui attempt to delay a resolution of this claim, especially when the March 29, 2005 order was very specific, aspects of the lawsuit span twelve years, Tsui offered no specific deposition dates, no specific deposition location was offered, Tsui never disclosed her residential address as required by the Superior Court Stipulation, and Tsui never unconditionally offered to come to Boston as required by the Stipulation and adopted by this Court.

The parameters of further judicial proceedings were highly proscribed in that specific events and specific agreements were made. It is obvious that the request to seek a four week show cause hearing date was not advanced in good faith, but was, in fact, Tsui's attempt to circumvent this Federal Court by seeking reconsideration in the form of an interlocutory appeal to the Massachusetts Appeals Court.

Fed R. Civ. P. 16 precluded Tsui from further appeals and Tsui was limited to the options established at the March 29, 2005 hearing. Tsui sought the long delay on March 29, 2005, not because of her employment situation, but because she planned to appeal Judge Chernoff's March 9, 2005 Order.

3

An allegation has been lodged that GEMIC did not provide a copy of the subpoena with Rider A to Tsui. This is false. Attorney Feinman, Tsui's fourth lawyer, claims as much in his latest unauthorized motion. GEMIC served the subpoena with Rider A in Hong Kong at the address Tsui disclosed. If Tsui truly resided at the disclosed Hong Kong address, she is in possession of the subpoena. The subpoena was provided to her third lawyer who has withdrawn and sued both Attorney Feinman and Tsui for unpaid legal fees in the Brookline District Court. A true and correct of the first page of the Complaint is attached hereto as Exhibit D.

As a courtesy, GEMIC offered to deliver an additional copy of the subpoena at the conclusion of the March 29, 2005 hearing by copying the documents on a photocopy machine in the First Circuit library on the ninth floor. This offer was rejected by Attorney Feinman.

Wherefore, GEMIC requests that Tsui's latest unauthorized pleading be denied and for further relief.

General Electric Mortgage Insurance Corporation,
Plaintiff,
Judgment Creditor,
By its attorney,

Richard W. Gannett, Esquire
BBO #184430
Gannett & Associates
165 Friend Street, Suite 200
Boston, MA 02114-2025
(617) 367-0606

Dated: April 20, 2005

## CERTIFICATE OF SERVICE

    I, Richard W. Gannett, an attorney, certify that I have this day served a copy of the within Response/Reply To "Response Of Ching Yee M. Tsui To Motion To Order To Show Cause upon:

Michael B. Feinman, Esq.
Feinman Law Offices
23 Main Street
Andover, MA 01801

by U.S. Mail, postage prepaid, and facsimile transmission on April 20, 2005.

                                              Richard W. Gannett

# FEINMAN LAW OFFICES

*Business & Trial Lawyers*

The Fleet Bank Building
23 Main Street, Andover, Massachusetts 01810
Telephone: (978) 475-0080

Fax: (978) 475-0852
URL: http://www.feinmanlaw.com

Michael B. Feinman*   Email: mbf@feinmanlaw.com
Stephen P. Shannon*   Email: sps@feinmanlaw.com

*Admitted in Massachusetts and New Hampshire

April 13, 2005

RECEIVED
APR 1 4 2005
GANNETT & ASSOCIATES

**VIA FACSIMILE – 617-367-2121**
**AND FIRST CLASS MAIL**

Richard W Gannett, Esq.
Gannett & Associates
165 Friend Street, Suite 200
Boston, MA 02114-2025

Re:   **General Electric Mortgage Insurance Corporation**
       **v. Chi Chen a/k/a**

Dear Mr. Gannett:

Enclosed herewith please find a copy of a pleading that I have filed this date with the U.S. District Court.

As I have indicated in my pleading, my client is presently located in the State of New Jersey. Accordingly, I need to receive from you a series of dates available for you to conduct my client's deposition, either in New Jersey or here in Massachusetts. For each date, please let me know your availability to travel to New Jersey.

Finally, I am once again requesting that you provide to me a copy of the subpoena that you claim was served upon my client, along with return of service. In that manner, I will be able to respond to the subpoena without any question that my client is not in compliance with her obligations to appear and testify.

Thank you for your immediate attention.

Very truly yours,

Feinman Law Offices

Michael B. Feinman

MBF:psw
cc: Ching Ye Millor Tsui (w/enc.)
04x3791\ltgannett4-13-05.doc

— EXHIBIT A —

Boston Office: 155 Federal Street, 17th Floor, Boston, Massachusetts 02110

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11456-RWZ

GENERAL ELECTRIC MORTGAGE
INSURANCE CORPORATION,
    Plaintiff,
        Judgment Creditor
V.

CHI CHEN A/K/A CHEN HU,
A/K/A TRACY CHEN,
    Defendant,
        Judgment Debtor

RECEIVED
APR 1 4 2005
GANNETT & ASSOCIATES

## RESPONSE TO ORDER TO SHOW CAUSE

NOW COMES Ching Yee M. Tsui ("Tsui"), a party in interest in the above-captioned matter, and responds to the order to show cause issued by the Court on March 29, 2005.

In support hereof, Tsui states as follows:

1. On March 29, 2005, this Court issued an order to show cause from the bench relating to a hearing scheduled on the Plaintiff's motion for injunctive relief.

2. The order to show cause appears to require Tsui to appear for a deposition in response to the Court's order that she answer questions relative to her acquisition of property located in Chelmsford, Massachusetts.

3. On April 12, 2005, counsel finally was able to reach Tsui and pending confirmation of agreeable dates between the parties will make herself available for deposition either within the Commonwealth of Massachusetts or the State of New Jersey.[1]

---

[1] Ms. Tsui is presently residing on a temporary basis in the State of New Jersey for purposes of participating in training for her new employment. Depending upon timing of the deposition to be

EXHIBIT B

4.  At the present time, correspondence is being forwarded to Plaintiff's counsel in order to seek an agreed upon date for depositions to be conducted and for further information relative to such depositions. Specifically, to date, counsel has never been provided with a copy of the subpoena issued upon Tsui, or any list of documents related thereto.[2]

5.  Based upon the foregoing, Tsui is not in violation of the Court's order, will schedule her deposition to be conducted at the earliest possible date, and requests this Honorable Court to release the order to show cause issued.

WHEREFORE, Tsui respectfully requests this Honorable Court to release the order to show cause, and to grant her such other and further relief as the Court deems just and proper.

Respectfully submitted,
Ching Yee M. Tsui
By her attorney,

RECEIVED
APR     2005
GANNETT & ASSOCIATES

Dated: April 13, 2005

/s/ Michael B. Feinman
Michael B. Feinman
BBO#545935
Feinman Law Offices
23 Main Street
Andover, MA  01810
Tel: 978-475-0080
Fax: 978-475-0852
Email:mbf@feinmanlaw.com

04x3791\response.doc

---

conducted, Tsui will make herself available for deposition in either location, depending on the availability of all parties.

[2] At the time of the hearing on March 29, 2005, counsel for Tsui requested a copy of the subpoena with the return of service thereon. To date, a copy of that subpoena, attachments, and the return of service have not been provided.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11456-RWZ

GENERAL ELECTRIC MORTGAGE
INSURANCE CORPORATION,
          Plaintiff,
          Judgment Creditor

V.

CHI CHEN A/K/A CHEN HU,
A/K/A TRACY CHEN,
          Defendant,
         Judgment Debtor

RECEIVED
APR 14 2005
GANNETT & ASSOCIATES

## CERTIFICATE OF SERVICE

I, Michael B. Feinman, hereby certify that I have this day served a Response to Order to Show Cause by service under the Court's ECF system, and to the following, if not receiving notice electronically through ECF, by mailing a true and accurate copy of same, via first class mail and postage prepaid, to the following party in interest:

Richard W. Gannett, Esq.
Gannett & Associates
165 Friend Street, Suite 200
Boston, MA 02114-2025

Dated: April 13, 2005

/s/ Michael B. Feinman
Michael B. Feinman

04x3791\certofserv4-13-05.doc

COMMONWEALTH OF MASSACHUSETTS

**APPEALS COURT CLERK'S OFFICE**
John Adams Courthouse
One Pemberton Square, Suite 1200
BOSTON, MASSACHUSETTS 02108-1705
(617) 725-8106

April 14, 2005

Richard W. Gannett, Esquire
Gannett & Associates
165 Friend Street, Suite 200
Boston, MA 02114-2025

RE:   No. 2005-J-0143

   **GENERAL ELECTRIC MORTGAGE INS.**
      **vs.**
   **CHENG-YIH HU & another**

NOTICE OF DOCKET ENTRY

   Please take note that on April 14, 2005, the following entry was made on the docket of the above-referenced case:

ORDER: "Petition under...denied..." (Dreben, J.)
*Notice/Areiest/Chernoff, J./Image.

RECEIVED
APR 1 5 2005
GANNETT & ASSOCIATES

Very truly yours,

The Clerk's Office

To:   Richard W. Gannett, Esquire
   Michael B. Feinman, Esquire
   Middlesex Superior Court

EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

05-J-143

GENERAL ELECTRIC MORTGAGE INSURANCE

vs.

CHENG-YIH HU & another.

ORDER

Petition under c. 231, § 118 denied. There was no error in deferring decision to the matter in the Federal District Court. Moreover, the transcript hearing dated March 29, 2005 in the Federal District Court which occurred subsequent to Judge Chernoff's March 9, 2005 order confirms the propriety of his order.

So ordered.

By the Court (Dreben, J.),

*Lena M. Wong*
Assistant Clerk

Entered: April 14, 2005

COMMONWEALTH OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT
BROOKLINE DIVISION

NORFOLK, ss

KENNETH M. LEVINE
    plaintiff

v.

MILLOR TSUI, a/k/a/
CHING-YEE M. TSUI,
MICHAEL B. FEINMAN
    Defendants
And
MICHAEL LEVIN
RICHARD W. GANNETT
    Trustees

# VERIFIED AMENDED COMPLAINT

## COUNT I

1. The Plaintiff Kenneth M. Levine is an attorney with an office located in the Town of Brookline, County of Norfolk, Commonwealth of Massachusetts.

2. Defendant Millor Tsui a/k/a/ Ching-Yee M. Tsui has a last known address in the Town of Westford, County of Middlesex, Commonwealth of Massachusetts.

3. Defendant Michael Feinman is an attorney with an office in the Town of Andover, County of Middlesex, Commonwealth of Massachusetts

4. Trustee, Michael Levin, is an attorney licensed to practice law in the Commonwealth of Massachusetts and who is in possession of goods, effects or credits owned by defendant, Millor Tsui a/k/a Ching-Yee M. Tsui.

5. Trustee, Richard W. Gannett, is an attorney licensed to practice law in the Commonwealth of Massachusetts and who is in possession of goods, effects or credits owned by defendant, Millor Tsui a/k/a Ching-Yee M. Tsui.

6. On or about September 16, 2003 Defendant Millor Tsui a/k/a Ching-Yee M. Tsui retained Kenneth M. Levine to represent her in an action then pending in the Middlesex County Superior Court.

7. Attorney Levine did accept representation of Defendant Tsui and during the past 16 months performed legal serviced for Defendant Tsui.

1

EXHIBIT D