UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11456-RWZ

| | |
|---|---|
| GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION, <br><br> Plaintiff, <br> Judgment Creditor, <br> v. <br><br> CHI CHEN, A/K/A CHI CHEN HU, A/K/A TRACY CHEN, and CHENG-YIH HU, A/K/A MICHAEL HU <br><br> Defendants <br> Judgment Debtors. | **AMENDED COMPLAINT** |

NATURE OF THE ACTION

This action seeks to satisfy a Massachusetts judgment against defendant Chi Chen a/k/a Chi Chen Hu a/k/a Tracy Chen ("hereinafter Tracy Chen") arising from a Massachusetts lawsuit, civil action number 94-1901-L, Middlesex County Superior Court.

PARTIES, JURISDICTION & VENUE

1.      Plaintiff Judgment Creditor General Electric Mortgage Insurance Corporation ("GEMIC") is a corporation with a usual place of business at 6601 Six Forks Road, Raleigh, North Carolina.

2.      Defendant Tracy Chen ("Chen") is a natural person who resides or resided in Taipei, Taiwan according to information made known to GEMIC.

3.      Defendant Michael Hu ("Hu") resided at 36 Russell's Way, Westford, Massachusetts (the "Westford property").

4. Jurisdiction in the United States District Court for the District of Massachusetts is proper. There is diversity of citizenship of the parties.

5. Venue in the United States District Court for the District of Massachusetts is proper.

## FACTS COMMON TO ALL COUNTS

6. On October 5, 2000, the Middlesex County Superior Court of the Commonwealth of Massachusetts entered a money judgment in the amount of $202,783.17, under Mass. R. Civ. P. 54(b), against Chen in the Middlesex County Superior Court civil action number 94-1901-L, arising from various financial obligations arising from Chen's ownership of certain real property in the Commonwealth of Massachusetts.

7. On June 23, 1996, the Middlesex County Superior Court of the Commonwealth of Massachusetts entered a money judgment in the amount of $151,386.93, pursuant to Mass. R. Civ. P. 55, against Hu in the Middlesex County Superior Court civil action number 94-1901-L.

8. On December 19, 2000, the Middlesex County Superior Court of the Commonwealth of Massachusetts entered a Memorandum of Decision and Order on GEMIC's Motion for Entry of Separate and Final Judgment pursuant to Mass. R. Civ. P. 54(b).

9. GEMIC holds and owns the judgments.

10. Said judgments remain unsatisfied in whole or in part.

11. During the pendency of the 1994 lawsuit GEMIC had an opportunity to conduct certain discovery. Through discovery, GEMIC learned that Hu and his ex-wife Chen "sold" a certain piece of real property located at 10 Autumn Lane, Chelmsford, MA ("10 Autumn Lane") to a third party for $5,000.00. Testimony revealed that the $5,000.00 was never paid. Following the "sale" to the third party, Hu and Chen were the recipient of the cash proceeds of $92,059.63 ("the cash

proceeds") after the third party was the recipient of the cash proceeds at the December 2, 1991 closing.

12. According to business records produced by Century-21 Minuteman Realty of Chelmsford, MA, Hu and Chen informed said realty company in writing that they were the true owners of 10 Autumn Lane even though they had "sold" the property to a third party friend for $5,000.00.

13. During the Chapter 7 bankruptcy of Chen, GEMIC conducted certain discovery in connection with an adversary proceeding instituted by GEMIC. Discovery revealed that Chen and Hu controlled the cash proceeds now located in a New Hampshire bank account.

14. The United States Bankruptcy Court denied Tracy Chen's discharge based upon the data developed through discovery concerning non-disclosure and the failure to inform the trustee of the existence of the cash proceeds from 10 Autumn Lane Chelmsford, MA

15. As an owner prior to "sale" Hu had an interest in said funds. Hu has never accounted for said funds to GEMIC.

16. Information learned in the 1994 litigation that Hu and Chen have taken steps to place their property in other persons' name when creditors attempt to satisfy a just debt.

17. Hu has an established pattern as more fully developed in the 1994 litigation that indicates he has an interest in the property located at 36 Russell's Way Westford, MA ("the Westford property"), although the Westford property is nominally titled in the name of Hu's second wife, Ching Yee M. Tsui ("Tsui").

18. According to public records, Hu founded and operates a business known as System Communications, Inc. ("System Communications") from the Westford property. Public records reveal that Tsui is a corporate officer of System Communications. In addition, Hu and Tsui are co-

owners of a certain Toyota automobile that is registered at the Westford, MA property. Westford town records indicate Tsui is a "homemaker" according to a recent Town of Westford census.

19. When Hu and Tsui sought to obtain a mortgage on the Westford property, Tsui indicated that she was a director of System Communications.

20. Tsui indicated that her sole source of income was derived from System Communications during the period she resided at the Westford property.

21. Hu, Tsui and System Communications share a post office box located in Westford, Massachusetts.

22. Systems Communications is a Subchapter S corporation that operated out of the Westford property. It maintained equipment and had a customer base. In 1997, tax returns indicate that Hu and Tsui, through Systems Communications, Inc., earned in excess of $165,000.00. Subsequent years' tax returns show that Hu and Tsui earned over $100,000.00 per annum.

23. In applying for a loan from the Asian American Bank, Tsui made a written representation that she was self-employed with Systems Communications, Inc.

24. According to data learned by GEMIC, the Westford property was placed on the market for sale with Coldwell Banker immediately after service of process was effectuated upon Hu for the suit on the judgment.

25. A Coldwell Banker real estate agent salesperson handling the Westford property sale, Darshana Shah ("Shah"), made communications concerning terms and conditions of the prospective sale to various persons via fax and email including Tsui.

26. On or about March 4, 2003, GEMIC obtained an attachment pursuant to Mass. Gen. L. c. 223, § 67 in the amount of $210,000.00 on the Westford property.

27. On or about July 24, 2003, Tsui moved to dissolve the attachment because she and Hu had arranged the sale of the Westford property. In order to allow the sale of the Westford property to an unrelated buyer, GEMIC and Tsui agreed to deposit the attached proceeds in an interest-bearing account at Citizens Bank of Massachusetts.

28. The merits of the motion to dissolve were never reached, but rather postponed, while the attached property was permitted to transmit from real property to cash.

29. GEMIC contends that the Westford property was purchased with funds of Michael Hu, which are owed to GEMIC.

30. As part of this federal action, GEMIC attempted to obtain discovery upon Tsui regarding her contentions in her affidavit dated July 21, 2003.

31. On or about August 24, 2004, GEMIC served Tsui at her Hong Kong address with a subpoena *duces tecum*, with Rider "A" attached thereto. Tsui never complied or honored the subpoena. No records were produced. She never appeared for her deposition.

32. One of Tsui's lawyers claimed that Tsui owned a house in New Hampshire, the sales proceeds of which were used to purchase the Westford property. There is no evidence of such a property though GEMIC has requested documentary evidence of her ownership in property located in New Hampshire.

33. According to an investigation of Tsui's finances, there is a claim debt of some $50,000.00 to Eric L. Levine.

34. In serving the notice of attachment on the Westford property, the process server noted many names at the Westford property mailbox indicating that many individuals resided there.

35. Tsui has had various addresses in the United States and allegedly in Hong Kong. She was served with process in this action at her Hong Kong address.

36. During the sale of the Westford property Hu was in communication with the seller, broker and buyer and reviewed documents surrounding the sale.

37. Tsui and Hu were in a great haste to sell the Westford property. Tsui was aware of the debts of her husband.

38. Tsui has never initiated divorce proceedings against Hu or been the subject of divorce proceedings initiated by Hu.

39. Tsui and her children and the child of Michael Hu resided in the Westford property.

40. Tsui utilized the same Post Office Box as Hu and Systems Communication, Inc.

41. Tsui and Hu have knowledge of the whereabouts of vehicles they co-owned.

42. Hu was the source of the money to pay the down payment and the monthly mortgage payments.

43. Tsui has knowledge of Hu's whereabouts and business affairs.

44. Tsui has not paid Kenneth Levine monies he says he has earned as Tsui's attorney.

45. Tsui has authorized her attorney to claim Kenneth Levine should not be paid his professional fee.

46. Tsui was sued by Kenneth Levine in the Brookline District Court for nonpayment of his invoice.

47. Tsui has hired an attorney to file papers contesting the claims of Kenneth Levine in the Brookline District Court.

48. Tsui has knowledge of the contents of the furnishings formerly located in the Westford property and has knowledge of the business equipment, customer list, vendors and day to day operations of System Communications, Inc.

49. Tsui is aware of or has knowledge of Hu's current business situation and his source of funds.

50. Shah communicated with Tsui by electronic mail concerning the sale of the Westford property.

51. The settlement statement of the Westford property prepared by Brian J. Sullivan indicates that Eric L. Levine is the seller of the Westford property by a power of attorney dated July 22, 2003.

52. Tsui did not appear for a deposition on September 23, 2004 despite proper notice.

53. At the time Tsui and Hu moved together into the Westford property Tsui and Hu resided together as husband and wife at New Castle Drive Nashua New Hampshire.

54. Tsui hired and authorized Kenneth Levine to draft and argue a motion to quash the subpoena *duces tecum* served upon her (which the Court denied after hearing and argument), though she never complied with said subpoena *duces tecum*.

55. Tsui claims she resides at the following address: 1303A Yuet Fung House Yi Fung Court, Po Lei Street Kwai Chung, New Territories, Hong Kong.

56. GEMIC offered to conduct the deposition of Tsui in Hong Kong on several occasions and on each occasion Tsui refused to appear in Hong Kong, though she claimed she resided there.

57. Tsui resided with Hu immediately before occupying the Westford property and stated she was self-employed at Hu's business as the income source for the mortgage payment. Hu and Tsui resided together in the Westford property where Hu's business was headquartered.

## THE PLAINTIFF'S CLAIMS

Count I Suit on Massachusetts Judgment (Tracy Chen)

58. GEMIC repeats and realleges paragraphs 1-57 above as paragraphs 1-57 of Count I as if fully stated herein.

59. Tracy Chen is indebted to GEMIC in the sum of $202,783.17 plus costs, interest and attorney fees.

60. Tracy Chen is believed to reside in Taipei, Taiwan and is believed to be employed at a company known as Avxing, Inc.

Count II Suit on Massachusetts Judgment (Michael Hu)

61. GEMIC repeats and realleges paragraphs 1-60 of Count I as paragraphs 1-60 of Count II as if fully stated herein.

62. Michael Hu is indebted to GEMIC in the sum of $202,783.17 plus costs, interest and attorney fees.

63. Michael Hu is the owner in fact and resided at 36 Russell's Way Westford, MA and is employed by System Communications, Inc., a business he organized.

### RELIEF SOUGHT

I. That the Court enter judgment on Count I in favor of General Electric Mortgage Insurance Corporation and against Tracy Chen in the amount of $202,783.17 with costs and interest;

II. That the Court award reasonable attorney fees against Tracy Chen and in favor of General Electric Mortgage Insurance Corporation as called for in the January 21, 1986 promissory note;

III. That the Court enter judgment on Count II in favor of General Electric Mortgage Insurance Corporation and against Michael Hu in the amount of $202,783.17 plus interest costs and attorney fees.

IV. That the Court award reasonable attorney fees against Michael Hu and in favor of General Electric Mortgage Insurance Corporation as called for in the January 21, 1986 promissory note; and

V. That the Court enter a turnover of attached funds belonging to Michael Hu now on deposit in the Citizens Bank of Massachusetts to the judgment creditor, General Electric Mortgage Insurance Corporation.

VI. For further relief the Court deems just and proper.

General Electric Mortgage Insurance Corporation,<br>
Plaintiff,<br>
Judgment Creditor,<br>
By its attorney,<br>
<br>
_____<br>
Richard W. Gannett, Esquire<br>
BBO #184430<br>
Gannett & Associates<br>
165 Friend Street, Suite 200<br>
Boston, MA 02114-2025<br>
(617) 367-0606

Dated: May 16, 2005