UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11456-RWZ

GENERAL ELECTRIC MORTGAGE
INSURANCE CORPORATION,
    Plaintiff,
     Judgment Creditor
V.

CHI CHEN A/K/A CHEN HU,
A/K/A TRACY CHEN,
    Defendant,
     Judgment Debtor

**OPPOSITION TO MOTION OF PLAINTIFF TO AMEND COMPLAINT**

  NOW COMES Ching Yee M. Tsui ("Tsui"), a party in interest in the above-captioned matter, by her counsel, and states to this Honorable Court her opposition to the Plaintiff's motion to amend its complaint in this action.

  In support hereof, Tsui states as follows:

  1. This case was commenced by the Plaintiff on June 25, 2004.

  2. The case was commenced in this Court after a prior pending action in the Middlesex County Superior Court, Civil Action No. 03-451-L2 ("the Civil Court Action") had been commenced against Cheng-Yih Hu a/k/a Michael Hu, but involving the same obligations and claims arising in this case.[1]

  3. In any event, the parties had arranged for, and scheduled, a deposition of Tsui to be conducted on May 16, 2005, commencing at 9:00 a.m. at

---

[1] The Plaintiff commenced this suit in this Court naming a separate defendant on the same claims after the Plaintiff's efforts at discovery of the interested party, Tsui, had been thwarted in the Superior Court action.

the Massachusetts Bar Association, Boston, Massachusetts. Such deposition was in fact conducted, notwithstanding the allegations set forth in the proposed amended complaint by the Plaintiff.[2]

4. Further, the proposed amended complaint makes allegations concerning Tsui and her property, but at no point in time does the proposed amended complaint seek any relief against Tsui. Insofar as the original Defendant has already been defaulted for failure to answer or otherwise defend, the amendment to the complaint adds absolutely nothing to he case.

5. Further, the Plaintiff in this case already has a prior pending action, namely, the Superior Court action, which is pending against the Defendant, which the Plaintiff seeks to add to this case, namely Cheng-Yih Hu a/k/a Michael Hu. The Civil Court Action is still an ongoing active case, and the amendment that is proposed to the Plaintiff's complaint to add this new Defendant to this present action, should be prohibited if for no other reasons than for judicial economy and concerns for comity.

WHEREFORE, Tsui respectfully requests this Honorable Court to deny the

---

[2] At the time of the May 16, 2005, deposition, Plaintiff's counsel served in hand, the proposed amended complaint which had not yet been filed with the Court, all as an effort to undermine the orders of the Court issued on April 21, 2005. Specifically, on April 21, 2005, the Court ordered that the discovery of Tsui should be conducted in conformity with the parameters set forth in the pleadings, otherwise discovery was to be conducted in a fashion that was limited to issues concerning the acquisition of the Westford, Massachusetts property and the proceeds thereof, held in escrow. Mr. Gannett's conduct, was in effort to circumvent the orders of this Court, and to cause undue burden and surprise upon Tsui, should not be permitted.

-3-

Plaintiff's motion, along with such other and further relief as the Court deems just and proper.

                                                  Respectfully submitted,
                                                  Ching Yee M. Tsui
                                                  By her attorney,

Dated: May 20, 2005                    /s/ Michael B. Feinman
                                                  Michael B. Feinman
                                                  BBO#545935
                                                  Feinman Law Offices
                                                  23 Main Street
                                                  Andover, MA  01810
                                                  Tel:  978-475-0080
                                                  Fax: 978-475-0852
                                                  Email:mbf@feinmanlaw.com

04x3791\usdistrictcourt\opposition.doc

Case 1:04-cv-11456-RWZ    Document 30    Filed 05/20/2005    Page 3 of 3