UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11456-RWZ

GENERAL ELECTRIC MORTGAGE
INSURANCE CORPORATION,
        Plaintiff,
        Judgment Creditor
V.

CHI CHEN A/K/A CHEN HU,
A/K/A TRACY CHEN,
        Defendant,
        Judgment Debtor

**MOTION FOR ORDER DIRECTING TURNOVER OF FUNDS
TO CHING YEE M. TSUI**

NOW COMES Ching Yee M. Tsui ("Tsui"), a party in interest in the above-captioned matter, by her counsel, and moves this Honorable Court for the issuance of one or more orders directing the turnover of funds presently held in escrow to her, or her counsel, on her behalf.

In support hereof, Tsui states as follows:

1.    On June 25, 2004, the Plaintiff commenced this case based upon a judgment obtained in the Massachusetts Superior Court against her husband, and her husband's first wife.

2.    No claim has ever been made against Tsui, nor does the Plaintiff have any claims against Tsui.

3.    In the course of a prior pending action in the Middlesex County Superior Court, Civil Action No. 03-451-L2 ("the Superior Court Action"), an

attachment was made on property standing solely in the name of Tsui at the request of the Plaintiff ("the Property"). The attachment was obtained exparte, and the merits, if any, relative to the taking and retention of property of Tsui, have never been reached by any Court.

4. This Court entered one or more orders requiring Tsui to appear at a deposition and to submit to examination by the Plaintiff relative to the issue of property that she owned which was attached in the Superior Court Action, the proceeds of which are presently held in escrow. On May 16, 2005, Tsui appeared at the deposition and produced documents, providing testimony and documents fully in compliance with the terms and provisions of the order of this Court entered on April 21, 2005.

5. A summary of the testimony elicited from Tsui by the Plaintiff at the May 16, 2005, deposition, is as follows:

- The Property was acquired and always titled in the name of Tsui.

- The financing of the purchase of the Property was accomplished through financing solely in the name of Tsui from an institutional lender, as well as a down payment of approximately $57,000.00 drawn from an account solely in the name of Tsui.

- At the time of the acquisition of the Property, Tsui and her debtor husband had been married approximately three years.

- At all material times relevant to the acquisition of the Property, Tsui had been gainfully employed.

- At various points in time, Tsui's debtor husband had deposited funds into Tsui's account for purposes of support of Tsui, his wife, and his minor child residing with Tsui and her debtor husband.

- Tsui utilized funds from her husband to pay household expenses, to support the minor child and utilize her own funds for paying mortgage payments, taxes and maintenance as to the Property.

- Tsui and her debtor husband are presently going through a divorce proceeding in California and although the divorce has not been completed, the parties have an agreement that the Property constitutes an asset belonging to Tsui alone.

7.  Over the course of four hours of testimony, the above summarizes the material points of information that were solicited by counsel for the Plaintiff.[1]

8.  During the course of this deposition testimony, there was never any testimony, documentation or other evidence demonstrating the existence of any secret agreement between Tsui and her debtor husband, or any form of arrangement whereby Tsui was holding property for the benefit of her husband. Further, no evidence of facts were elicited or demonstrated indicating that any transfer by and between Tsui and her debtor husband was fraudulent as to creditors under the provisions of M.G.L. c.109A.

## *Argument*

It is well established in the Commonwealth of Massachusetts that a presumption arises relative to transfers of property between husband and wife, that any such transfer is presumed to be a gift. *Laezza v. Laezza*, 369 Mass. 716,

717, 277 N.E. 2d 522, 523 (1972). This presumption may be rebutted and a resulting trust can be established *only* on proof that it was not intended *at the time of the conveyance* that the wife should take a beneficial interest in the Property by way of gift, settlement or advancement. *Id. Pollock v. Pollock,* 223 Mass. 382, 384, 111 N.E. 963, 964 (1916). (emphasis supplied)

The very simple reason in this case that the Plaintiff will be capable of demonstrating nothing other than the fact that the debtor husband made certain interim transfers of cash for his wife to pay household expenses, which such transfers having been made *after* the acquisition of the Property, the Plaintiff cannot demonstrate that any resulting trust was intended *at the time of the acquisition of the Property*. Since the Plaintiff cannot prevail on any set of facts or circumstances presently existing, this Court should not allow this proceeding to go forward any further, but should order that the funds presently held in escrow should be turned over to Tsui forthwith.[2]

### *Conclusion*

Based upon the foregoing, the Plaintiff cannot prevail on any theory, claim or fact claim, facts or circumstances available, and accordingly, claims against Tsui's property should be dismissed with an affirmative order setting forth and requiring the Plaintiff to turn over funds with accumulated interest to Tsui.

---

[1] As of the date of the preparation of filing of this motion, the deposition transcript is not yet available.

[2] As described at prior hearings before the Court, Tsui is without any specific remedies other than an equitable order from this Court. Since she is not a party, she is not capable of filing a motion under Rule 56 seeking summary judgment, although this motion is simply in that nature. Since she has never been made a party to any proceeding while still having herself deprived of her property, this Court should act as requested herein.

-4-

-5-

WHEREFORE, Tsui respectfully requests this Honorable Court to allow this motion upon the terms and conditions set forth herein, along with such other and further relief as the Court deems just and proper.

                                                        Respectfully submitted,
                                                        Ching Yee M. Tsui
                                                        By her attorney,

Dated: May 20, 2005                          /s/ Michael B. Feinman
                                                        Michael B. Feinman
                                                        BBO#545935
                                                        Feinman Law Offices
                                                        23 Main Street
                                                        Andover, MA  01810
                                                        Tel:  978-475-0080
                                                        Fax: 978-475-0852
                                                        Email:mbf@feinmanlaw.com

04x3791\usdistrictcourtmotionfororder.doc