GANNETT & ASSOCIATES
ATTORNEYS AT LAW
165 FRIEND STREET, SUITE 200
BOSTON, MA 02114-2025

(617) 367-0606
FAX (617) 367-2121

June 7, 2005

Ms. Lisa Urso
United States District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

  Re: General Electric Mortgage Insurance Corporation v. Chi Chen
    United States District Court for the District of Massachusetts
    <u>Civil Action No. 04-11456-RWZ</u>

Dear Ms. Urso:

  As you may recall, the above referenced matter was on for status on May 31, 2005.

  At the status conference I informed the Court that a deposition of Ms. Tsui occurred on May 16, 2005 and that I learned the approximate whereabouts of Mr. Hu, whom, my client, GEMIC, proposes to join in this action as a party.

  I also informed the Court that Mr. Hu's California divorce attorney, Andrew Wu, was located and who agreed to a conference at his California office for the purposes of seeking a resolution. I made arrangements to travel to California for the June 6, 2005 meeting with Mr. Wu. On June 3, 2005, the business day prior to the anticipated meeting, I received a telephone call indicating that Mr. Hu had discharged Mr. Wu. While Mr. Wu was willing to meet with me as a courtesy, he explained that given Mr. Hu's communications to him little substantive matters could be accomplished.

  Further investigation reveals that Mr. Hu and Ms. Tsui own as community property a house in San Jose, California. Ms. Tsui never revealed the existence of this house at the deposition. She claimed she did not know where Mr. Hu lived or where Ivan Hu, her stepson, claimed as a California residence in order to attend the University of California at Berkley. Mr. Wu suggests that Mr. Michael Hu resided in the San Jose property.

GANNETT & ASSOCIATES

P. 2 Ms. Lisa Urso 06/07/05

  According to public records, Ms. Tsui's divorce attorney, Dale Chen, sold the house under a power of attorney, and the transfer was only recently recorded. According to the May 16, 2005 transcript Tsui was instructed not to answer certain questions which GEMIC posed. GEMIC contends Tsui did not disclose data which would have led GEMIC to the San Jose property. Because Mr. Hu has an interest in that house, regardless of the name on the deed, based upon the fact that he financed the house (according to Mr. Wu) and California is a community property state, GEMIC, as a judgment creditor, has a legal interest in the sale proceeds whether held by Dale Chen (Ms. Tsui's California divorce attorney) or by Tsui herself. I am informed by Mr. Wu that there is an order of the Santa Clara County Family Court that the proceeds of the sale of said San Jose property are to be held undistributed pending the conclusion of the divorce. Because Mr. Hu is now essentially *pro se* there is a danger that the proceeds, which Mr. Hu has a legal interest in and are subject to attachment or provisional relief by GEMIC may be distributed without addressing GEMIC's wholly legitimate concerns nor satisfying its judgment.

  Based upon the above, I ask that the Court conduct another status conference as soon as possible so that my client can protect its interests. Because no action has been taken upon the motion to amend complaint (and it may be denied) I am seeking guidance to achieve my client's goals without the necessity of a separate lawsuit concerning this recent activity noted herein.

Very truly yours,

Richard W. Gannett

c: Michael B. Feinman, Esq.