UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11456-RWZ

GENERAL ELECTRIC MORTGAGE )
INSURANCE CORPORATION, )
)
)
Plaintiff, )
Judgment Creditor, )
v. )
)
CHI CHEN )
A/K/A CHI CHEN HU, )
A/K/A TRACY CHEN, )
)
Defendant )
Judgment Debtor. )
)

**GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION'S
MOTION TO CANCEL OR IN THE ALTERNATIVE TO ADJOURN TO A DATE
CERTAIN THE HEARING SCHEDULED FOR AUGUST 15, 2005 CONCERNING
CHING YEE M. TSUI**

Judgment creditor General Electric Mortgage Insurance Corporation ("GEMIC") seeks to cancel or in the alternative to adjourn to a date certain the hearing scheduled for August 15, 2005 concerning Ching Yee M. Tsui ("Tsui").

On August 4, 2005, GEMIC filed a civil action against Tsui in the Massachusetts Superior Court. A true and correct copy of the complaint is attached ("the Tsui complaint"). The Tsui complaint subsumes the issues that may have been raised on August 15, 2005 in this Honorable Court and adds other issues and theories as well. One new issue is the cash proceeds from the sale of judgment debtor Cheng Yih Hu's ("Hu") Silicon Valley house. As noted in

GEMIC's opposition to Tsui's dissolution motion, GEMIC only recently learned of Tsui's divorce proceedings from judgment debtor Michael Hu ("Hu"). Contrary to the representations Tsui made to this Court and to the Massachusetts Superior Court that Tsui fled *from* Hu, the undisputed evidence adduced indicates she fled *with* Hu to California. By way of example only, a representative sample of certain divorce papers from the Santa Clara Superior Court San Jose, California indicates that:

* the separation period between Tsui and Hu commenced in late October 2004, not February 2003 as Tsui claimed;

* Tsui is unemployed militating against the claim that she could qualify for a $3,800.00 monthly mortgage payment on a new Silicon Valley marital home;

*Tsui knows Hu's residence and employment data. Nevertheless, four months after disclosing Hu's exact annual salary and financial data to the Santa Clara County Superior Court, at the deposition conducted by GEMIC, Tsui stated under oath she did not know anything about his employment, financial data or residence;

*At the deposition conducted by GEMIC Tsui claimed she is forced to subsist on the generosity of an "aunt" when in fact, according to Hu's statements in the divorce papers she improperly wire transferred $90,000.00 of marital money to an offshore account controlled by her sister who is delivering funds to Tsui from an unknown off shore bank account;

2

*There exists an "educational trust," ostensibly for Ivan Hu, Michael Hu's 19 year-old son, which Hu has borrowed against. GEMIC notes that on December 2, 1991 some $92,059.63 in cash proceeds from Hu's former home located at 10 Autumn Lane Chelmsford, MA was "transferred" to an account "for the benefit of Ivan Hu" and for which Tracy Chen's Chapter 7 discharge was denied under 11 U.S.C. sec. 727(a)(3). Tracy Chen is the first wife of Michael Hu;

*Tsui claims to have only $9,000.00 in cash.

Moreover, the show cause order remains in effect, as noted during the April 21, 2005 status conference. The August 15, 2005 hearing (regardless of the pendency of the Superior Court action) is not ripe because Tsui has not produced all of the documents properly sought in the subpoena *duces tecum* served upon her during August 2004 at her supposed Hong Kong address.

In addition to not producing relevant documents at the May 16, 2005 deposition, Tsui failed to answer certain questions posed to her by GEMIC. The deposition transcript reveals that Tsui's attorney instructed Tsui not to answer certain deposition questions. One of the results of Tsui being instructed not to answer and failing to produce documents is that GEMIC has been hampered in preparing for the August 15, 2005 hearing. It should be noted that Tsui's objections to the subpoena *duces tecum* were waived in light of the established procedural rule that objections to a Rule 45 subpoena must be served within 10 days. Pursuant to this long standing rule, Tsui's objections, if any, were due on September 1, 2004. Tsui's objections served 9 ½ months after service of the subpoena is untimely under any calculation.

GEMIC conferenced the within motion and the discovery issues with Tsui's counsel under Local Rule 7.1(A). Tsui has stated she will not produce additional documents and she refuses to answer GEMIC's deposition questions. In addition, GEMIC notified Tsui's counsel on July 6, 2005 that it was probable that a civil action would be initiated against Tsui in the Superior Court. There can be no surprise to Tsui or her counsel based upon this July 6, 2005 notification and conference.

Now that GEMIC has filed its own lawsuit against Tsui, she will be a party in that action and GEMIC desires to conduct certain written discovery that it has been unable to do this far because Tsui was not a party in this Honorable Court..

Tsui testified on May 16, 2005 that concerning the business Tsui and Hu owned together Tsui had no recollection of Michael Hu or Systems Communications, Inc. ("Systems") utilizing a bank account during the years 1998 to 2003. Tsui testified she deposited five figure Systems checks into her account and wrote checks for the family expenses using Systems funds. Tsui further testified that Hu made substantial deposits into said account at a time when Tsui was earning a modest hourly rate as a student at Rivier College in Nashua, New Hampshire. During this time period Tsui admits Hu (or Systems) deposited some $33,000.00 into Tsui's account; another time Hu (or Systems) deposited some $14,000.00.

GEMIC requires additional discovery so that it can adequately prepare. GEMIC believes that it has been lead on a "wild goose chase" by Tsui claiming to be running away from her abusive husband and residing in Hong Kong, when the evidence indicates that Hu and Tsui left Westford, Massachusetts to start a new life together in California where they bought a Silicon

4

Valley marital home. Tsui's representations that she was residing in Hong Kong were fabricated in a continuing effort by both Hu and Tsui to keep lawful creditors of Hu off track.

GEMIC also seeks to meet with certain fact witnesses located in California before any scheduled hearing in this Honorable Court.

According to Tsui's sworn testimony she and Hu have filed joint tax returns for each year she and Hu claim they are estranged yet she claims she has no idea where he resides.

On April 21, 2005, this Federal Court stated that if averments or theories of relief are plead in an amended complaint, then Tsui must answer these matters at deposition. GEMIC delivered the amended complaint to Tsui at her deposition on May 16, 2005. The amended complaint was filed with this Court the next day, on May 17, 2005. Notwithstanding this order, Tsui failed to answer deposition questions concerning certain averments in said amended complaint.

In light of the pending Superior Court action against Ching Yee M. Tsui, new facts discovered on May 16, 2005 concerning the divorce action and the Silicon Valley real property and other unknown or unknowable matters GEMIC verily believes that the matters the issues raised in the pending Superior Court action will subsume the issues already raised and because of the evasive conduct of Tsui and Hu GEMIC requires additional discovery to in preparation for any hearings evidentiary or otherwise.

WHEREFORE, GEMIC prays that this Honorable Court:

I.   Cancel or Adjourn the Hearing Scheduled for August 15, 2005;

II.  For further relief the Court deems just and proper.

General Electric Mortgage Insurance Corporation,
Plaintiff/Judgment Creditor,
By its attorney,

_____
Richard W. Gannett, Esquire
BBO #184430
Gannett & Associates
165 Friend Street, Suite 200
Boston, MA 02114-2025
(617) 367-0606

Dated: August 4, 2005

## CERTIFICATE OF SERVICE

I, Richard W. Gannett, hereby certify that on August 4, 2005, I served a copy of General Electric Mortgage Insurance Corporation's Motion to Cancel or in the Alternative to Adjourn to a Date Certain the hearing scheduled for August 15, 2005 concerning Ching Yee M. Tsui upon the following individual, by U.S. Mail postage prepaid:

Michael B. Feinman, Esq.
Feinman Law Offices
23 Main Street
Andover, MA 01810

_____
Richard W. Gannett



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUFFOLK COUNTY SUPERIOR COURT
                                                           CIVIL ACTION NO.

| | |
|---|---|
| GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> CHING YEE M. TSUI, <br><br> Defendant. | **COMPLAINT** <br><br> **JURY DEMANDED** |

## NATURE OF THE ACTION

This action seeks to satisfy a Massachusetts judgment against defendant Cheng-Yih Hu ("Hu") and Chi Chen ("Tracy Chen"), arising from a Massachusetts lawsuit, civil action number 94-1901-L, Middlesex County Superior Court. It also seeks a remedy to impose a resulting trust on certain proceeds of the sale of certain real properties titled in the name of the defendant herein, Ching Yee M. Tsui ("Tsui") but in actuality belonging to the judgment debtor Hu. GEMIC seeks declaratory relief concerning the proceeds of the real property.

In addition this action seeks a prejudgment remedy to attach Cheng-Yih Hu's interest, however denominated, in certain funds and/or proceeds in the hands of, or in the custody or control of, an individual known as Dale N. Chen, an attorney-in-fact for Ching Yee M. Tsui.

## PARTIES, JURISDICTION & VENUE

1. Plaintiff General Electric Mortgage Insurance Corporation ("GEMIC") is a corporation with a usual place of business at 6601 Six Forks Road, Raleigh, North Carolina.

2. Defendant Ching Yee M. Tsui is a natural person who formerly resided at 36 Russell's Way, Westford, Middlesex County, Massachusetts.

3. Jurisdiction in the Suffolk County Superior Court is proper pursuant to G. L. c. 212 sec. 4.

4. Venue in the Suffolk County Superior Court is proper pursuant to G. L. c. 223 sec. 2.

## FACTS COMMON TO ALL COUNTS

5. In Massachusetts Middlesex County Superior Court action 03-451-L2 this Court has entered an order specially attaching the property commonly known as 36 Russell's Way Westford, MA. The Middlesex County Superior Court allowed 36 Russell's Way to be sold to a third party with the special attachment being imposed on the proceeds.

6. Said proceeds are held in a Citizens Bank of Massachusetts account number 1165-857514. Said account was opened at 73 Tremont Street Boston, Suffolk County, Massachusetts where the specially attached monies remain on deposit as the date of the filing of this complaint. The balance as of January 10, 2005 was $212,221.91.

7. Tsui and her various counsel made numerous representations to GEMIC, the Middlesex County Superior Court and to the United States District Court for the District of Massachusetts that Tsui had fled from Hu (Tsui claimed Hu was abusive) and relocated to Hong Kong, China.

2

Tsui's representations, according to an ongoing investigation appears not to be true and, in fact, false.

8. In fact her affidavit dated July 21, 2003 and filed with the Massachusetts Superior Court is especially deceptive and false in that Tsui again avers that she was fleeing *from* Hu when she was fleeing *with* Hu to escape the impact of the 03-451-L2 lawsuit.

9. Both Tsui and Hu moved together to the Silicon Valley and purchased another house which appears to be new construction.

10. Both Hu and Tsui appear to have done remarkably well in the Silicon Valley real estate market, where real property has reportedly appreciated at 10% (ten percent) a month.

11. Although Tsui claims to have no viable source of income, she avers to have purchased a house in the Silicon Valley with mortgage and various carrying charges of some $3,800.00/month.

12. According to public records and conversations with various persons the Silicon Valley house sold to a third party. Without additional data it is unclear the magnitude of monies garnered from said sale, but all reports indicate it is substantial, in the six figures, and that based upon the fact that the house was purchased while Hu and Tsui were married and was paid for by Hu, Hu has a legal interest in the house and its sale proceeds.

13. GEMIC claims that under the prevailing law of the Commonwealth of Massachusetts and the State of California Hu has a cognizable monetary interest in the proceeds of the Westford property and the Silicon Valley property. The Middlesex County Superior Court has already allowed a special attachment under G. L. c. 223 sec. 67. that has been challenged on numerous occasions by Tsui. Tsui has also filed an appeal of at least one order denying a motion to dissolve

the attachment. After review, the appeal was denied by a single justice of the Massachusetts Appeals Court.

14. At a court ordered deposition which was conducted in Boston, Massachusetts Tsui stated under oath that she did not know the whereabouts of her husband whom she was divorcing. When questioned Tsui did not disclose where Hu was employed nor the existence of the Silicon Valley property Tsui claims to have purchased with no visible means of support and which GEMIC contends was financed solely by Hu.

15. GEMIC contends that these statements and representations made under oath in Suffolk County Commonwealth of Massachusetts were actions and conduct of Tsui to cause harm to GEMIC in its wholly legitimate efforts to satisfy its Massachusetts judgment against Cheng Yih Hu. 12. Contrary to her denials to GEMIC, Tsui informed the Santa Clara County Superior Court in her divorce action without hesitation and with precision the location of Hu's residence and his employment data to the Santa Clara County Superior Court. In the same divorce action Cheng-Yih Hu claims a 50% interest in all community property including but not limited to the Silicon Valley property. GEMIC contends that based upon public records and other factors Cheng Yih Hu holds a legal cognizable defined interest in proceeds from the sale of the Silicon Valley house held by either Tsui or attorney in fact Dale N. Chen.

16. On October 5, 2000, the Middlesex County Superior Court entered a money judgment in the amount of $202,783.17, under Mass. R. Civ. P. 54(b), against Hu in Middlesex County Superior Court civil action number 94-1901-L. GEMIC has incurred substantial attorney fees since the entry of judgment described aforesaid in an effort to satisfy the judgment.

17. GEMIC holds and owns the judgment.

18. Said judgment remains unsatisfied in whole or in part.

19. On March 2003 in a civil action docketed as 2003-451-L2, the Middlesex County Superior Court allowed a motion of GEMIC to impose a special attachment under G. L. c. 223 sec. 67 on property nominally titled in the name of Ching Yee M. Tsui but which GEMIC alleges in fact belongs to judgment debtor Hu.

20. Subsequent to a hearing in the Middlesex County Superior Court that took place during June 2003 the subject property at 36 Russell's Way was sold to a third party for value and the monetary value of the special attachment under G. L. c.. 223 sec. 67 was deposited into an account at Citizens Bank of Massachusetts located in Boston, Massachusetts.

21. At or near this time GEMIC attempted to conduct a deposition of Tsui concerning the allegations and averments in an affidavit Tsui filed with the Middlesex County Superior Court which sought to oppose GEMIC's special attachment. Based upon other reports Tsui's affidavit appears to be either incorrect or made with a motive to knowingly deceive GEMIC. GEMIC attempted to conduct Tsui's deposition on several occasions. Tsui failed to appear. Tsui's counsel also failed to appear nor provide advance notice that neither Tsui nor counsel would appear. GEMIC possesses no-show transcripts of such attempts.

22. A term of the June 2003 order provided that Tsui must provide her current address to GEMIC. GEMIC contends that Tsui knowingly gave misleading addresses in an effort to conceal her whereabouts and that of Hu. By way of example only, Tsui provided a Hong Kong, China address. GEMIC later learned the address was not Tsui's address but that of Tsui's friend. In fact, Tsui was residing in the Silicon Valley with her husband in a house they purchased, financed and resided in together.

23. When Tsui finally appeared at deposition she failed to produce a large number of documents she was required to produce. Similarly, she failed to answer numerous deposition questions. At deposition Tsui continued to give false and misleading data concerning Hu. By way of example only, Tsui alleged that she had no idea where Hu was residing. Contrary to this statement made under oath, GEMIC learned that Hu was in fact residing in their recently purchased Silicon Valley marital home. Tsui's feigning ignorance of Hu's residence is one of many examples of the fraud perpetrated upon GEMIC by Tsui and Hu. Though she claims to have financed this property, it appears from all credible sources and her own testimony that this is not true. Tsui claims her sole source of income was the receipt of unemployment compensation and based upon this representation it is fair to assume Tsui was unemployed. It is not credible that she purchased this property without substantial definable payments by Hu. Moreover, given the documented arrangement as noted in Tsui's deposition transcript it appears from the credible evidence that they continued their Massachusetts arrangement in the Silicon Valley where Tsui is denominated as owner of the property and Hu pays for the real property with earnings deposited in Tsui's account. Tsui testified at deposition that Hu does not have a bank account and that the couple's only bank account is titled in the name of Tsui.

24. Tsui and Hu have filed joint tax returns, although Tsui has claimed that Tsui ran away from Hu and she had no idea where Hu resided.

25. Hu appears as a grantor of the Silicon Valley property that titled to Tsui.

26. Sometime in the recent past Tsui, through the use of a power of attorney, has sold the Silicon Valley property to a third party. The holder of the power of attorney appears to be that

of her attorney Dale Chen of Santa Clara County, California who appears to be attorney of record in her divorce action pending in the Santa Clara County Superior Court.

27. There are substantial indicia of fraud among Tsui and Hu and Hu's first wife Tracy Chen. There is also fraud based upon written findings of the Middlesex County Superior Court in the litigation against Tracy Chen's friend Gloria Shiao. Shiao engaged in a substantial fraud to avert collection efforts by lawful creditors including GEMIC. Hu's first wife also engaged in substantial fraud in the United States Bankruptcy Court where her discharge was denied for unexplained loss of assets under 11 U.S.C. 727(a)(3). In short, a key component of this finding is that Tracy Chen flat out lied about her assets and the whereabouts of the assets. In sum, this crew has a rich and demonstrated history for fraud and secreting monies in the name of straws. Tsui's conduct and actions including her pleadings and allegations is a continuation of the Hu/Chen/Shiao fraud.

28. GEMIC possesses documentation that demonstrates that Hu, not Tsui, claims to be the owner of the Westford proceeds and the Silicon Valley proceeds.

29. While Tsui claims the proceeds are hers and not that of Hu, Hu claims that they are in fact his as well in the divorce papers he has filed in the Santa Clara Superior Court.

30. GEMIC contends Hu paid the purchase price for both properties. There was no transfer between spouses. Hu's payments were paid directly to each seller.

31. GEMIC contends either that Hu paid the entire purchase price for the subject property or that he paid specific and definite amounts toward the purchase price which entitles him to an exact or definite interest in the property and in the proceeds earned thereon.

32. GEMIC contends that Hu made specific cash contributions toward the purchase at the time of the conveyances.

33. Hu paid the mortgage and carrying charges of the subject properties. Moreover these payments are relevant because Tsui and Hu intended these payments to act as the contemplated consideration for the conveyance.

34. In light of Hu's interest in the Silicon Valley property Hu expected to utilize the property at a below market rate after Tsui vacated the marital home.

## THE PLAINTIFF'S CLAIMS

<u>Count I</u>     Suit for Resulting Trust on the proceeds of 36 Russell's Way (Ching Yee M. Tsui)

35.    GEMIC repeats and realleges paragraphs 1-34 above as paragraphs 1-34 of Count I as if fully stated herein.

36.    Hu is indebted to GEMIC in the sum of $202,783.17 plus interest, costs and attorney fees. Interest accrues on the $202,783.17 judgment accrues from October 5, 2000 through the present.

37.    The property located at 36 Russell's Way in fact belongs to Michael Hu, though the property was titled in the name of Tsui.

38.    Tsui testified at deposition that Hu had no bank account and deposited all of his earnings from his business and otherwise into an account in the name of Tsui to pay for the household expenses including the mortgage at 36 Russell's Way. The bank deposits were in the substantial five figures while Tsui was being paid close to minimum wage at a New Hampshire college.

Based upon the testimony of Tsui, the 36 Russell's Way property was paid for by Hu, the judgment debtor.

39. A resulting should be imposed on any proceeds of the 36 Russell's Way property in favor of Hu and that said proceeds be turned over to GEMIC in partial satisfaction of its judgment against Hu.

<u>Count II</u>    Suit for Resulting Trust on the proceeds of the Silicon Valley house

40. GEMIC repeats and realleges paragraphs 1-39 of Count I as paragraphs 1-39 of Count II as if fully stated herein.

41. During several years of litigation Tsui claimed through her attorney in fact, Eric L. Levine, and other individuals that Tsui had fled from her abusive husband Hu. In fact, Tsui filed an affidavit claiming this to be true. Contrary to this statement Tsui fled *with* Hu to California. Tsui made these representations to mislead GEMIC and throw GEMIC off the track of Tsui and Hu. Hu and Tsui agreed to make it as difficult for GEMIC to satisfy its judgment and whenever possible to interfere with GEMIC's attempt to satisfy its judgment. Tsui claimed in repeated representations to the Superior Court that Tsui resided in Hong Kong when she and her husband were residing in the Silicon Valley.

42 A resulting trust should be imposed on the proceeds of the Silicon Valley property in favor of Hu and that said proceeds be turned over to GEMIC in partial satisfaction of its judgment.

<u>Count III</u>    Declaratory Judgment (Mass. R. Civ. P. 57 G.L. c. 231 sec. 1)

43. GEMIC repeats and realleges paragraphs 1-42 of Count II as paragraphs 1-42 of Count III as if fully stated herein.

44. A justiciable controversy has arisen between Tsui and GEMIC concerning the proceeds of 36 Russell's Way and the proceeds of the Silicon Valley property. Tsui contends the entire proceeds belong to her. GEMIC contends Michael Hu, is entitled to most if not all of the proceeds. Moreover, Tsui has commenced a divorce action in the Santa Clara County Superior Court in the state of California. GEMIC contends that under the applicable legal precedent, Hu has a legal interest in the proceeds of the sale of both parcels of real property such that claims of GEMIC may be partially or fully satisfied out of the proceeds. GEMIC is unaware of the location of the proceeds of the Silicon Valley property, however public records indicate that Tsui's divorce attorney was the seller under a written power of attorney and consequently this fact and the Santa Clara County Superior Court records make it appear that it is in the hands of the attorney in fact, Dale N. Chen.

## RELIEF SOUGHT

I.  That the Court enter judgment on Count I in favor of General Electric Mortgage Insurance Corporation and against Ching Yee M. Tsui and make a finding that a resulting trust be imposed on the proceeds of 36 Russell's Way, on deposit in Citizens Bank of Massachusetts such that Cheng Yih Hu is deemed to be the true owner in fact of said proceeds;

II. That the Court enter judgment in favor of General Electric Mortgage Insurance Corporation and against Ching Yee M. Tsui and make a finding that resulting trust be imposed on the proceeds of the Silicon Valley property and make a finding that Cheng Yih Hu is deemed to be true owner in fact of said proceeds.

III. That the proceeds for the sale of both properties be turned over to GEMIC to satisfy the Massachusetts Superior Court judgment against Hu entered in 2000;

IV. That the Court enter a declaratory judgment and declare that of both parcels of real property and the proceeds thereon belong in fact to judgment debtor Chen Yih Hu and that judgment creditor General Electric Mortgage Insurance Corporation is entitled to satisfy its lawful judgment from said proceeds pursuant to Mass R. Civ. P. 57 and G. L. c. 231 sec. 1;

V. That the Court make a finding that Cheng Yih Hu's interest in the proceeds of the Silicon Valley property is subject to a prejudgment remedy, held by Dale N. Chen, attorney in fact, in partial payment of Cheng Yih Hu's debt to GEMIC;

VI. That the Court award reasonable attorney's fees against Ching-Yee M. Tsui and in favor of General Electric Mortgage Insurance Corporation;

VII.   For further relief the Court deems just and proper.


**General Electric Mortgage Insurance Corporation demands a jury trial on all issues so triable.**

General Electric Mortgage Insurance Corporation,
Plaintiff,
By its attorney,

_____
Richard W. Gannett, Esquire
BBO #184430
Gannett & Associates
165 Friend Street, Suite 200
Boston, MA 02114-2025
(617) 367-0606

Dated: August 1, 2005

11