**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 04-11456-RWZ

GENERAL ELECTRIC MORTGAGE
INSURANCE CORPORATION,
                Plaintiff,
                  Judgment Creditor
V.

CHI CHEN A/K/A CHEN HU,
A/K/A TRACY CHEN,
                Defendant,
                Judgment Debtor

**OPPOSITION OF INTERESTED PARTY, CHENG YEE M. TSUI, TO**
**MOTION OF PLAINTIFF TO CANCEL OR ADJOURN TRIAL**
**SCHEDULED FOR AUGUST 15, 2005**

NOW COMES the interested party, Ching Yee M. Tsui ("Tsui"), by her counsel, and states to this Honorable Court her opposition to the motion filed by General Electric Mortgage Insurance Corporation ("GEMIC") to cancel or adjourn a hearing scheduled to be a trial on the merits of the case scheduled for August 15, 2005.

Preliminarily, Tsui states that, in violation of the Local Rules of this Court, there has been no conference concerning the filing of a motion to cancel or adjourn the Court's hearing presently scheduled for August 15, 2005. There was a conference conducted during or about July 6, 2005, concerning a discovery dispute

raised relative to a deposition of Tsui conducted in accordance with the terms and provisions of the orders of this Court on May 15, 2005.[1]

In support of this motion, Tsui states as follows:

1.    This action was brought by the Plaintiff, GEMIC, on June 25, 2004.

2.    The case was commenced subsequent to the commence of another case in the Middlesex County Superior Court, Civil Action No. 03-451-L2 ("the Civil Court Action") in which property of Tsui, a non-party both in the Civil Court Action and this case, was attached.   After the Plaintiff, GEMIC was denied a request for discovery of Tsui in the Civil Court Action, GEMIC commenced this action immediately seeking the same discovery that was denied in the Civil Court Action.

3.    After a status conference on April 21, 2005, in this Court, the parties agreed for a deposition of Tsui to be conducted on May 15, 2005.  At the time of the status conference hearing, the scope of discovery was specifically raised and addressed by the Court.  Specifically, the Court indicated that discovery was to be limited to the issue of whether or not The Defendant, Michael Hu, had any ownership interest in the property located at 36 Russell's Way, Westford, Massachusetts, and the proceeds therefrom, and otherwise , discovery was to be governed by the terms and provisions of the pleadings.  Since the pleadings seek relief only based upon a pre-existing judgment, there was nothing to discover

---

[1] Contrary to assertions set forth in the motion that GEMIC "recently" learned of a pending divorce between Tsui and Michael Hu, the named Defendant in this case.   At the very latest date, GEMIC learned of the divorce on the date of the deposition of Tsui, and likely earlier in the course of conversations between counsel.

from Tsui other than issues pertaining to the 36 Russell's Way, Westford, Massachusetts property, and its proceeds.

4.      At the deposition scheduled for and conducted on May 15, 2005, counsel for GEMIC handed to Tsui and her counsel, an unsigned and undated amended complaint which had not yet been filed with this Court, seeking at the last minute to expand the scope of discovery.  Tsui, through counsel, presented a response to the deposition subpoena in accordance with the terms and provisions of the Court's order limiting discovery and objected to inquiries or document requests from GEMIC seeking information and documents such as a copy of Tsui's passport, visa or greencard, and similar irrelevant information, all in violation of this Court's discovery order of April 21, 2005.

5.      GEMIC has never brought a motion to compel or for clarification with regard to this discovery issue, or any other discovery issue.

6.      At a subsequent conference of this case on May 31, 2005, the Court scheduled this matter for trial on August 15, 2005.

7.      Subsequently, on June 27, 2005, the amended complaint presented to Tsui and her counsel at the May 15, 2005, deposition, was allowed to be amended by the Court.

8.      Now, GEMIC seeks once again to delay these proceedings and to continue to hold, without recourse to Tsui, her property consisting of the proceeds in the Westford, Massachusetts property.[2]

---

[2] It is shocking that GEMIC has proceeded to seek further delay.  GEMIC has complained that it has been trying for so long to collect upon the outstanding claims.  Since involvement of Michael B. Feinman as counsel for Tsui, GEMIC has had its discovery, has its day in Court scheduled, and now seeks a further delay by commencing yet a third suit in another state court action, this time in the Suffolk County Superior Court.  As discussed below, if GEMIC can arrange for service upon

9.      The new complaint, commenced in the Suffolk County Superior Court ("the Suffolk Case"), is, on its face, a jumble of nonsensical, unsupported allegations.  To begin with, the claims set forth allegations that support no basis for jurisdiction within the Commonwealth of Massachusetts, and certainly no basis for venue within Suffolk County.  Further, the complaint once again, re-hashes the baseless allegations concerning the Russell's Way, Westford, Massachusetts property previously brought both in the Civil Court Action and in this Court.[3]

10.     The only new issue raised in the Suffolk Case is that GEMIC now seeks to attach property of Cheng Yih Hu, a non-party to the Suffolk Case, which property is presently maintained, as alleged, in escrow accounts with attorneys in California.[4]

11.     In reality, the Plaintiff seeks a further delay of this action because the Plaintiff has absolutely no hope of prevailing.  Further, should the Plaintiff fail in prevailing against Tsui in this court action, as is anticipated, it is entirely likely that Tsui will seek sanctions for the outrageous conduct that has brought her through the Civil Court Action, this lawsuit, and now apparently, a third lawsuit consisting of the Suffolk Case.

---

Tsui, she plans to immediately seek a motion to dismiss of the most recent court action brought in the Suffolk County Superior Court and to request sanctions.

[3] The fact that the issues relative to the Russell's Way, Westford, Massachusetts property are brought again by GEMIC in another court, are contrary to the representations made by GEMIC's counsel to this Court wherein he indicated that he was looking for a single trial of the issues relating to the Russell's Way, Westford, Massachusetts property, and that win or lose in this Court, this adjudication would resolve all issues relating to those issues.

[4] As can be seen by the complaint for the Suffolk Case, once again, the Plaintiff seeks to attach property belonging to non-parties, a familiar theme in lawsuits generated by this Plaintiff. Further, how the Plaintiff can manage to obtain an attachment of assets maintained within the State of California, is a continuing effort of the Plaintiff to create its own new rules of law.

-4-

-5-

WHEREFORE, based upon the foregoing, Tsui respectfully requests this Honorable Court to deny this motion, and to grant such other and further relief, consisting of the following:

a.   For an order compelling the Plaintiff to dismiss forthwith, the Suffolk Case;

b.   For a finding that the Plaintiff's motion to which this opposition applies, is frivolous and interposed solely for purposes of delay, thus entitling Tsui to costs for opposing this motion; and

c.   For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Ching Yee M. Tsui
By her attorney,

Dated: August 5, 2005                          /s/ Michael B. Feinman
                                               Michael B. Feinman
                                               BBO#545935
                                               Feinman Law Offices
                                               23 Main Street
                                               Andover, MA  01810
                                               Tel:  978-475-0080
                                               Fax: 978-475-0852
                                               Email:mbf@feinmanlaw.com

04x3791\usdistrictcourt\opposition8-5-05.doc