UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11456-RWZ

GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION

v.

CHI CHEN,
A/K/A CHI CHEN HU,
A/K/A TRACY CHEN

MEMORANDUM OF DECISION AND ORDER

August 9, 2004

ZOBEL, D.J.

In 1996, Plaintiff General Electric Mortgage Insurance Corporation ("GEMIC")

obtained a money judgment in the amount of $151,386.93 against Defendant Michael

Hu in Middlesex County Superior Court of the Commonwealth of Massachusetts.  In

2000, GEMIC obtained a similar judgment against Mr. Hu's first wife, defendant Chi

Chen, in the amount of $202,783.17.  To date, plaintiff has received no payments from

defendants Hu and Chen and ostensibly filed the instant suit to further compel the

satisfaction of these judgments and obtain reimbursement for its attorneys' fees.

Plaintiff has not named defendant Hu's second wife, Ching Yee M. Tsui, in the

instant suit but obtained an attachment to certain real estate (the "Westford property")

that Ms. Tsui tried to sell, on the contention that defendant Hu funded the real estate

purchase.  At plaintiff's request, the Court ordered Ms. Tsui's deposition specifically on

this issue.  At the deposition, plaintiff attempted to expand the scope of interrogation by

amending its complaint but failed to seek prior permission from the Court for such amendment. The interrogation was appropriately limited to inquiry regarding the Westford property. Plaintiff has identified assets on which it apparently seeks to levy to satisfy its judgments. A dispute exists whether defendants Hu and/or Chen have any rights in these assets, and the Court scheduled an evidentiary hearing on August 15, 2005, to resolve this dispute.

Plaintiff subsequently filed a separate civil action against Ms. Tsui in the Massachusetts Superior Court and now moves to cancel or adjourn the August 15, 2005, hearing. Ms. Tsui is not a defendant in the instant case. Accordingly, there appears to be no basis for canceling or delaying proceedings in order to pursue further discovery of Ms. Tsui in another venue, especially as plaintiff has had an opportunity to depose her with respect to the issues originally framed in this case. Although plaintiff asserts that Ms. Tsui's failure to produce certain documents in connection with her deposition merits cancellation or adjournment, the alleged urgency is not reflected in any motions to compel or similar filings. Its claim that it needs to depose additional fact witnesses in California before the hearing remains unsupported by any identification of these witnesses or the relevance of their expected testimony.

Because plaintiff has failed to establish any reasonable basis for canceling or adjourning the August 15 hearing, its motion is denied. The hearing will be held as scheduled, unless plaintiff voluntarily dismisses the suit prior to such date.

_____           /s/ Rya W. Zobel
                                  _____

DATE                                      RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE