**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 04-11456-RWZ

GENERAL ELECTRIC MORTGAGE
INSURANCE CORPORATION,
                Plaintiff,
                   Judgment Creditor

V.

CHI CHEN A/K/A CHEN HU,
A/K/A TRACY CHEN,
                Defendant,
                Judgment Debtor

**MOTION FOR ISSUANCE OF SANCTIONS AGAINST COUNSEL FOR THE
PLAINTIFF PURSUANT TO 28 U.S.C. §1927, AND RULE 11 OF THE
<u>FEDERAL RULES OF CIVIL PROCEDURE</u>**

NOW COMES the interested party, Ching Yee M. Tsui ("Tsui"), by her counsel, and moves this Honorable Court for the issuance of sanctions and costs against counsel for the Plaintiff relative to the commencement of this action pursuant to the provisions of 28 U.S.C. §1927, and Rule 11 of the Federal Rules of Civil Procedure.

In support hereof, Tsui states as follows:

1.      The Plaintiff in this case, General Electric Mortgage Insurance Corporation ("GEMIC"), is the holder of one or more judgments against the Defendant in this case, Chi Chen ("Chen"), and her former husband, Cheng-Yih Hu ("Hu"), as a result of separate judgments against them in Middlesex County, Massachusetts, Civil Docket No. 1994-1901 (the "Original Action"). Hereinafter,

the claims held by GEMIC against Chen and Hu are referred to collectively as "the Judgment".

2.      Tsui, currently married to Hu, has never had any dealings or prior obligations involving GEMIC, but was married to Hu on February 15, 1995. Tsui is not obligated pursuant to the Judgment in the Original Action.

3.      In an effort to collect and pursue the Judgment held against Hu, GEMIC commenced an action with the Middlesex County Superior Court, Civil Action No. 03-451, on January 31, 2003 ("the Middlesex Action").

4.      During the course of the Middlesex Action, GEMIC brought before the Court an exparte motion for a real estate attachment against Tsui, claiming that her residential property standing in her name, was actually property of Hu, although Tsui was not made a party to the Middlesex Action. The Middlesex County Superior Court allowed the motion.

5.      Pursuant to subsequent events, as Tsui was seeking to sell her residence which was located at 36 Russell's Way, Westford, Massachusetts ("the Property"), the parties reached an agreement to allow the Property to be sold, and any proceeds therefrom otherwise to be paid to Tsui would be held in escrow and subject to the attachment granted by the Court.

6.      In the course of the Middlesex Action, GEMIC brought a motion on January 30, 2004, seeking to compel deposition testimony of Tsui, which motion was opposed. On March 11, 2004, the Court denied the request of GEMIC to seek such deposition testimony and specifically ordered the following:

> If ethically appropriate, counsel for Yee M. Tsui shall file a motion to dissolve the attachment in compliance with Superior Court Rule 9A and the matter shall be scheduled for a hearing in June 2004.

7.    Having been denied discovery, or further discovery, in the Middlesex Action, counsel for GEMIC caused to be filed this action, with this Court, on June 25, 2004.  The claims set forth in this action arise from the Judgment, however, the only difference between the Middlesex Action and this case, was that counsel for GEMIC named as a Defendant, Chen.  Again, in the Federal Action, Tsui was not named as a party, but GEMIC continued to pursue the claims that the proceeds of the Property truly belonged to Hu, and that they were entitled to have such funds turned over to them.  During the course of this case, the Court held and conducted various hearings, including but not limited to a hearing conducted on March 29, 2005.  A copy of the transcript of such hearing is attached hereto and marked as Exhibit "1".

8.    During the course of the hearing, the Court (Zobel, J.) made inquiry to Plaintiff's counsel as to why there existed two separate court actions that were essentially the same or duplicative actions.  Unfortunately, the Court never obtained an answer to the question from GEMIC's counsel.

9.    During the course of discussion with counsel to Tsui, the Court addressed the concerns of Tsui's counsel concerning the need for a single adjudication, as there was a possibility of inconsistent decisions between the two courts, especially because Tsui was not a party in either the Middlesex Action or the Federal action, yet her property was placed in jeopardy.[1]

---

[1]  The purpose of raising this issue with the Court was to indicate the fact that there was no need for duplicative actions, and that the Federal Action never had to have been brought in the first place, but for the fact that GEMIC's counsel had been denied further discovery in the Middlesex Action.

10.    In seeking to assure that there would only be a single adjudication of the issues concerning the Property and the proceeds therefrom, counsel for the parties and the Court engaged in a discussion which is clear and set forth in the transcript of the hearing:

| | |
|---|---|
| MR. FEINMAN: | I understand the point. What I'm simply trying to say is with regard to – Judge Chernoff has set forth – on Page 5 of my opposition, I stress to the Judge that there was a danger of inconsistency of decisions because the question as you pose to Mr. Gannett, this is the same defendant, the same judgment, the same claim in two different courts. |
| THE COURT: | There will not be any inconsistency of position because if Mr. Gannett prevails here, he will dismiss the state court case. |
| MR. FEINMAN: | If he doesn't prevail in this Court, again, what happens in the state court case? |
| THE COURT: | If he doesn't prevail here and she appears and answers questions and he loses because I don't believe the facts, he'll still dismiss the state case, right? |
| MR. GANNETT: | Yes, your Honor. |
| MR. FEINMAN: | So, in other words, we'll have a single adjudication? |
| THE COURT: | We'll have a single adjudication. |
| MR. FEINMAN: | And it will be here? |
| THE COURT: | It will be here unless Mr. Gannett decides to go back to the state court, in which case it won't be here. |
| MR. FEINMAN: | I think – |
| THE COURT: | He gets one adjudication, period. |

MR. FEINMAN:      Okay.   That seals it, your Honor, because I almost felt like you took from the left and gave to the right.

THE COURT:      No.  It's one, either here or there, your choice.

MR. GANNETT:      Here, your Honor.  And I believe Judge Chernoff concurs.

(Exhibit "1", pp.14:3-15:9.)

11.    Such discussions took place subsequent to a motion filed by Tsui in the Middlesex Action seeking to dissolve the attachment pursuant to which her property proceeds are held.  That motion was opposed by counsel for GEMIC, and an order by Judge Chernoff, as referenced in the transcript which is Exhibit "1", indicated that he would take no action on the motion and that a single adjudication should take place in the Federal Action.  A copy of Judge Chernoff's order issued by which no action was taken on Tsui's motion, is attached hereto and marked as Exhibit "2".

12.    As ordered by the Court, and pursuant to the terms and provisions of the Rules of Discovery, Tsui appeared at a deposition and produced a significant volume of documents on May 15, 2005.  Tsui answered all questions within the scope of discovery as defined by the Court on April 21, 2005, and as recognized in the order of this Court dated August 9, 2005.  At or before that date, counsel for GEMIC learned that Tsui was engaged in a divorce proceeding with Hu in the courts in the State of California.

13.    On August 4, 2005, counsel for GEMIC caused to be filed the following pleadings:

a.    In the Suffolk County Superior Court, GEMIC cause to be filed a fresh complaint against Tsui, individually, and raising, apparently,

all of the same issues that had been raised in the Middlesex Action and the Federal Action. The Suffolk Superior Court civil action commenced by GEMIC and its counsel is Civil Action No. 05-3315 ("the Suffolk Action").

b.      In the Federal Action, a notice to adjourn or cancel the trial scheduled for August 15, 2005, which trial had been scheduled since May 31, 2005.

14.     Even though GEMIC has its attachment maintained in the Middlesex Action, it has represented to the Court in the Federal Action as well as in the Middlesex Action, that GEMIC sought a single adjudication in one court, both of which were ready, willing and able to provide such an adjudication, GEMIC has now inexplicably caused to be filed a brand new action commenced as the Suffolk Action, and ostensibly for the sole purpose of seeking ongoing and continuous discovery. This purpose is evidenced by a letter forwarded by GEMIC's counsel to Tsui's counsel dated August 11, 2005, a copy of which is attached hereto and marked as Exhibit "3".

15.     Further, before GEMIC filed any pleadings with this court to seek dismissal in order to avoid trial on August 15, 2005, counsel for GEMIC sought further post-judgment remedies in the Original Action that formed the basis for the Judgments against Hu and Chen, that being MICV1994-01901. A copy of correspondence from GEMIC's counsel to the clerk in Middlesex County dated August 10, 2005, is attached hereto and marked as Exhibit "4".[2]

---

[2] None of the pleadings referenced in GEMIC's letter to the court were served upon Tsui's counsel.

16.    Not only is it clear that there is no basis for jurisdiction over Tsui, individually, in the Suffolk Action, but the mere filing of the complaint itself clearly is an effort to continue to extend those matters that should have been litigated in the Federal Action.

### *Discussion*

1.    ***Counsel for GEMIC has violated 28 U.S.C. §1927 by unreasonably and vexatiously causing a multiplication of proceedings in this case, and in other pending proceedings.***

The provisions of 28 U.S.C. §1927 ("the attorney fee statute") provide as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions may be imposed under the attorney fee statute if three requirements are met: (1) multiplication of proceedings by an attorney or another person, (2) conduct that can be characterized as unreasonable and vexatious, and (3) a resulting increase in costs of the proceedings. *Hidahl v. Gilpin County Dept. of Social Services,* 699 F.Supp.846 (D.Co. 1988).

In the First Circuit, the standard by which a court assesses whether §1927 has been violated is objective in nature and does not require a finding of subjective bad faith. H*ochen v. Bobst Group, Inc.,* 198 F.R.D. 11,17 (D.Mass.,2000), citing *Cruz v. Savage,* 896 F.2d 626, 631-632 (1st Cir., 1990). Under §1927, there is only a violation if counsel's conduct has been unreasonable or vexatious, in the sense of being harassing or annoying and thus amounts to more than just negligence, inadvertence or incompetence. *Cruz* at 632.

In the instant action, it is certainly appropriate for this Court to award Tsui sanctions in the form of costs and fees against Plaintiff's counsel because counsel has multiplied the proceedings against her vexatiously and unreasonably that has resulted in needless delay, and has further constituted an abuse of judicial process against her. *Equal Employment Opportunity Commission v. Sears, Roebuck & Co.,* 114 F.R.D. 615 (N.D.Ill. 1987); *Boksa v. Keystone Chevrolet Co.,* 553 F.Supp.958 (N.D.Ill. 1982).

### a.    *Multiplication of proceedings*

As of the date of the filing of this motion, GEMIC's counsel is pursuing payment on the Judgment against Hu and Chen in four (4) separate proceedings as follows:

    i.     Middlesex County Superior Court, Civil No. 1994-1901;

    ii.    Middlesex County Superior Court, Civil No. 2003-0451;

    iii.   United States District Court, District of Massachusetts, Civil No. 04-11456-RWZ; and

    iv.   Suffolk County Superior Court, Civil No. 2005-3315 (filed August 4, 2005)

Tsui has retained counsel and been involved in two of these actions, and will most likely now be forced to retain counsel in the recently filed Suffolk Action. As to the Middlesex Action, Tsui has had funds subject to attachment for over two (2) years even though she has never been a named party to that action.

Counsel for GEMIC only initiated the Federal Action after being stymied by the Court in the Middlesex Action in its request for certain discovery from Tsui. Upon filing the Federal Action, counsel for GEMIC immediately proceeded to

notice Tsui's deposition in the Federal Action, seeking the same discovery as was sought in the Middlesex Action.

At a status conference on April 21, 2005, in this Court, the parties agreed for a deposition of Tsui to be conducted on May 15, 2005. At the time of the status conference hearing, the scope of discovery as to Tsui was specifically raised and addressed by the Court. Specifically, the Court indicated that discovery was to be limited to the issue of whether or not the Defendant, Hu, had any ownership interest in the property located at 36 Russell's Way, Westford, Massachusetts, and the proceeds therefrom, and otherwise, discovery was to be governed by the terms and provisions of the pleadings. Since the pleadings sought relief based only upon a pre-existing judgment, there was nothing to discover from Tsui other than issues pertaining to the 36 Russell's Way, Westford, Massachusetts property, and its proceeds.

Pursuant to the terms and provisions of the Rules of Discovery, Tsui appeared at a deposition and produced a significant volume of documents on May 15, 2005. Tsui answered all questions within the scope of discovery as defined by the Court on April 21, 2005, and as recognized in the August 9, 2005 order of this Court denying GEMIC's motion to cancel or adjourn the trial scheduled for August 15, 2005.

Incredibly, in response to the August 9th order, on the eve of trial in the Federal Court Action, counsel for GEMIC voluntarily dismissed the Federal Action after conducting the deposition he had sought, and more importantly, after representing to this Court that he would abide by the decision to be rendered in the Federal Action as to the escrowed funds belonging to Tsui. This representation

by GEMIC's counsel was encompassed within the following exchange that took place with the Court at the commencement of the hearing on March 29, 2005:

| | |
|---|---|
| THE COURT: | I remember all that, but why are there still two lawsuits?  Why are you proceeding in the state court as well as here now? |
| MR. GANNETT: | Because - - |
| THE COURT: | Because it does create a certain amount of difficulty in that my state colleague keeps disagreeing with me or - - |
| MR. GANNETT: | Judge Chernoff has, essentially, deferred to your Honor.  I have his ruling here.  And he's not going to take any action on this matter subject to your Honor's ruling disposition.  This was given to both of us on or about March 9th, 2005.  Judge Paul Chernoff up in Lowell, your Honor – Mr. Fineman (sic) and I were present that day and we argued the motion, and he, essentially, took no action, and I believe, my interpretation, he's yielding to this Court. |

(Exhibit "1", pp.4:15-5:4.)

Clearly, counsel for GEMIC misrepresented his intentions to this Court when he sought to convince the Court on March 29, 2005 that his intention was to bring this matter relating to the Tsui funds to a conclusion in the Federal Action.

The commencement of the Suffolk Action, after this Court's denial of his motion to cancel or adjourn the trial, the third such action involving the disposition of the Tsui funds held in escrow the past two years, is condemning evidence of the lengths to which counsel for GEMIC will go to delay what he must believe will be an unfavorable ruling as to these funds.  Counsel is clearly guilty of serial filings and the prosecution of multiple proceedings in violation of 28 U.S.C. §1927.

### b.    Unreasonable and vexatious conduct

In addition to the foregoing examples of the outrageous conduct of GEMIC's counsel, the vexatious conduct of Tsui's counsel can be further summarized and proven by the following exchange with this Court during the hearing on March 29, 2005 as follows:

MR. FEINMAN:    So, in other words, we'll have a single adjudication?

THE COURT:    We'll have a single adjudication.

MR. FEINMAN:    And it will be here?

THE COURT:    It will be here unless Mr. Gannett decides to go back to the state court, in which case it won't be here.

MR. FEINMAN:    I think –

THE COURT:    He gets one adjudication, period.

MR. FEINMAN:    Okay.  That seals it, your Honor, because I almost felt like you took from the left and gave to the right.

THE COURT:    No.  It's one, either here or there, your choice.

MR. GANNETT:    Here, your Honor.  And I believe Judge Chernoff concurs.

Once again, for the second time at the same hearing, it is clear that counsel for GEMIC misrepresented to this Court what his course of action would be relating to the disposition of this matter.  Counsel emphatically answered the Court when given a choice as to where he wanted the adjudication, that it was "[H]ere your Honor", meaning the federal court.  Counsel's last gasp attempt to prevent this adjudication, by dismissing this action and filing the Suffolk Action, while alleging no new facts, is clearly to avoid what he must believe will be an

unfavorable ruling, and an effort to extract an unwarranted settlement, is certainly proof of vexatious and unreasonable conduct justifying his sanction.[3]

c.    *Increase in the cost of the proceedings*

The actions by counsel for GEMIC have unnecessarily increased the cost of the proceedings to Tsui. Counsel for Tsui, at every stage of each proceeding has done nothing but seek a speedy resolution of the only matter pertaining to Tsui in both the Middlesex Action and the Federal Action, that is, the disposition of funds held in escrow as a result of the sale of the Property held by Tsui in 2003.

It is shocking that GEMIC dismissed the Federal Action when the Court considers that GEMIC has complained unceasingly that it has been trying for years to collect upon the Judgment. Since the involvement of Michael B. Feinman as counsel for Tsui, GEMIC has had its discovery as he stipulated and agreed to before this Court, and has had its day in Court scheduled (the August 15, 2005 trial date). In response, counsel for GEMIC chose to forum shop for the third time, in the hope that by commencing a third suit in another state court action that he could find some relief knowing that Tsui would suffer financially in the

---

[3] Counsel's actions in filing the Suffolk Action are especially egregious when the Court considers that counsel represented to it, when given the choice of forums, that the federal court was his choice over the state court. This could only mean to everyone involved that GEMIC's counsel intended to follow the instructions of Judge Chernoff in the Middlesex Action and bring this matter to an "up or down" decision in the federal court. In fact, counsel stated it was "his interpretation" that Judge Chernoff was "yielding to this court". Not only did counsel then pull the plug on the Federal Action on the eve of trial, but he went even further and thumbed his nose at Judge Chernoff and filed a brand new action in Suffolk County prior to his dismissal of the Federal Action. In effect, counsel will be asking a new court, for the third time, to conduct discovery as to Tsui, when he already agreed in the Federal Action to limit such discovery, and will also be asking the Suffolk Superior Court to order the turnover of funds that are being held pursuant to the Middlesex Action, where such court has been at all times, ready, willing, and able, to make such an adjudication, but for staying the action in favor of the federal proceedings. Such conduct is unmistakably outrageous.

form of increased legal fees as a result, thereby receiving funds from Tsui to which GEMIC is not entitled.[4]

Based on the foregoing, this outrageous conduct should be sanctioned by this Court as violative of 28 U.S.C. §1927.

**2.    *Plaintiff's counsel has violated the provisions of Rule 11 of the Rules of Civil Procedure.***

The relevant provisions of Rule 11 of the Federal Rules of Civil Procedure provide as follows:

*
*
*

(b) **Representations to Court**.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

---

[4]  Counsel for GEMIC has already indicated that he intends to conduct depositions in California and subject Tsui to additional discovery that he knows, based on his self-proclaimed years of experience in "thousands of cases" will potentially increase Tsui's legal fees by tens of thousands of dollars.

\*
\*
\*

Parties to an action and certain other participants have standing to move for sanctions under Rule 11. Non-parties who are brought in or are attempted to be brought into litigation involuntarily by one process or another have standing to move for Rule 11 sanctions. *Hochen v. Bobst Group, Inc.,* 198 F.R.D. at 14.

In the case of *Greenberg v. Sala,* 822 F.2d 882 (9 Cir., 1987), as cited in *Hochen*, the Ninth Circuit held that persons named in a Complaint but never served had standing to seek Rule 11 sanctions for the filing of a frivolous complaint against them. The Ninth Circuit Court stated that: "The filing of the complaint, nonetheless, caused the defendants to incur costs and attorney fees. They also claim to have suffered additional damage. Moreover, the filing of the complaint necessarily triggered the expenditure of court resources. Frivolous complaints filed in violation of Rule 11 "sap the time of judges, forcing parties with substantial disputes to wait in a longer queue....". *Hochen,* 198 F.R.D.at 14-15, quoting *Szabo Food Service Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir.1987). Based on the foregoing, Tsui, a non-party, has standing to seek sanctions against GEMIC's counsel.

A court must use an objective standard of "reasonableness under the circumstances" in determining whether there has been compliance with Rule 11. *Cruz v. Savage,* 896 F.2d at 631(citations omitted). To impose Rule 11 sanctions it is not necessary to find that an attorney acted in bad faith. *Id.* ("A violation of Rule 11, as revised, might be caused by inexperience, incompetence, willfulness, or deliberate choice.").

The entire presentation by GEMIC's counsel to this court in the instant action, commencing with the filing of the complaint in June, 2004 through and including the dismissal of the action on the eve of trial, combined with the disingenuous manner that GEMIC's counsel advocated for his client in stating that a final disposition would be had in the federal forum, in totality, constitute Rule 11 violations. Whether the Court justifies sanctions based upon bad faith, incompetence, or deliberate choice does not matter, as all such reasons can reasonably justify sanctions under the facts presented.

The filing of the complaint ultimately turned out to be frivolous, as argued all along by counsel for Tsui. This entire frivolous proceeding instituted by GEMIC's counsel triggered the expenditure of court resources, and sapped the time of her Honor and the entire court system, all because of the whims of GEMIC's counsel.

In further support of Rule 11 sanctions, counsel for GEMIC violated Rule 11 by filing his motion to adjourn or cancel trial when he represented that one of his reasons for doing so was because "Tsui has not produced all of the documents properly sought in a subpoena duces tecum served upon her during August 2004 at her supposed Hong Kong address." This was not the basis for the dismissal, but rather the reason was for further delay and another attempt to obtain discovery denied in the Middlesex Action, and in the Federal Action, as demonstrated by Exhibit "3".

At a hearing in the Federal Action on April 21, 2005, counsel for GEMIC was told by the Court that discovery as to Tsui would be limited to her deposition specifically on the issue of whether or not Hu funded Tsui's purchase of the

Westford property.  Counsel agreed to this as summarized in the August 9, 2005
Memorandum of Decision and Order on GEMIC's motion to cancel or adjourn the
trial:

> Plaintiff has not named defendant Hu's second wife, Ching Yee M. Tsui, in
> the instant suit but obtained an attachment to certain real estate (the
> "Westford property") that Ms. Tsui tried to sell, on the contention that
> defendant Hu funded the real estate purchase.  *At plaintiff's request, the Court
> ordered Ms. Tsui's deposition specifically on this issue.  At the deposition, plaintiff
> attempted to expand the scope of interrogation by amending its complaint but failed to
> seek prior permission from the Court for such amendment.*  The interrogation was
> appropriately limited to inquiry regarding the Westford property (emphasis
> added).

By improperly seeking to expand the scope of discovery in violation of a
court order, and by filing the motion to cancel or adjourn based on Tsui's alleged
failure to comply with a subpoena, after already agreeing in a prior proceeding to
limit discovery and trial solely to the issue of Hu's alleged funding of the Westford
property, GEMIC's counsel violated Rule 11, and he should be sanctioned
accordingly.

(Remainder of this page intentionally left blank)

## *Conclusion*

Based on the foregoing, this Honorable Court should issue sanctions and award costs incurred by the non-party Tsui from the commencement of this action through this motion for sanctions against counsel for the Plaintiff pursuant to the provisions of 28 U.S.C. §1927, and Rule 11 of the Federal Rules of Civil Procedure.

### *ORAL ARGUMENT REQUESTED*

Respectfully submitted,

Ching Yee M. Tsui
By her attorney,

Dated:  August 17, 2005

/s/ Michael B. Feinman
Michael B. Feinman
BBO#545935
Feinman Law Offices
23 Main Street
Andover, MA  01810
Tel:  978-475-0080
Fax: 978-475-0852
Email:mbf@feinmanlaw.com

04x3791\motionforissuanceofsanctions.doc