EXHIBIT "2"

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                   SUPERIOR COURT
                                                 CIVIL NO. 03-451-L2

GENERAL ELECTRIC MORTGAGE   :         24
INSURANCE CORPORATION       :
                            :
VS.                         :
                            :
CHENG-YIH HU and            :
SYSTEM COMMUNICATIONS, INC.:

## RULING

This case is assigned to the L-2 Session of the Lowell Superior Court. Since that session is temporarily inactive and will surface in Cambridge on April 3, 2005, the judge of the L-1 Session is hearing emergency matters from L-2. This Motion, seeking dissolution of an attachment of money, might be construed as a near emergency.

An *ex parte* attachment of realty was allowed by Billings, J. in March 2003. In July 2003, McEvoy, J. allowed the property to be sold where the proceeds would be attached and held in escrow by the attorneys. Ching Yee M. Tsui is a non-party to this action. Her former husband, Cheng-Yih Hu is the judgment debtor. It is the plaintiff's position that the realty which was sold was actually the property of the defendant Hu and that it merely stood in the name of Tsui, the non-party. This is disputed by Hu who seeks discharge of the attachment and a turnover of the money to her. The plaintiff seeks a court order that the money be turned over to the

plaintiff.

There is an action pending in the Massachusetts Federal District Court between the plaintiff and Hu's current spouse.[1] The motion to discharge the attachment was before this judge on March 9, 2005. At that time counsel indicated that the federal district court was hearing a similar motion on March 29, 2005 in that a party and perhaps the nonparty were seeking possession of the same money, that is, the sum currently held in escrow. This judge realizes that the federal court may well render moot what is pending in the L-2 Session of the Superior Court.

On the record before this judge, neither the non-party Tsui nor the plaintiff should be given possession of the funds without the development of facts which demonstrate an entitlement. If the matter were to be resolved before this judge in the Superior Court, then an evidentiary hearing would be scheduled. Counsel are ORDERED to notify the L-2 Sessions clerk of the resolution of the motion that is pending in the federal court. The L-2 Sessions judge will then decide whether or not to schedule an evidentiary hearing.

Accordingly, this judge take <u>no action</u> on the Motion to discharge the attachment or the request to order disbursement of the money to the plaintiff or the non-party.

_____
Judge Paul A. Chernoff

March 9, 2005

---

[1] <u>General Electric Mortgage Insurance Corporation</u> v. <u>Chi Chen a/k/a Chi Chen Hu, aka Tracy Chen</u>, Federal District Court Civil Action Number 04-11456.

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET#: **MICV2003-00451-L2**

RE: General Electric Mortgage Insurance Corporation v Hu

TO: Michael B. Feinman
Feinman Law Offices
23 Main Street
Andover, MA 01810

### CLERK'S NOTICE

### SEE ATTACHED COPIES.

Dated at Lowell, Massachusetts this 10th day of March, 2005.

Edward J. Sullivan,
Clerk of the Courts

BY: Brian Burke
Assistant Clerk

Telephone: 978-453-0201 EXT 231

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**