```
 1              THE COURT:  I'm not telling you what to do.  I just
 2    -- you know, you present me with these papers and as I look at
 3    them, I see problems.  You want me to issue an order for
 4    trustee process with respect to property that is not standing
 5    in the name of the only defendant in this Court.  So, what
 6    jurisdiction do I have to do that?
 7              MR. GANNETT:  Well, we're also adjudicating Miss
 8    Tsui's interest in this as well, and it's our position --
 9              THE COURT:  Well, she's not a defendant either.
10              MR. GANNETT:  That's true.
11              THE COURT:  So, how are we adjudicating her
12    interest?
13              MR. GANNETT:  Well, I read this transcript, Judge,
14    and I said that -- you said, "Will you agree to dismiss the
15    Superior Court?"  I said, "Yes, absolutely."
16              THE COURT:  Yes, but you have got to have the right
17    parties here.
18              MR. GANNETT:  Then I'll amend -- is there an
19    agreement?  I can amend the complaint to name husband -- the
20    husband, Ching-Yee Tsui.
21              THE COURT:  I don't know why you need an
22    agreement.  You file a motion, present it to the other side,
23    and then add the party.  But at the moment, I understood that
24    Miss Tsui was in here for the purpose of having a deposition
25    taken, since she has no interest other than possibly as a
```

```
 1    successor, but maybe not even that.  I mean, I don't know.  I
 2    don't know what her interest is, but I would -- you know,
 3    having now ordered this deposition and having worked out the
 4    terms on which the deposition is to be taken, I will now leave
 5    it to you, Mr. Gannett, to fix up the pleadings in such a way
 6    that you can get the relief that you are seeking, because right
 7    now, the pleadings do not permit me to do much of anything that
 8    you want me to do, since the parties against whom you want
 9    relief are not here.
10              MR. GANNETT:  Okay.  Then I'll amend them.
11              THE COURT:  But, I mean, I'm not telling you what
12    to do.  I'm just telling you, I can't do what you want me to
13    do.
14              So, now, after the -- I suggest that if you're
15    going to do any of that, you do it before this deposition takes
16    place, so that when we next get together, at least the
17    pleadings are in proper shape.
18              MR. GANNETT:  Okay.
19              THE COURT:  But whether you can do it within that
20    period of time, I don't know.  In the meantime, if you want to
21    proceed with the state court with all of this, I don't have any
22    objection to it.  You decide what you want to do.
23              MR. FEINMAN:  Your Honor, I just have one last
24    point, and I raise this point because if and when we come back
25    to this Court, I don't want to come back with the issues that
```

1   you raised where -- that you don't want to have to address;

2   namely, that there are problems at the deposition. I don't

3   want to have to deal with that either, and I think that based

4   upon the arguments that I've heard thus far, my understanding

5   is that the purpose of the deposition is solely to address and

6   deal with the matters relating to the Chelmsford property, the

7   proceeds of which are in escrow. Mr. Gannett is now raising

8   issues of mutual funds, and so forth, and so on, and I just

9   want to know what the scope of this deposition is. That's what

10  I'm looking for. My understanding --

11         THE COURT: Well, according to the complaint that

12  exists now, I think it is the interest in the Chelmsford

13  property, I think.

14         MR. FEINMAN: Then I'm satisfied with that, your

15  Honor, so long as we are still limiting this to the Chelmsford

16  property.

17         THE COURT: I mean, the pleadings have to govern

18  the case because that's all we have. So, whatever the

19  pleadings suggest is what the deposition can do.

20         MR. FEINMAN: I'd be satisfied with that, your

21  Honor, that direction.

22         MR. GANNETT: Well, I think that there's much more

23  than these people have together than the Chelmsford property

24  and I anticipate instructions not to answer. For instance, you

25  have Systems Communication, which is the source of this -- the

1   source of the funds for that house.  She claims she's a
2   co-owner of that, of that entity.  That's Michael Tsui's stand-
3   alone business, has been since the '80s.  So, I can see that
4   we're going to have instructions not to answer or this is not
5   part of the case.  That's where I see this going and there is
6   -- we have sent Miss Tsui the subpoena.  We sent it to
7   Mr. Levin and Mr. Levine with 31 documents for the riders.
8   Now, this has been part of the case since September 22nd, when
9   she was supposed to be at the Mass. Bar Association and she
10  didn't show up, with no notice to me.  I just sat there for an
11  hour or more doing nothing.
12          THE COURT:  Okay.  The complaint recites that on
13  October 5th, 2000, the Massachusetts Superior Court entered the
14  judgment in the amount of $202,000, plus some, against Tracy
15  Chen, who is, I guess --
16          MR. FEINMAN:  Wife one.
17          THE COURT:  -- wife one, arising from various
18  obligations from Tracy Chen's ownership.  So, it's not the
19  husband.  It's wife number one who is the judgment debtor,
20  according to the complaint.
21          MR. GANNETT:  Well, the judgment debtor is also
22  wife -- is also the husband.
23          THE COURT:  It doesn't say that.
24          MR. GANNETT:  Then I'll amend it, Judge, but that's
25  -- but that is clearly what's going on in this case and it's --

1          THE COURT:  It may be clear to you, but it surely

2     isn't clear to me.

3          MR. GANNETT:  Well, I'll draft a very explicit

4     detailed factual basis.

5          THE COURT:  You don't have to make it detailed.

6     You just have to make it accurate.  I mean, this complaint is

7     against Tracy Chen alone for an interest in property that she

8     had and the judgment that arose out of that interest.  That's

9     what this case is about.  It doesn't mention the husband at

10    all.

11         MR. GANNETT:  I'll amend it.

12         THE COURT:  The deposition shall cover only such

13    matters as are covered in the pleadings and the pleadings will

14    have to be served by that time in order for them to understand

15    what it is that they're subject to.  I mean, this is a mess,

16    sorry to say.

17         So, do we understand each other about the

18    deposition?  And the deposition is to be limited to the issues

19    that are raised by the pleadings, properly raised in the

20    pleadings.

21         MR. FEINMAN:  And right now that stands just as the

22    Chelmsford property, is that --

23         THE COURT:  That's what it says.

24         MR. FEINMAN:  Thank you, your Honor.

25         THE COURT:  All right.

1          MR. FEINMAN:  Thank you very much for your

2     assistance.

3          THE COURT:  Now, we need to set another date after

4     that.

5          MR. FEINMAN:  Yes.

6          THE COURT:  How about the end of May?

7          THE CLERK:  The 31st, that's a Tuesday.

8          MR. GANNETT:  That sounds fine, your Honor.

9          MR. FEINMAN:  That's open for me, Judge.

10          THE CLERK:  Okay.  The 31st, at 2:00.

11          MR. FEINMAN:  31st at 2 p.m.?

12          THE COURT:  At 2:00.

13          THE CLERK:  At 2:00, yes.

14          THE COURT:  And on that occasion I wish counsel to

15     be prepared to tell me where we go from here.  I mean, I assume

16     that if this case is to be the only case and the Superior

17     Court, in fact, gets dismissed, the next issue that will need

18     to be decided is whether or not Tracy Chen has an interest or

19     really who has a proper interest in the real estate in

20     Chelmsford.

21          MR. GANNETT:  Okay.

22          THE COURT:  And then the judgment will have to be

23     entered about that.

24          MR. FEINMAN:  Your Honor, just for housekeeping,

25     may I assume that the order to show cause is released?

1          THE COURT:  No.  I'm holding it.

2          MR. FEINMAN:  Okay.  I just wanted to clarify.

3          THE COURT:  Right.  No.  No.  It's still out

4   there.  She's not free and clear yet.

5          MR. FEINMAN:  I didn't expect so.

6          THE COURT:  All right.  See you in a month or so.

7          MR. FEINMAN:  Thank you very much.

8          MR. GANNETT:  Thank you, your Honor.

9          (Adjourned, 2:32 p.m.)

10

11

12

13                    CERTIFICATE

14       I, Catherine A. Handel, Official Court Reporter of

15   the United States District Court, do hereby certify that

16   the foregoing transcript, from Page 1 to Page 25,

17   constitutes to the best of my skill and ability a true

18   and accurate transcription of my stenotype notes taken

19   in the matter of Civil No. 04-11456-RWZ, General

20   Electric Mortgage Insurance Corporation vs. Chi Chen.

21

22

23   8-19-05
     Date                        Catherine A. Handel, RPR-CM

24

25



UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

**RECEIVED**

GENERAL ELECTRIC MORTGAGE )
INSURANCE CORPORATION, )         APR 0 7 2005
              Plaintiff, )
          Judgment Creditor, )    **GANNETT & ASSOCIATES**
                        )
vs. )  Civil Action No.
                        ) 04-11456-RWZ
CHI CHEN, A/K/A CHI CHEN HU, )
A/K/A TRACY CHEN, )
          Defendant, )
         Judgment Debor. )
                        )

**RULE 65 HEARING**

BEFORE THE HONORABLE RYA W. ZOBEL
UNITED STATES DISTRICT COURT JUDGE

United States District Court
John J. Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210
March 29, 2005
2:41 p.m.

\* \* \* \* \*

CATHERINE A. HANDEL, CM
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5205
Boston, MA 02210
(617) 261-0555

1    that she appear in Boston for deposition to answer about her
2    contentions that -- she's had four lawyers --

3              THE COURT: If she doesn't answer them, then she
4    gets defaulted. If she doesn't follow the Court order, she
5    gets defaulted, I think.

6              What about that, Mr. Fineman? Why could I not do
7    that? She may not be a defendant, but she is before the Court
8    as an interested party and she has been ordered to do things by
9    the Court that she has utterly failed to do.

10             MR. FEINMAN: If I may, your Honor, I think it
11   comes down to that which I alluded to in my opposition, which
12   is there's an issue -- and, you know, your Honor, I've only
13   been new to this case, relatively new.

14             THE COURT: It doesn't matter.

15             MR. FEINMAN: I understand. I think there's a
16   significant problem of both procedure and substantive due
17   process because my client is not a party and there is no
18   allegation against my client that we can defend. What is --

19             THE COURT: Yes, there is. The allegation is that
20   the property that stood in her name is not properly hers, that
21   she is, in effect, the owner of property belonging to her
22   husband.

23             MR. FEINMAN: But, your Honor, is that by resulting
24   trust, by constructive trust, by fraudulent transfer, by
25   agency? There is absolutely -- I have no idea what to defend,

```
 1   and this is what I've been trying to say both in this Court --
 2              THE COURT:  Well, tell me what you want Mr. Gannett
 3   to do.  You know, he has a right --
 4              MR. FEINMAN:  I understand that.
 5              THE COURT:  Whether she is a party or a witness, he
 6   has a right to examine her and she has absolutely thwarted
 7   every attempt that he has made to do that.
 8              MR. FEINMAN:  My last discussion with
 9   Mr. Gannett -- and I understood the issue about his service of
10   the subpoena in this Court.  I had asked Mr. Gannett if he
11   would provide to me evidence of the return of service.
12              THE COURT:  Oh, come on.
13              MR. FEINMAN:  No.  No.  In light of this Court's
14   denial of the motion to quash, if I saw the return of service,
15   which I have not been provided, I could advise Miss Tsui she
16   has no other choice but to appear.  I haven't had the
17   opportunity to give her that advice because I've been waiting
18   for a copy of the return of service.  Now --
19              THE COURT:  Are you suggesting when he told you
20   that he had served her in accordance with the rule, that he had
21   not?
22              MR. FEINMAN:  No.  No.  No.  Your Honor, I'm not
23   alluding anything.  The tone that I bring to this case is
24   totally different than what Mr. Levine brought to this case,
25   your Honor.  I don't suggest that at all, and I would not have
```

1   understand the pleadings, it is that she is named as an

2   interested party. Mr. Gannett is trying to find out precisely

3   what her interest is and whether she or the judgment creditor

4   owns the property that he's looking for, and he has

5   appropriately tried to depose her, and she has inappropriately

6   avoided being deposed.

7                So, now, because she is named, because she was

8   served, I'm ordering her to show cause why she -- you know,

9   what evidence she has that she is the proper owner of this

10  property. If she is the proper owner, he has no right to get

11  it away from her. If she is not, then maybe he does. He still

12  has to show it's Mr. Hunt's property, or whose -- or whatever

13  his name is.

14                MR. FEINMAN:  I suppose that --

15                THE COURT:  But at the moment, she's in default of

16  an order of the Court, and that is what I'm hanging my hat

17  on -- I hope that I'm hanging my hat on for the next order that

18  I'm proposing, unless you tell me that there is something

19  seriously wrong with this, but I don't think so.

20                MR. FEINMAN:  But, again, your Honor --

21                THE COURT:  She's getting lots of process, due and

22  otherwise.

23                MR. FEINMAN:  Well, she is getting lots of process,

24  but the problem, again -- and I don't want to beat a dead horse

25  on this -- is that now the Court's ruling creates a second

1  challenge and that is, if I understand correctly, that the
2  burden has now shifted to my client.

3  THE COURT:  Well, yes, because she won't come
4  forward to answer questions that she has an obligation to
5  answer if properly served.

6  MR. FEINMAN:  If there could be some type of a
7  framework or limitation or something set up where I understand
8  the nature of the allegations -- your Honor, we could go
9  through this process and in the absence of a complaint, in the
10 absence of claims or allegations specifically, if Mr. Gannett
11 loses, he still continues in the Superior Court, because --
12 where is res judicata?  Where is this --

13 THE COURT:  Judge Chernoff is deferring to this
14 Court at the moment.  That's very clear.

15 MR. FEINMAN:  Well, actually, when we were before
16 Judge Chernoff, when we were arguing this case before Judge
17 Chernoff, I provided him with a copy of my opposition that you
18 have filed with this Court.

19 THE COURT:  Are you going to say she's going to
20 appear in the Superior Court --

21 MR. FEINMAN:  No.  No.  No.  Here what --

22 THE COURT:  -- but she won't appear in this Court?
23 Are you saying she's going to appear in this Court?

24 MR. FEINMAN:  I'm saying, in response to this
25 Court's order, I don't know that she has any choice.

1  first instance, it is important that she answer what she has
2  been asked and provide the details as to how she got this
3  property.  The plaintiff is entitled to know that, and once he
4  knows that, the plaintiff might very well decide to give up on
5  the case or he might decide to pursue it.  If he decides to
6  pursue it, I totally agree with Judge Chernoff, there has to be
7  an evidentiary hearing, and if the parties think there should
8  be a jury trial on that, we can have a jury trial.

9              MR. FEINMAN:   Thank you, your Honor.

10             MR. GANNETT:   In terms of mechanics, your Honor --
11  I heard what the Court said.  In terms of that she has to show
12  cause here, are you suggesting there be a show cause hearing in
13  the nature of an evidentiary --

14             THE COURT:  I believe so, because if she doesn't
15  appear, then, although she is only an interested party, I'm
16  inclined to say that you're entitled to the money because she's
17  not following the Court's orders.  So, as a sanction for
18  refusing the Court's order, if nothing else, you're entitled to
19  get the money.

20             MR. GANNETT:   Okay.  Then what about prior to this
21  show cause hearing, am I entitled to take her examination and
22  have her produce the documents we've requested of her for two
23  years, more than two years?

24             THE COURT:  Why don't we say she has a choice; she
25  either comes to a deposition and explains it or she comes into

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                MIDDLESEX COUNTY SUPERIOR COURT
                             CIVIL ACTION NO. 03-451-L2


----------------------------------)
                                   )
GENERAL ELECTRIC MORTGAGE          )
INSURANCE CORPORATION,             )
            Plaintiff,             )
                                   )
vs.                                )
                                   )
CHENG-YIH HU,                      )
Individually,                      )
            Defendant,             )
                                   )
and                                )
                                   )
SYSTEM COMMUNICATIONS, INC.,       )
            Reach and Apply        )
            Defendant.             )
----------------------------------)


        CERTIFICATE OF NONAPPEARANCE OF CHING YEE M. TSUI,

taken on behalf of the Plaintiff, pursuant to the

applicable provisions of the Massachusetts Rules of

Civil Procedure, before Marcia Danilecki, Certified

Shorthand Reporter and Notary Public in and for the

Commonwealth of Massachusetts, taken on Tuesday,

September 23, 2003, commencing at 12:38 p.m.


                    DANILECKI REPORTING
                    234 Governors Road
                    Quincy, MA 02169
                    (617) 745-9786

2

1    A P P E A R A N C E   P A G E

2

3    ON BEHALF OF THE PLAINTIFF:

     RICHARD W. GANNETT, ESQ.

4    Gannett & Associates

5    11 Beacon Street

6    Boston, Massachusetts 02108

7    (617) 367-0606

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

3

1                              I N D E X

2

STATEMENT BY MR. GANNETT ...................... PAGE 4

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

4

1              P R O C E E D I N G S

2                     MR. GANNETT:  This is a deposition

3    under Mass. Rules of Civil Procedure 30 and 45 of a

4    woman by the name of Ching Yee M. Tsui, C-H-I-N-G,

5    another word Y-E-E, middle initial M. like mother, last

6    name is Tsui, T-S-U-I.

7                     Today is September 23rd, 2003, and this had

8    been noticed for noontime at the Mass. Bar Association.

9    No one is here from the deponent, and the deposition

10   subpoena was served upon Ms. Tsui through her attorney

11   Eric N. Levine -- Eric L. Levine, excuse me, at

12   8 Winter Street, Boston, Massachusetts.

13                    I did get certain correspondence from

14   Mr. Levine's successor counsel, Kenneth Levine,

15   indicating that they would not appear based on certain

16   statements they made.  For that reason, I'm suspending

17   the deposition until such time that we can make

18   appropriate orders in the Superior Court, Middlesex

19   County, in Lowell.

20                    That's it.

21                         (Statement concluded at 12:39 p.m.)

22

23

24

5

1        **COMMONWEALTH OF MASSACHUSETTS**

2             **COUNTY OF NORFOLK**

3

4             I, Marcia Danilecki, a Certified Shorthand

5    Reporter and Notary Public in and for the Commonwealth

6    of Massachusetts, do hereby certify that the foregoing

7    statement was taken down stenographically by me via

8    telephone at 12:38 p.m. on the 23rd day of September,

9    2003.

10            I further certify that I am neither counsel

11   for nor related to any party to said action, nor in any

12   way interested in the outcome thereof.

13            Subscribed and sworn to on this, the 23rd day

14   of September, 2003.



15

16

17

18

19

20

21   Marcia Danilecki, Notary Public in and
         for the Commonwealth of Massachusetts
22       My Commission Expires: May 22, 2009

23

24

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11456-RWZ

```
_____
                                 )
GENERAL ELECTRIC MORTGAGE        )
INSURANCE CORPORATION,           )
            Plaintiff,           )
                                 )
vs.                              )
                                 )
CHI CHEN,                        )
A/K/A CHI CHEN HU,               )
A/K/A TRACY CHEN,                )
            Defendant            )
            Judgment Debtor.     )
_____)
```

CERTIFICATE OF NONAPPEARANCE OF CHING YEE M. TSUI,

taken on behalf of the Plaintiff, pursuant to the

Federal Rules of Civil Procedure, before Marcia

Danilecki, Certified Shorthand Reporter and Notary

Public in and for the Commonwealth of Massachusetts,

taken on Wednesday, September 22, 2004, commencing at

10:54 a.m.

DANILECKI REPORTING
234 Governors Road
Quincy, MA 02169
(617) 745-9786

2

1    A P P E A R A N C E   P A G E

2

          ON BEHALF OF THE PLAINTIFF:
3
          RICHARD W. GANNETT, ESQ.
4
          Gannett & Associates
5
          165 Friend Street, Suite 200
6
          Boston, Massachusetts 02114
7
          (617) 367-0606
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

3

1                        **I N D E X**

2
    STATEMENT BY MR. GANNETT ........................ PAGE 4
3

4

5                      **E X H I B I T S**

6    NO.                       DESCRIPTION                    PAGE

7    1              Subpoena and Rider A ................ 6

8    2              Notice of Taking Deposition .......... 7

9    3              Affidavit of Richard W. Gannett ...... 7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

4

1                  **P R O C E E D I N G S**

2                         MR. GANNETT:   This is the deposition

3    of Ching Yee M. Tsui, C-H-I-N-G  Y-E-E  M.  T-S-U-I.

4    This is a civil action entitled General Electric

5    Mortgage Insurance Corporation vs. Chi Chen, a/k/a Chi

6    Chen Hu, a/k/a Tracy Chen, and the docket number is

7    2004-11456-RWZ pending in the U.S. District Court for

8    the District of Massachusetts.

9                         Today is September 22nd, 2004, and this

10   deposition is being conducted at the Massachusetts Bar

11   Association, 20 West Street, Boston, Massachusetts 02111

12   in the United States of America.

13                        This deposition was noticed on August 20th,

14   2004 and a copy of the subpoena and a three-page Rider A

15   enumerating 31 separate documents to be produced at this

16   deposition was sent on August 20th, 2004 to Ching Yee M.

17   Tsui, and her address is 1303A Yuet Fung House.  That's

18   Y-U-E-T  F-U-N-G.  Yifung Court, Polei Street,

19   Y-I-F-U-N-G  C-O-U-R-T,  P-O-L-E-I, Kwaichung, New

20   Territories, Hong Kong.  Kwaichung is spelled

21   K-W-A-I-C-H-U-N-G.

22                        This was sent by International U.S. Mail and

23   it was based upon an order in this Civil Action

24   2004-11456 of August 17th, 2004 by Judge Rya W. Zobel

5

1  who is presiding in this case.

2          Judge Zobel allowed a motion dated

3  August 6th, 2004 to serve the witness, Ching Yee M.

4  Tsui, in Hong Kong and for her to appear in Boston,

5  Massachusetts.

6          It is now approximately 10:55 a.m. and we are

7  at the Massachusetts Bar Association, the location that

8  is reflected on the subpoena.  Ms. Tsui is not present.

9  Her counsel is not present, and that is Michael R.

10 Levin, L-E-V-I-N.  There's another lawyer involved in

11 this case, Kenneth M. Levine, who has been corresponding

12 with me, but the principal attorney in this matter is

13 Michael R. Levin, L-E-V-I-N.

14         Neither Mr. Levin or Mr. Levine have called

15 me this morning to communicate their nonpresence or the

16 fact that they're busy or they've been delayed in

17 traffic or the like or some medical issue has arisen.  I

18 have received no communication whatsoever.

19         And there is a motion to quash this

20 deposition filed by Ching Yee M. Tsui which the

21 plaintiff in this case, General Electric Mortgage

22 Insurance Corporation, has opposed in writing, and there

23 has been no ruling on that.  It is my understanding that

24 if there were to be a ruling it would have been

DANILECKI REPORTING (617) 745-9786

6

1   adjudicated already in time for this deposition.

2          The last order of this court is that this

3   deposition may take place, and we have complied with all

4   of the applicable rules and procedures to hold this

5   deposition in Boston, Massachusetts.  We have filed all

6   the affidavits and papers with the U.S. District Court

7   in Docket Number 2004-11456-RWZ.  RWZ is the Judge's

8   initials.

9          On August 20th, 2004, I filed an affidavit

10  with the U.S. District Court stating that I had,

11  in fact, served the Subpoena with the Rider A on

12  Ching Yee M. Tsui at her address that I had recited

13  prior this morning, and based upon her nonappearance,

14  we're going to suspend at this time and we're going to

15  take the appropriate remedies with the appropriate

16  court.

17                 MR. GANNETT:  Let's get all these

18  marked.  Exhibit 1 is the Subpoena and Rider A which is

19  three pages.

20                 (Exhibit No. 1 marked for

21                 identification.)

22                 MR. GANNETT:  Exhibit Number 2

23  is the Notice of Taking Deposition of Ching Yee M.

24  Tsui.

7

1                    (Exhibit No. 2 marked for

2                    identification.)

3                    MR. GANNETT:   Exhibit Number 3 is

4    the Affidavit of Richard Gannett regarding service of

5    the subpoena upon Ching Yee M. Tsui in Hong Kong

6    pursuant to Judge Zobel's order of August 17th, 2004.

7                    (Exhibit No. 3 marked for

8                    identification.)

9                    (Statement concluded at 11:01 a.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

8

1    **COMMONWEALTH OF MASSACHUSETTS**

2    **COUNTY OF NORFOLK**

3

4           I, Marcia Danilecki, a Certified Shorthand

5    Reporter and Notary Public in and for the Commonwealth

6    of Massachusetts, do hereby certify that I was present

7    at the Massachusetts Bar Association, 20 West Street,

8    Boston, Massachusetts, on Wednesday, September 22, 2004

9    at 10 a.m and did remain there until 11:01 a.m of said

10   date.

11          I further certify that said Ching Yee M. Tsui

12   did not appear at said time and place.

13          Subscribed and sworn to on this, the 24th day

14   of September, 2004.

15

16

17   

18

19

20

21   Marcia Danilecki, Notary Public in and
     for the Commonwealth of Massachusetts
22   My Commission Expires: May 22, 2009

23

24

# CASSETTE COPY ORDER FORM

ORDER NUMBER
**197169**

Trial Court of Massachusetts
District Court Department

## PART I — TO BE COMPLETED BY PERSON PLACING ORDER

NAME, ADDRESS AND ZIP CODE OF PERSON PLACING ORDER

RICHARD W. GANNETT

165 FRIEND ST. SUITE 200

BOSTON, MA

02114-2025

NAME OF CASE

LEVINE vs. FEINMAN and SCHWGYEEM. BUI

DOCKET NUMBER OF CASE
2004-257

NUMBER OF COPIES WANTED BY THIS PERSON  ☒ 1  ☐ 2  ☐ OTHER

DATE(S) OF RECORDING(S) WANTED
3/07/05 ; 3/29/05 ; 3/31/05 ; 5/03/05 &
6/09/05

MOST SERIOUS CHARGE, IF CRIMINAL; OTHERWISE, SUBJECT OF PROCEEDING

Copies are for: ☒ 2-Track Cassette Machine (1-7/8 IPS)

☐ 4-Track Cassette Machine (15/16 IPS)

*Proceedings are recorded on 4 separate tracks. The enhanced track separation available on 4-track copies will facilitate more accurate transcription. However, 4-track copies require a special 4-track cassette machine, and cannot be played on an ordinary (2-track) cassette player. By Trial Court policy, copies made for transcription on appeal will automatically be made in 4-track.*

NATURE OF PROCEEDING

☐ CRIMINAL BENCH TRIAL
☐ CRIMINAL JURY TRIAL
☐ PROBABLE CAUSE HEARING

☐ CRIMINAL SHOW CAUSE HEARING
☐ CMVI HEARING
☐ ABUSE PREVENTION ORDER

☐ DELINQUENCY
☐ CIVIL TRIAL
☒ OTHER (specify): CIVIL MOTION

Is this proceeding presently pending on appeal? ☐ YES  ☒ NO

If yes, in order that multiple cassette copies may be made simultaneously whenever possible,

☐ I certify that I have notified all other parties of this request. (The green copy of this form may be used for this purpose.)

*If proceeding was not open to the public or its record has been sealed or impounded:* I certify that I have entered an appearance in this matter as:

☐ counsel for_____, a party,

☐ a party appearing pro se,

and that this cassette copy will be used solely for an appeal, or to determine whether to appeal, in the same matter.

(Copies of closed proceedings are available to other persons or for other purposes only upon motion.)

I AGREE TO OBSERVE THE RESTRICTIONS ON THE USE OF SUCH CASSETTE COPIES FOUND IN DISTRICT COURT SPECIAL RULE 211 (see over).

X _____
SIGNATURE OF PERSON PLACING ORDER

August 29, 2005
DATE ORDER PLACED

## PART II — TO BE COMPLETED BY CLERK-MAGISTRATE'S OFFICE

| TAPE NO. | BEGINNING INDEX NO. | ENDING INDEX NO. | JUDGE PRESIDING | DATE RECORDED | SPECIAL INSTRUCTIONS OR COMMENTS |
|---|---|---|---|---|---|
| .................. | .................. | .................. | .................. | .................. | |
| .................. | .................. | .................. | .................. | .................. | |
| .................. | .................. | .................. | .................. | .................. | |
| .................. | .................. | .................. | .................. | .................. | |
| .................. | .................. | .................. | .................. | .................. | |

Request will be returned if tape and index numbers are not supplied

BROOKLINE DISTRICT COURT   AUG 30 05

COURT EMPLOYEE RECEIVING ORDER

COMMENTS

COST WAIVED FOR:
☐ JUDGE  ☐ D.A.  ☐ POLICE PROSECUTOR
☐ ATTY. PROVIDED BY CPCS  ☐ G.L. c. 261, §§ 27A-G
☐ OTHER (specify): _____
☐ *If more than one copy requested:* Person placing order has been informed that only one copy is provided cost-waived, and has agreed to pay for the additional copies desired.

DATE ORDER RECEIVED
30 AUG 05

DATE ORDER SENT TO AODC

## PART III — TO BE COMPLETED BY THE ADMINISTRATIVE OFFICE OF THE DISTRICT COURT

AODC RECEIPT STAMP

COMMENTS:

DATE RETURNED TO COURT | BY | COST $ ____, plus postage

AO-2 (5/95)

SEE INSTRUCTIONS ON BACK OF THIS FORM