**COMMONWEALTH OF MASSACHUSETTS**

**SUFFOLK, ss.**

**SUFFOLK COUNTY SUPERIOR COURT**
**CIVIL ACTION NO. 05-3315-D**

**GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION,**

**Plaintiff,**

**v.**

**CHING YEE M. TSUI,**

**Defendant.**

**GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT CHING YEE M. TSUI PURSUANT TO MASS. R. CIV. P. 34**

Plaintiff General Electric Mortgage Insurance Corporation ("GEMIC") by its undersigned attorneys, pursuant to Mass. R. Civ. P. 34 requests that the defendant, Ching Yee M. Tsui ("Tsui") produce the following documents for inspection and copying at Gannett & Associates, 165 Friend Street, Suite 200, Boston, Massachusetts 02114-2025 within thirty (30) days after receipt of this Request.

INSTRUCTIONS

1. Defendant must state, with respect to each item or category, that Defendant will produce the tangible things requested and that the requested inspection and copying will be permitted. If inspection and copying will not be permitted, the request must be objected to and the reasons for the objection must be stated as set out in Instruction 4 below. If an objection is asserted to any portion of an item or category, the part that is objected to must be specified with

the statement of the express objection and the remainder of the specific request for production of documents must be acknowledged.

2. Defendant is required to produce and to permit the requested inspection and copying of each requested tangible thing that is in Defendant's possession, custody, or control or that is in the possession, custody, or control of Defendant's principals, agents, employees, attorneys, predecessors in interest, representative, insurers, financiers or any persons or entities acting or purporting to act on Defendant's behalf, and any other persons in active concert and participation with Defendant, whether past or present and without regard to whether their relationship with Defendant currently exists or has been terminated.

3. Defendant is required to produce, pursuant to this request, the requested tangible thing currently known to the Defendant and every requested tangible thing that can be located or discovered by reasonable diligent efforts.

4. Defendant is required, if Defendant objects to the production of any requested tangible thing or to any requested inspection and copying on the ground of privilege, work product, or on any other ground, to state for each such tangible thing:

(i) its customary name or description and its identifying number, if any;

(ii) the date the tangible thing was made or produced and if Defendant did not draft/make the tangible thing, the date that Defendant acquired it;

(iii) the name and address of each party, person or entity who made or produced the tangible thing;

(iv) the name and address of each person or entity who has possession, custody, or control of the tangible thing or any copy thereof, and

(v) the precise nature of the objection made, with a statement of the express objection and a complete description of all facts, if any, upon which the objection is based.

5. Defendant is required, if Defendant is unable to obtain any tangible thing requested to be produced pursuant to this request, because the tangible thing is in the possession, custody or control of any other person or entity including but without limitation, any officer, director, principal, agent, employee, attorney, representative, financier, insurer, any persons acting or purporting to act on Defendant's behalf, and any other persons or entities in active concert and participation with Defendant whether past or present and without regard to whether their relationship with Defendant currently exists or has been terminated, to state for each such tangible thing:

(i) its customary name or description and its identifying number, if any;

(ii) the date the tangible thing was made or produced and if Defendant did not draft/make the tangible thing, the date that Defendant acquired it;

(iii) the name and address of each party, person or entity who made or produced the tangible thing;

(iv) the name and address of each person or entity who has possession, custody, or control of the tangible thing or any copy thereof;

(v) a description of the efforts taken to obtain the tangible thing, and

(vi) the reasons, if any, given by the person or entity in possession, custody, or control of the tangible thing for not providing it to Plaintiff.

6. Defendant is requested, pursuant to Mass. R. Civ. P. 26(e)(3), to supplement

seasonably, all of her responses to this request to include information and tangible things acquired subsequently to the date of service of the response to this request for production of documents.

## DEFINITIONS

The following definitions will apply:

1. "Document" shall mean any written, graphic or other matter whether produced, reproduced or stored on paper, cards, or other like substance and shall include, without limitation, matter in the form of books, reports, statements, notebooks, photographs, applications, agreements, working papers, graphs, manuals, contracts, checks, bank statements, bills, memoranda, notes, records, correspondence, bookkeeping entries, and any published materials and shall include, without limitation, originals, copies (with or without notes or changes thereon) and drafts.

2. "Tsui" shall mean Ching Yee M. Tsui.

## REQUESTS

1. Any and all documents constituting, referring, or relating to the citizenship or resident alien status of Ching Yee M. Tsui.

2. Any and all documents constituting, referring, or relating to any passport issued to Ching Yee M. Tsui by the United States of America or any other political entity or nation and use of the passport(s) during the years 2003, 2004 and 2005.

3. Any and all documents constituting, referring, or relating to Ching Yee M. Tsui and real property located at 3707 Poinciana Drive, Apt. 47, Santa Clara, California 95051, including but not limited to any rent, lease, sublease, Purchase and Sale Agreement, Deed, and/or funds for use and occupancy from January 1, 2000 to the present.

4. Any and all documents constituting, referring, or relating to any marriage license entered into by Ching Yee M. Tsui and any other individual, including but not limited to Michael Hu a/k/a Cheng-Yih Hu.

5. Any and all documents constituting, referring, or relating to any divorce between Ching Yee M. Tsui and any other individual, including but not limited to Michael Hu a/k/a Cheng-Yih Hu.

6. Any and all documents constituting, referring, or relating to Ching Yee M. Tsui and real property located in Hong Kong, China, including but not limited to any lease, sublease, Purchase and Sale Agreement, and/or Deed from January 1, 2000 to the present.

7. Any and all documents constituting, referring, or relating to System Communications, Inc., including but not limited to the following:

   a. its location;
   b. its years of operation;
   c. any and all leases entered into for real property;
   d. any and all leases entered into for personal property, including but not limited to computer equipment, automobiles, and office furniture;
   e. major customers serviced by System Communications, Inc.;
   f. inventory;
   g. sales records;
   h. accounts receivable from Jan. 1, 2000 to the present;
   i. accounts payable from Jan. 1, 2000 to the present;
   j.. minutes of officers and directors meetings from Jan. 1, 2000 to the present;
   k. employment contracts between System Communications, Inc. and any other person who resides or resided in Massachusetts, U.S.A. from Jan. 1, 2000 to the present;
   l. tax returns for each year of its existence;
   m. bank accounts.

8. Any and all documents constituting, referring, or relating to the source of the start up funds for System Communications, Inc.

9. Any and all documents constituting, referring, or relating to Ching Yee M. Tsui's current employment status.

10. Any and all documents constituting, referring, or relating to the disposition of any vehicle utilized by Ching Yee M. Tsui in Massachusetts, U.S.A., including but not limited to one Toyota Camry and one Toyota Avalon identified in the affidavit of Ching Yee M. Tsui in her affidavit dated July 21, 2003 and filed as part of an action pending in the Middlesex County (Massachusetts) Superior Court, entitled General Electric Mortgage Insurance Co. v. Cheng Yih Hu, Civil Action No. MICV2003-00451.

11. Any and all documents constituting, referring, or relating to the disposition of the furnishings of 36 Russell's Way, Westford, Massachusetts.

12. Any and all documents constituting, referring, or relating to the sources of funding for the down payment for 36 Russell's Way, Westford, Massachusetts.

13. Any and all documents constituting, referring, or relating to the sources of funding for the regular mortgage payments for 36 Russell's Way, Westford, Massachusetts.

14. Any and all documents constituting, referring, or relating to the use of the resources derived from the refinancing of 36 Russell's Way, Westford, Massachusetts.

15. Any and all documents constituting, referring, or relating to any and all allegations raised by Ching Yee M. Tsui in her affidavit dated July 21, 2003 and filed as part of an action pending in the Middlesex County (Massachusetts) Superior Court, entitled General Electric Mortgage Insurance Co. v. Cheng Yih Hu, Civil Action No. MICV2003-00451.

16. Any and all documents constituting, referring, or relating to any judgment or other debt paid by Ching Yee M. Tsui to any third party (including Ivan Hu) for the benefit of Michael Hu, a/k/a Cheng Yih Hu.

17. Any and all documents constituting, referring, or relating to any businesses located in Colorado with which Ching Yee M. Tsui is affiliated.

18. Any and all documents constituting, referring, or relating to any communications with Michael Hu a/k/a Cheng-Yih Hu from January 1, 2003 to the present.

19. Any and all documents constituting, referring, or relating to Ching Yee M. Tsui's current employment.

20. Any and all documents constituting, referring, or relating to all financial obligations, including but not limited to her current living expenses currently being paid by Ching Yee M. Tsui.

21. Any and all documents constituting, referring, or relating to Ching Yee M. Tsui's travel expenses, including documentation evidencing her travel to this deposition in Massachusetts).

22. Any and all documents constituting, referring, or relating to any credit card payments or obligations for Ching Yee M. Tsui.

23. Any and all documents constituting, referring, or relating to any other occupants of the house located at 36 Russell's Way, Westford, Massachusetts from January 1, 2000 until August 1, 2003.

24. A photograph accurately depicting Ching Yee M. Tsui as she physically appears today.

25. Any and all documents constituting, referring, or relating to Ivan Hu, including support, college, and living expenses.

26. Any and all drivers' licenses issued to Ching Yee M. Tsui by any state, national, regional, or provincial authority, including but not limited to the United States of America, the People's Republic of China, Hong Kong, and the Republic of China (Taiwan).

27. Ching Yee M. Tsui's most recent resume or curriculum vitae.

28. Any and all documents constituting, referring, or relating to any passport ever issued to Ching Yee M. Tsui under any name.

29. Any and all documents constituting, referring, or relating to any insurance documents, including but not limited to her life, home, property, and/or business(es).

30. Any and all documents constituting, referring, or relating to moneys owed to Ching Yee M. Tsui by anyone or any entity.

31. Any and all documents that you contend were disclosed in compliance with an order of the Middlesex County Superior Court to disclose your residential address.

32. Any and all documents which support any allegation concerning your claim to the property known as 36 Russell's Way, Westford, Massachusetts or proceeds from said property.

33. Any and all documents which support any allegation concerning your claim to the property commonly known as 4756 Calendula Court, San Jose, California 95136 or proceeds from said property.

34. Any and all documents which you support or buttress your claim and/or contention that you were able to pay $3,837.26 per month as a mortgage payment to an institutional lender (or any agent for said institutional lender ) for the property commonly known as 4756 Calendula Court, San Jose, California 95136.

35. Any and all documents which you or someone acting with you were utilized, supplied or delivered to an institutional lender (or agent) to qualify for a mortgage for the property regarding 4756 Calendula Court, San Jose, California 95136.

36. Any and all documents which you contend defeat or negate Cheng Yih Hu's demand for 50% of the marital estate as noted in divorce papers on file with the Santa Clara Superior Court San Jose, California.

37. A true and correct copy of your 2002, 2003 and 2004 federal tax return, with all schedules and attachments.

38. Any and all documents supporting or illustrating Cheng Yee Hu's claim that you transferred some $90,000.00 of marital money to your sister as noted in divorce papers on file with the Santa Clara County Superior San Jose, California.

General Electric Mortgage Insurance Corporation,
Plaintiff,
By its attorney,

Richard W. Gannett, Esquire
BBO #184430
Gannett & Associates
165 Friend Street, Suite 200
Boston, MA 02114-2025
(617) 367-0606

Dated: August 23, 2005